FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| **UNILOC 2017 LLC and UNILOC USA, INC.,** | **Civil Action No. 2:18-cv-00491-JRG** |
| **Plaintiffs,** | **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |
| **v.** | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | |
| **Defendant.** | |

## DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## <u>TABLE OF CONTENTS</u>

Page

BACKGROUND ............................................................................................................. 1

    I.    THE VAST MAJORITY OF GOOGLE'S WITNESSES AND
        EVIDENCE ARE LOCATED IN THE NORTHERN DISTRICT ...................... 1

    II.   UNILOC HAS BEEN AND CONTINUES TO BE RUN FROM
        CALIFORNIA ........................................................................................................ 2

    III.  A SUBSTANTIAL AMOUNT OF THIRD PARTY WITNESSES
        RESIDE IN OR NEAR THE NORTHERN DISTRICT ....................................... 4

LEGAL STANDARD...................................................................................................... 7

ARGUMENT .................................................................................................................. 8

    I.    THIS ACTION COULD HAVE BEEN FILED IN THE NORTHERN
        DISTRICT............................................................................................................. 8

    II.   THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER ........ 8

        A.    The Cost Of Attendance For Willing Witnesses Is Substantially
              Less In The Northern District ................................................................... 8

        B.    The Availability Of Compulsory Process To Secure The
              Attendance Of Witnesses Heavily Favors Transfer................................ 11

        C.    Easier Access To Sources Of Proof Heavily Favors The Northern
              District................................................................................................... 12

        D.    There Are No Practical Problems With Transferring This Case ............. 13

    III.  THE PUBLIC INTEREST FACTORS FAVOR TRANSFER........................... 14

        A.    The Northern District Has A Strong Interest In This Case ..................... 14

        B.    The Administrative Difficulties From Court Congestion Favors
              Transfer ................................................................................................. 15

        C.    The Remaining Public Interest Factors Are Neutral............................... 16

    IV.  CONCLUSION.................................................................................................... 16

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
  937 F. Supp. 2d 867 (E.D. Tex. 2013) ..................................................................11

*Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*,
  968 F. Supp. 2d 852 (E.D. Tex. 2013) ..................................................................14

*In re Biosearch Techs., Inc.*,
  452 F. App'x 986 (Fed. Cir. 2011) ......................................................................12

*Chrimar Sys., Inc. v. Juniper Networks, Inc.*,
  No. 6:15-cv-618 (E.D. Tex. Jan. 11, 2016) ..........................................................15

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009) ..........................................................7, 8, 11, 15

*GeoTag, Inc. v. Aromatique, Inc.*,
  No. 2:10-cv-570, 2013 WL 8349856 (E.D. Tex. Jan. 14, 2013) ............................13

*In re Google, Inc.*,
  No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ...................................14

*Hoffman-La Roche*, 587 F.3d at 1336 ........................................................................15

*LT Tech, LLC v. FrontRange Solutions USA Inc.*,
  No. 3:13-cv-1901-M, 2013 WL 6181983 (N.D. Tex. Nov. 26, 2013) .....................14

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) ........................................................................7, 8, 15

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
  No. 6:09-cv-390, 2010 WL 3855520 (E.D. Tex. Sept. 30, 2010)............................12

*Oyster Optics, LLC v. Coriant Am. Inc.*,
  Nos. 2:16-cv-1302, 2:17-cv-511, 2017 WL 4225202 (E.D. Tex. Sept. 22,
  2017) ..................................................................................................................14

*Realtime Data LLC v. Teradata Operations, Inc.*,
  Nos. 6:15-CV-463, 6:15-CV-470-RWS-JDL,
  2016 WL 235183 (E.D. Tex. Jan. 20, 2016).........................................................9

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014)........................................................................7, 8, 9

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) .................................................................... 8, 9, 15, 16

*Uniloc 2017 LLC v. Box, Inc.*,
  No. 3:18-cv-3432 (N.D. Cal. filed June 8, 2018) ................................................ 4, 10

*Uniloc 2017 LLC v. Box, Inc.*,
  No. 3:18-cv-7038 (N.D. Cal. filed on Nov. 20, 2018) ............................................. 10

*Uniloc 2017 LLC v. Logitech Inc.*,
  No. 5:18-cv-1304 (N.D. Cal. filed Feb. 28, 2018) .................................................. 10

*Uniloc 2017 LLC v. Microsoft Corp.*,
  No. 8:19-cv-477, Dkt. 1 (C.D. Cal. filed Mar. 12, 2019) ........................................ 4

*Uniloc 2017 LLC v. Netflix, Inc.*,
  No. 8:18-cv-2150 (C.D. Cal. filed Dec. 14, 2018) ................................................. 4

*Uniloc USA, Inc. v. Apple Inc.*,
  No. 2:17-cv-258-JRG ............................................................................................ 2

*Uniloc USA Inc. v. Box, Inc.*,
  No. 1:17-CV-754-LY ............................................................................................ 11

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ............................................................................................. 13

*In re Verizon Bus. Network Servs. Inc.*,
  635 F.3d 559 (Fed. Cir. 2011) ........................................................................... 9, 13

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ............................................................................. 9, 11

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) .............................................................................. 8, 10

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
  No. 2:10-cv-364-JRG, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012) ..................... 15

*In re Zimmer Holdings, Inc.*,
  609 F.3d 1378 (Fed. Cir. June 24, 2010) ............................................................. 10

## Statutes

28 U.S.C. § 1404 ................................................................................................. 1, 2, 3, 4

America Invents Act ................................................................................................. 14

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**Other Authorities**

Fed. R. Civ. P.
    45(c)(1)(A)..............................................................................................................................11
    45(c)(1)(B)(ii)........................................................................................................................11

Local Rule
    CV-5(a)(7)...............................................................................................................................18
    CV-7(h)....................................................................................................................................18

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Defendant Google LLC respectfully moves to transfer this action to the Northern District of California ("Northern District") pursuant to 28 U.S.C. § 1404.  This action should be transferred to the Northern District, because it is clearly more convenient than the Eastern District of Texas (the "Eastern District") for the Parties, for the witnesses, and evidence likely to be presented here.

Uniloc 2017 and Uniloc USA (collectively, "Uniloc") also have strong ties to California. Uniloc maintains a principal place of business in Newport Beach, California and is headquartered in Irvine, California.  Current and former executives of Uniloc 2017, Uniloc USA, and Uniloc Luxembourg either spend time or reside in California.  Fortress, a funder of Uniloc and its related entities, is a Northern California resident that employs a current member of Uniloc 2017, who also lives in California.  On the other hand, there are no meaningful connections between this action and the Eastern District.  Uniloc has few, if any, Texas-based employees.  In addition, Uniloc's only connections to the Eastern District are Uniloc 2017's litigation-focused Tyler, Texas office and Uniloc USA's Plano, Texas office that may store few, if any, relevant physical documents that are also either available online or stored in its file server in Irvine, California. The patent-at-issue has not previously and is not now asserted against other defendants in the Eastern District.  This action should be transferred to the Northern District.

## BACKGROUND

I.      **THE VAST MAJORITY OF GOOGLE'S WITNESSES AND EVIDENCE ARE LOCATED IN THE NORTHERN DISTRICT**

Google is headquartered in Mountain View, California, in the Northern District.[1]  (Orr

---

[1]   Google's Mountain View headquarters, which include offices in Sunnyvale, California (Orr Decl. ¶ 5), is within the Northern District and is referred to herein as "Mountain View."

Decl.[2] ¶ 5.)   Uniloc accuses Google's products and services, including Google Hangouts and Google Meet ("Accused Products").



(*Id.* ¶ 8.)   In contrast, Google has no offices in the Eastern District.   (Lim Decl.[3] ¶¶ 3, 5.)

## II.   UNILOC HAS BEEN AND CONTINUES TO BE RUN FROM CALIFORNIA

Uniloc also has strong ties to California, and relevant Uniloc witnesses and documents are likely to be located in California.   Uniloc identifies in its Complaint that Uniloc 2017 has two offices, one of which is in Newport Beach, California.   (Complaint ¶ 1.)   Between 2014 and 2017 alone, Uniloc Luxembourg S.A., Inc. and Uniloc USA, Inc. held around 100 "top-level strategy meetings" as well as monthly meetings at its Newport Beach office.   (Ex.[4] A [*Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-cv-258-JRG ("-258 Case"), Dkt. 104] at 17; Ex. B [Burdick -571 Dep.] at 47:18-25, 54:2-19.)   Uniloc and its related entities electronically store their settlement agreements

---

[2]   Citations to "Orr Decl." refer to the Declaration of Patrick Orr in Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

[3]   Citations to "Lim Decl." refer to the Declaration of Sallie Lim filed as Dkt. 17-3 in this matter.

[4]   The exhibits cited herein are authentic documents as stated in the Declaration of Deepa Acharya In Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

in a Uniloc file server located in Irvine, California.  (Ex. A [-258 Case, Dkt. 104] at 10; Ex. B [Burdick -571 Dep.] at 128:5-8.)

Even the former CFO of Uniloc Luxembourg, Drake Turner, admitted that the "California location was a convenient place for Uniloc people to meet."  (Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 85:19-22.)  Craig Etchegoyen, the former CEO of Uniloc Luxembourg and current member of Uniloc 2017, maintains a residence in Newport Beach and Mr. Turner testified that Mr. Etchegoyen "spends more time in California than in Texas."  (Ex. A [-258 Case, Dkt. 104] at 4-5, 16-17 & n.5; Ex. B [Burdick -571 Dep.] at 160:3-20; Ex. D [-258 Case, Dkt. 61-2] at 2; Ex. E [Uniloc 2017 Corporate Disclosure]; Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 119:13-121:6; Ex. F [Etchegoyen LinkedIn].)  Mike Ford, a Uniloc USA software engineer supporting Uniloc 2017's Centurion platform,[5] currently lives and works in Roseville, California.  (Ex. C [Jan. 15, 2019 Turner Dep.] at 87:16-19, 91:5–21, 164:1-4.)  These witnesses may have relevant documents and employee notebooks likely located in California.

Despite not being registered to do business in Texas (Vallery Decl.[6] ¶ 2; Ex. G [Texas SoS of Uniloc 2017]), Uniloc 2017 alleges in its Complaint that its second office is in Tyler, Texas.  (Complaint ¶ 1.)  Sean Burdick, the former president and general counsel at Uniloc USA, previously testified that Uniloc 2017's Tyler office has no employees, is used only by outside counsel for Uniloc litigations, and only stores historical Uniloc documents.  (Ex. B [Burdick -571 Dep.] at 56:11-57:12.)  The building directory at the address of Uniloc 2017's Tyler office states

---

[5] The Centurion platform was internally developed by Uniloc Luxembourg to identify patents to acquire and assert and is now owned by Uniloc 2017.  (Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 95:2-96:21.)  It is likely relevant to the alleged value of the asserted patents here.

[6] Citations to "Vallery Decl." refer to the Declaration of Jo Vallery in Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

"Uniloc USA, Inc." with the name of Uniloc's outside litigation counsel, Jim Etheridge, listed underneath.  (Tekell Decl.[7] ¶ 2.)  Notably, in suits filed in other districts, Uniloc 2017 has often not identified its Tyler office as a place of business.[8]

Uniloc USA identifies its Plano, Texas office as its place of business.  Recently, however, the Western District of Texas found that Uniloc USA's principal place of business was in Newport Beach, California, with its headquarters in Irvine, California.  (Ex. AF [*Uniloc USA, Inc. v. Apple, Inc.*, No. 1:18-cv-158, Dkt. 59] at 2.)  This Court previously determined that Uniloc USA's Plano office had no full-time employees and that relevant physical documents were accessible online or stored in a file server in California.  (Ex. A [-258 Case, Dkt. 104] at 10, 15-18, 19.)

## III.   A SUBSTANTIAL AMOUNT OF THIRD PARTY WITNESSES RESIDE IN OR NEAR THE NORTHERN DISTRICT

A substantial amount of relevant and known third parties are located in or near the Northern District.  Former Uniloc executives currently reside or spend some time in California.  Former president and general counsel of Uniloc USA Mr. Burdick spends approximately a third of his time in California and another third of his time in Boise, Idaho.[9]  (Ex. A [-258 Case, Dkt. 104 at 5, 17 n.6; Ex. D [-258 Case, Dkt. 61-2 at 2]; Ex. H [Burdick LinkedIn].)  Chad Meisinger, a former board member of Uniloc USA, currently resides in Orange County, California.  (Ex. A [-258 Case,

---

[7] Citations to "Tekell Decl." refer to the Declaration of Amanda Tekell in Support of Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404.

[8]   *See, e.g.*, *Uniloc 2017 LLC v. Box, Inc.*, No. 3:18-cv-3432, Dkts. 1, 18, 28 (N.D. Cal. filed June 8, 2018); *see also, e.g.*, *Uniloc 2017 LLC v. Microsoft Corp.*, No. 8:19-cv-780, Dkt. 1 (C.D. Cal. filed Apr. 29, 2019); *Uniloc 2017 LLC v. Microsoft Corp.*, No. 8:19-cv-477, Dkt. 1 (C.D. Cal. filed Mar. 12, 2019); *Uniloc 2017 LLC v. Netflix, Inc.*, No. 8:18-cv-2150, Dkts. 1, 23 (C.D. Cal. filed Dec. 14, 2018).

[9]   The Court determined that Mr. Burdick spent the remaining third of his time in Plano, Texas at Uniloc USA's Plano office.  (Ex. A [-258 Case, Dkt. 104] at 16.)  But Mr. Burdick is no longer employed by Uniloc USA.  (Ex. H [Burdick LinkedIn].)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dkt. 104] at 5, 17 n.4; Ex. B [Burdick -571 Dep.] at 59:6-11; Ex. I [Meisinger LinkedIn].)  Mr. Turner currently resides and works out of his home in Hermosa Beach, California.  (Ex. A [-258 Case, Dkt. 104] at 5 n.2, 17 n.4; Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 5:2-15; Ex. J [Turner LinkedIn].)

The sole inventor and the asserted patent's prosecuting attorneys are from New York, making the Northern District at least as convenient as the Eastern District.  Furthermore, through its prior art search, Google has identified a number of relevant witnesses residing both within the Northern District of California and elsewhere outside of this district, including in Japan and Ottawa, Canada.  Additional potential prior art references, which were references cited on the face of the Asserted Patent, include three U.S. Patents –U.S. Patent Nos. 5,675,374; 5,953,050; and 6,346,963, all of which have inventors located in Japan and assignee companies, Fujitsu and NEC Corp., which also are located in Japan.  Promising prior art uncovered by Google during a prior art search, includes U.S. Patent No. 7,299,405, which is entitled, "Method and system for information management to facilitate the exchange of ideas during a collaborative effort" is prior art that has been assigned to Ricoh Company, Ltd. of Japan, but whose four inventors, Dar-Shyang Lee, Jonathon Hull, Jamey Graham, and Pamela Gage all reside in the Northern District of California.  The '405 patent, like the Asserted Patent-in-Suit, teaches the display of participants on a video conferencing screen that may be arranged in appearance according to various factors including alphabetic order and/ company rank.  Other prior art whose current assignees and/or inventors reside outside of both this District and the Northern District of California include "Human Factors of Mbone Videoconferences: Recommendations for Improving Sessions and Software" by Andrew S. Patrick (Mr. Patrick is a professor at Carleton University in Ottawa, Canada); U.S. Patent No. 6,128,649, entitled, "Dynamic Selection of Media Streams for Display,"

whose inventors Keith Smith and Russell Pretty both reside in Ottawa, Canada, and whose assignee, RPX Corporation is headquartered in San Francisco, California; and U.S. Patent No. 5,684,527, entitled "Adaptively Controlled Multipoint Videoconferencing System," whose inventors Yuichi Terui and Toshiaki Usui reside in Japan, and whose assignee, Cisco Technology Inc., is headquartered in San Jose, California.   On the other hand, Google has not identified any prior art that would have related witnesses or documents within the Eastern District of Texas.

The investment firm Fortress Investment Group ("Fortress"), a Northern California resident (Ex. K [Fortress locations]), likely has relevant witnesses and documents in this case.  For example, Fortress incorporated Uniloc 2017 and its parent company, CF Uniloc Holdings LLC ("CF Uniloc").  (Exs. L [DE Certificate of Formation of Uniloc 2017], M [DE inc. of CF Uniloc Holdings], N [CA SoS Application], O [CA SoI]).  Fortress also has funded Uniloc entities, including Uniloc USA, at least three times, and thus has information related to annual audits and third party licensing agreements with the Uniloc entities it has invested in.  (Exs. P [Revenue Sharing Agreement]; Q [Third Amended Revenue Sharing Agreement]; R [Levy Dep.] at 67:9-69:3, 77:9-79:18, 85:1-4; S [Jacobs Decl.] at ¶¶ 3-11, 22; T [Turner Dep.] at 25:18-28:19, 32:10-24.)  Fortress also likely has information related Uniloc 2017's granting of its rights to control enforcement, settlement, and assignment decisions to CF Uniloc, as it relates to standing and other issues.  (Ex. U [CF Agreement] at §§ 4.9(a), (b), 7.1(d); *see* Dkt. [21] at 5-11.)  James Palmer, a Managing Director of Intellectual Property Finance Group at Fortress, is a Northern California resident and likely has information related to Fortress's investments in Uniloc and its related entities based on his declarations and depositions in prior Uniloc cases in the Northern District.  (Ex. V [*Uniloc USA, Inc. v. Apple Inc.*, No. 3:18-cv-360, Dkt. 164-2] at 6-7; Ex. S [Jacobs Decl.] at ¶ 16; Ex. W [Palmer LinkedIn].)

6

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Mr. Erez Levy, another Managing Director of Intellectual Property Finance Group at Fortress, is a Northern California resident and likely has relevant information regarding the above-identified relationship and responsibilities between Uniloc and Fortress.  (Ex. Y [Levy LinkedIn]; Ex. S [Jacobs Decl.] at ¶ 12.)  For example, ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

In another action filed against Apple, Uniloc USA designated Mr. Levy as its corporate designee. (Ex. R [Levy Dep.] at 85:18-21.)  Mr. Levy also likely has relevant knowledge of Uniloc 2017's assignment of substantial rights, among other things, related to at least three transactions in May 2018 between Uniloc 2017 on one hand, and CF Uniloc and related Uniloc entities, including Uniloc USA, on the other hand.[10]  (Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 57:6-16, 61:4-23.) Mr. Levy may be called to testify in this case as to the formation and incorporation of Uniloc 2017, standing of Uniloc, and transactions between Fortress and Uniloc.

## LEGAL STANDARD

A case should be transferred to another district if it could have been brought in that district and would be "clearly more convenient" to resolve in that district.  *In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).  The proposed transferee forum is "clearly more convenient" where, as here, most potential witnesses and relevant evidence are concentrated in the transferee district.  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *see also In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  The determination is not whether the "transferee forum

---

[10] Another Fortress employee located in the Northern District who likely has relevant knowledge regarding the May 2018 transactions involving Uniloc 2017 is Michele Moreland.  (Ex. C [Jan. 15, 2019 Turner -158 Dep.] at 57:1-58:11, 61:2-25; Ex. Z [Moreland LinkedIn].)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

is *far* more convenient." *Toyota*, 747 F.3d at 1341 (emphasis in original).  Nor does plaintiff's

choice of venue carry any weight.  *Nintendo*, 589 F.3d at 1200.

Whether another district is sufficiently more convenient is determined by analyzing

"private" and "public" interest factors.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir.

2008).  The private interest factors are:  "(1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance

for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and

inexpensive."  *Id.*  The public interest factors are:  "(1) the administrative difficulties flowing from

court congestion; (2) the local interest in having localized interests decided at home; (3) the

familiarity of the forum with the law that will govern the case; and (4) the avoidance of

unnecessary problems of conflicts of law or in the application of foreign law."  *Id.* (quoting

*Volkswagen II*, 545 F.3d at 315).

## ARGUMENT

## I.      THIS ACTION COULD HAVE BEEN FILED IN THE NORTHERN DISTRICT

This action could have been brought in the Northern District because that is where Google

maintains its headquarters, where it conducts business, and where it employs thousands of

personnel.  (*Supra*, Background § I; *Volkswagen II*, 545 F.3d at 312.)  Accordingly, the transfer

analysis turns on weighing the private and public interest factors.

## II.     THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER

### A.      The Cost Of Attendance For Willing Witnesses Is Substantially Less In The Northern District

"The convenience of the witnesses is probably the single most important factor in transfer

analysis."  *Genentech*, 566 F.3d at 1343 (citation and quotation marks omitted).  Here, the Northern

District is more convenient for the potential party and non-party witnesses, and this important

8

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

factor thus weighs heavily in favor of transfer. *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 561 (Fed. Cir. 2011) (granting mandamus and ordering transfer where there was a "stark contrast in convenience and fairness with regard to the identified witnesses"). Under the Fifth Circuit's 100-mile rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 204-05 (5th Cir. 2004) (per curiam); *see TS Tech*, 551 F.3d at 1320; *Realtime Data LLC v. Teradata Operations, Inc.*, Nos. 6:15-CV-463, 6:15-CV-470-RWS-JDL, 2016 WL 235183, at *5 (E.D. Tex. Jan. 20, 2016) (finding that allowing witnesses to "remain in their home state . . . significantly minimize[s] the cost, time, and expense of travel to attend trial, which is the very purpose of § 1404(a)") (citation and quotation marks omitted).

There are several non-party witnesses likely to be called to testify in this case that reside and/or work in or near the Northern District. As discussed above, many relevant Fortress witnesses reside in Northern California, including Mr. Levy, who is a Managing Director in the Intellectual Property Finance Group at Uniloc's funder, Fortress. (*Supra*, Background § III.) He may need to testify as to the formation and incorporation of Uniloc 2017, standing, and other damages related issues. (*Id.*) In addition, as discussed above, a substantial number of third-party witnesses reside in or near the Northern District, such as prior art inventors as well as former Uniloc executives. (*Id.*) By contrast, Google is not aware of any non-party witness who resides or works in the Eastern District. *Toyota*, 747 F.3d at 1340; *see also* Ex. B [Burdick -571 Dep.] at 56:11-57:12.

The Northern District is also more convenient for party witnesses. ████████████████ ████████████████████████████████████████ (*Supra*, Background §§ I, II; Ex. A [-258 Case, Dkt. 104] at 15-19 (finding this factor weighing in favor

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

of transfer to the Northern District).) ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████    Each of these witnesses will face a real and unnecessary burden in connection with traveling to the Eastern District for a trial, including time spent away from family and work and community commitments, as well as the monetary expense and lost productivity costs incurred by Google and Uniloc. *Volkswagen II*, 545 F.3d at 317. Uniloc also has strong ties to the Northern District and has continued to avail itself of the courts in the Northern District, demonstrating its convenience to Uniloc. From 2018 to present, Uniloc 2017 filed at least three complaints in the Northern District alleging patent infringement.[11]

In contrast, Google has no offices in the Eastern District. (Lim Decl. ¶¶ 3, 5.) Google is also not aware of any Uniloc employees or witnesses in its Tyler, Texas or Plano, Texas offices. (Ex. B [Burdick Dep.] at 56:11-57:7; *supra*, Background § II.) Thus, it is unsurprising that, since 2018, the Eastern District transferred 11 cases filed by Uniloc USA to the Northern District despite Uniloc USA identifying in those 11 complaints both the Plano and Tyler offices as places of business.[12] *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. June 24, 2010) (finding this factor weighed in favor of transfer when the Eastern District "is convenient only for [the patentee's] litigation counsel," the patentee is not a Texas corporation, its corporate officers do not reside in Texas, and it has no employees in Texas). Even if Uniloc employs people in its Plano or Tyler offices, this is outweighed by the numerous witnesses located in the Northern District.

---

[11]  *See, e.g.*, *Uniloc 2017 LLC v. Logitech Inc.*, No. 5:18-cv-1304 (N.D. Cal. filed Feb. 28, 2018); *Uniloc 2017 LLC v. Box, Inc.*, No. 3:18-cv-3432 (N.D. Cal. filed on June 8, 2018); *Uniloc 2017 LLC v. Box, Inc.*, No. 3:18-cv-7038 (N.D. Cal. filed on Nov. 20, 2018).

[12]  Nos. 4:18-cv-2646 (N.D. Cal.); No. 3:18-cv-572 (N.D. Cal.); No. 3:18-cv-363 (N.D. Cal.); No. 4:18-cv-364 (N.D. Cal.); No. 4:18-cv-362 (N.D. Cal.); No. 4:18-cv-361 (N.D. Cal.); No. 3:18-cv-359 (N.D. Cal.); No. 3:18-cv-358 (N.D. Cal.); No. 5:18-cv-357 (N.D. Cal.); No. 3:18-cv-365 (N.D. Cal.); No. 3:18-cv-360 (N.D. Cal.).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Taking all of the relevant witnesses into consideration, this important factor weighs heavily in favor of transfer.  *Volkswagen I*, 371 F.3d at 205-06; *Genentech*, 566 F.3d at 1345.

B.   **The Availability Of Compulsory Process To Secure The Attendance Of Witnesses Heavily Favors Transfer**

A court may compel a non-party witness to attend depositions or trial within 100 miles from his or her residence.  Fed. R. Civ. P. 45(c)(1)(A).  "Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses" than the transferor district.  *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013).  "The fact that the transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly."  *Genentech*, 566 F.3d at 1345.

Here, as discussed above, there are non-party witnesses who are relevant to this case that are located in the Northern District or in California where the Northern District has subpoena power.  (*Supra*, Background § III, Argument § II.A: Fed. R. Civ. P. 45(c)(1)(B)(ii) (If a trial is more than 100 miles from a non-party witness's residence, but within the state, the court may compel attendance so long as the witness would not incur "substantial expense.").)  For example, in an order granting transfer to the Northern District, the Western District of Texas recently found that one of the three former Uniloc executives in California, Mr. Turner, would be subject to absolute subpoena power from the Northern District.  (Ex. AA [*Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY,] Dkt. 47] at 6.)  On the other hand, Google is not aware of any relevant third party witnesses who reside or work in the Eastern District.  Given the one-sided balance of witnesses within the respective subpoena powers of the Eastern District and the Northern District, both parties will be better equipped to present relevant evidence at trial if this case proceeds in the Northern District—this factor weighs heavily in favor of transfer.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

C.      **Easier Access To Sources Of Proof Heavily Favors The Northern District**

This factor "turn[s] upon which party . . . will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010).   A patentee's ties with the District should be discounted "where an invention has no connection with Texas." *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 988 (Fed. Cir. 2011).

Turning first to the Northern District, a majority of the evidence, including evidence from Uniloc, related Uniloc entities, Fortress, and other third parties, may come from or favor the Northern District.   (*Supra*, Background §§ I, II, III.)   As explained above, Messrs. Etchegoyen, Burdick, Meisinger, Turner, and Ford, all current or former employees of Uniloc and related Uniloc entities, reside or spend time in California, and are likely to have relevant documents. (*Supra*, Background §§ II, III.)   Indeed, this Court found that settlement agreements entered into by Uniloc and its related entities are electronically stored in a file server in California.   (Ex. A [-258 Case, Dkt. 104] at 10; Ex. B [Burdick -571 Dep.] at 128:5-8.)

Key documentary evidence regarding relevant prior art is also located in the Northern District, at least because all of the inventors on a Ricoh-owned prior art patent reside there.

Turning to the Eastern District, Google is unaware of any sources of evidence in the Eastern District that would outweigh the volume of potential evidence in the Northern District.   Although Uniloc claims to operate out of the Eastern District, identifying Plano and Tyler offices, again, this Court ruled that Mr. Burdick (who has since left Uniloc) was only a part-time employee in the Plano office and that the relevant physical documents housed there were either available online or stored in a file server in California.   (*Supra*, Background § III.)   Mr. Burdick further testified that the Tyler office has no employees and functions to support outside counsel in Uniloc litigations.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

(Ex. B [Burdick -571 Dep.] at 56:11-57:12.)  Indeed, Uniloc's outside trial lawyer is the only

individual listed in the building directory at Uniloc 2017's alleged Tyler office, which is actually

labeled in the directory as being the office of Uniloc USA, not Uniloc 2017.  (Tekell Decl. ¶ 2.)

This further demonstrates that Uniloc 2017's Tyler office is only used to support its outside counsel

and would not otherwise contain documents relevant to this case.  Mr. Burdick also testified that

the Tyler office "houses historical files of the company,"[13] which the Federal Circuit has stated

cannot "override a compelling showing of transfer," because it would be "inconsistent with the

policies underlying § 1404(a)."  *Verizon*, 635 F.3d at 561-62.  (Ex. B [Burdick -571 Dep.] at 56:11-

57:12.)  To the extent any relevant documents do exist in Uniloc 2017's Tyler office, electronic

versions of these documents are likely maintained at Uniloc's California office. (Ex. A [-258 Case,

Dkt. 104] at 10.)  In sum, there is minimal relevant documentary evidence—if any—in the Eastern

District that is not also likely located in California in electronic form.

    D.    **<u>There Are No Practical Problems With Transferring This Case</u>**

There are no practical problems with transferring this case, because this case, including

discovery, is in its infancy.  Uniloc's other separately filed cases against Google in this District

should not sway the transfer analysis.  *GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013

WL 8349856, at *5 (E.D. Tex. Jan. 14, 2013) (stating that this Court "will not permit the existence

of separately filed cases to sway its transfer analysis.  Otherwise, a plaintiff could manipulate

venue by serially filing cases within a single district").  Moreover, the transfer analysis proceeds

on an "individualized, case-by-case" basis.  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).  In

---

[13]   Uniloc and its related entities have filed a number of patent infringement actions in the
Eastern District.  In response to motions to transfer in those cases, Uniloc and its related entities
have filed declarations, but none of them identify any relevant witnesses or evidence in the
Tyler, Texas office.  (*See, e.g.*, Ex. AB [Burdick -354 Decl.]); Ex. AC [Burdick -258 Decl.].)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

the context of patent litigation, Congress reinforced this longstanding principle through "the recently enacted America Invents Act" ("AIA"), directing that "each patent case will be treated separately" for purposes of resolving venue questions. *LT Tech, LLC v. FrontRange Solutions USA Inc.*, No. 3:13-cv-1901-M, 2013 WL 6181983, at *5 (N.D. Tex. Nov. 26, 2013). This case is unrelated to the other cases that Uniloc has recently filed and are currently pending in the Eastern District,[14] and therefore, the relevant witnesses and documents will likely also be different.[15] *See, e.g.*, *Oyster Optics, LLC v. Coriant Am. Inc.*, Nos. 2:16-cv-1302, 2:17-cv-511, 2017 WL 4225202, at *7 (E.D. Tex. Sept. 22, 2017) (citing *In re Google, Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017)). Therefore, Uniloc's strategy of serially filing a number of complaints against Google should not weigh in favor of keeping this case in this District. No practical problems exist; thus, this factor also weighs in favor of transfer.

## III.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

### A.    The Northern District Has A Strong Interest In This Case

██████████████████████████████████████████████████████████

████████████████████████████████     (*Supra*, Background § I, Argument § II.A.)

*Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013). Because Uniloc's allegations call into question "the work and reputation" of engineers responsible

---

[14]    This case is related, however, to a current matter that Uniloc filed in the Central District of California, against Microsoft, in January 2019. *See Uniloc 2017 LLC v. Microsoft Corp*., 19-cv-196 (C.D. C.A.). The case pending in the Central District of California against Microsoft involves the same asserted patent that Uniloc has asserted against Google in this matter.

[15]    For example, the technology involved in this case relates to the display of participants in a Google Hangouts or Google Meet video conference, which is unrelated to the technology asserted in the other Uniloc cases against Google, which relate generally to Google Cloud, Google WiFi, Google Chromecast, Google Photo, and Google Play and Google Nearby.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

for work related to these products as well as Google's own reputation, the Northern District's "interest in this case remains strong." *Hoffman-La Roche*, 587 F.3d at 1336; *see also Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012).

Lastly, the Northern District of California's interest in this matter also is substantial because Fortress, a Northern California resident, incorporated Uniloc 2017 and CF Uniloc, invested in Uniloc and its related entities at least 3 times, and entered into an employment agreement with a current member of Uniloc 2017, Mr. Etchegoyen, also a California resident. (Exs. L-O [Incorporation Documents]; R [Levy Dep] at 67:9-69:3; S [Jacobs Decl.] at ¶ 22; E [Uniloc 2017 Corp. Disclosure].)

In contrast, outside of litigation-related connections (*see supra*, Background § II), Uniloc's infringement allegations in its Complaint (*see, e.g.*, Complaint ¶¶ 79-99) have no connection to the Eastern District that could not be drawn to any other district in the country. *Volkswagen II*, 545 F.3d at 318 (noting these types of connections "could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected— directly and indirectly—by the controversies and events giving rise to a case."); *Nintendo*, 589 F.3d at 1198. The fact that Google makes its services and products available nationally does not establish an interest in having the case tried here. *TS Tech*, 551 F.3d at 1321. On balance, this factor weighs in favor of transfer. *Chrimar Sys., Inc. v. Juniper Networks, Inc.*, No. 6:15-cv-618, Dkt. 231 at 12 (E.D. Tex. Jan. 11, 2016); *Google*, 2017 WL 977038, at *3 n.3.

B. **The Administrative Difficulties From Court Congestion Favors Transfer**

"The speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. While both districts have a median time to disposition by trial of 27.7 months. (Ex. AD [Table C-5]), the Northern District's median time to disposition for civil

15

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

cases is 7.6 months compared to the Eastern District's 8.9 months.  (Ex. AE [National Judicial Caseload Profile].)  Accordingly, this factor weighs slightly in favor of transfer.

### C. **The Remaining Public Interest Factors Are Neutral**

The remaining public interest factors are neutral.  Both districts are also familiar with and can apply the federal patent laws to this patent infringement case.  *TS Tech*, 551 F.3d at 1320.

## IV. **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court transfer this action to the Northern District of California.

| Dated:  June 28, 2019 | Respectfully submitted, |
|---|---|
| | /s/ Robert W. Unikel |
| | Robert W. Unikel |
| | Michelle Marek Figueiredo |
| | Paul Hastings LLP |
| | 71 S. Wacker, Suite 4500 |
| | Chicago, IL 60606 |
| | (312) 499-6000 |
| | robertunikel@paulhastings.com |
| | michellemarek@paulhastings.com |
| | |
| | Elizabeth Brann |
| | Ariell Bratton |
| | Paul Hastings LLP |
| | 4747 Executive Drive |
| | Twelfth Floor |
| | San Diego, CA 92121 |
| | (858) 458-3000 |
| | elizabethbrann@paulhastings.com |
| | ariellbratton@paulhastings.com |
| | |
| | Robert Laurenzi |
| | Paul Hastings LLP |
| | 200 Park Ave. |
| | New York, NY 10166 |
| | (212) 318-6000 |

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

|  | robertlaurenzi@paulhastings.com<br><br><br>Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>POTTER MINTON LLP<br>110 N. College Avenue, Suite 500<br>Tyler, TX 75702<br>Telephone: (903) 597-8311<br>Facsimile: (903) 593-0846<br><br>*Attorneys for Google LLC* |
| --- | --- |

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 28, 2019.  I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 28, 2019.

*/s/ Robert Unikel*

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Google has complied with the meet and confer requirement in Local Rule CV-7(h).  The personal conference required by Local Rule CV-7(h) was conducted on June 26, 2019 via telephonic conference with the following participants: Robert Unikel and Elizabeth Brann of Paul Hastings LLP and Michael Jones of Potter Minton LLP for Google and Jim Etheridge, Ryan Loveless, and Travis Richins of Etheridge Law Group for Uniloc.  This motion is opposed.

*/s/ Robert Unikel*

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting declarations and exhibits are being filed contemporaneously with Google's Unopposed Motion to File Under Seal its Motion to Transfer Venue to the Northern District of California in accordance with Local Rule CV-5(a)(7).

*/s/ Robert Unikel*