IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017, LLC,<br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC.,<br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. cv-491-504<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO COMPEL ADDITIONAL DISCLOSURES RELATED TO VENUE**

While on the one hand arguing the importance of early venue discovery,[1] Google has not produced a single venue document requested by Uniloc – not even the sealed briefing in *Seven Networks, LLC v. Google, LLC*, Case No. 2:17-cv-00442-JRG (E.D. Tex.)(Jul. 19, 2018), which is in electronic format, clearly relevant and easy to produce.

In *Seven Networks*, this Court previously determined that Google was subject to venue in this District, pointing to Google's Global Caching Servers (or "GGC"). Uniloc pointed to the same venue facts concerning these GGC servers in its complaints. However, Google's Motions to Dismiss allege that the GGC servers were "drained" after Uniloc's complaints were filed. Uniloc immediately requested specifically tailored, easy to produce and highly relevant venue discovery concerning this allegation; and, Uniloc has been diligently working to obtain this discovery for almost six weeks to no avail. Accordingly, Court intervention is required.

Uniloc moves the Court to compel Google to comply with the Additional Disclosures requirement (due a month ago) and produce the venue-related discovery it has requested, including:

(1)     the sealed venue briefings in the cases of *SEVEN Networks, LLC v. Google LLC*, Case No. 2-17-cv-00442 (E.D. TX) and *Personal Audio LLC v. Google Inc.*, Case No. 1-15-cv-00350 (E.D. TX);

(2)     information concerning the current location of the hardware corresponding to the GGC severs that were allegedly "drained" in November 2018,

(3)     communications with the facilities where such GGC servers were located,

(4)     information concerning whether such hardware has been removed from such facilities, and

---

[1] Google has filed a motion for a venue discovery schedule in the fourteen cases (*see* e.g., -491Case, Dkt. 65) and cites the *Seven Networks* case as an example of early discovery.

(5)      documents concerning the alternative routing of content routed to the GGC serves in this district before being allegedly being "drained."

## BACKGROUND

The complaints in these fourteen actions were filed on November 17, 2019 and contained a section describing this Court's analysis of Google GGC servers in *Seven Networks*. *See* e.g., ¶¶ 12-34 in the -491 Case. *In Seven Networks*, this Court determined that these GGC servers met the statutory requirement of § 1400(b).

In supports of its Motions to Dismiss for Improper Venue,[2] Google also emphasized these GGC servers. In particular, Google submitted the Declaration of Keith McCallion dated April 8, 2019, which indicated the following:

> 13. On November 23, 2018, the GGC servers located in the Eastern District of Texas were "drained" and therefore no longer cached any data. After the GGC servers were drained, there was no interruption in the delivery of Google content to users.

*See* Ex. O of Motions. From this statement, Google's Motions to Dismiss supplied multiple inferences.

On May 28, 2019, based on representations by Google, Uniloc requested venue related discovery. Ex. A.  That discovery included sealed venue briefings in the case of *SEVEN Networks, LLC v. Google LLC*, Case No. 2-17-cv-00442 (E.D. TX) and *Personal Audio LLC v. Google Inc.*, Case No. 1-15-cv-00350 (E.D. TX). For ease of gathering, Uniloc also identified specific filings by docket number. *Id.* The discovery also requested (a) information concerning the current location of the hardware corresponding to the GGC severs that were allegedly "drained" in November 2018, (b) communications with the facilities where such GGC servers were located, (c) information concerning whether such hardware has been removed from such facilities, and (d) documents concerning the alternative routing of content routed to the GGC serves in this district before being allegedly being "drained."

On June 6, 2019, discovery opened. On June 10, 2019, Google served its initial and additional disclosures.  The initial and additional disclosures did not include any of the requested

---

[2] For these fourteen cases, these motions were filed April 19, 2019; April 26, 2019; and May 8, 2019.

venue discovery.

On June 12, 2019, pursuant to the Discovery Order, Uniloc identified the same venue related discovery and indicated that its correspondence was "a notice of deficiency under paragraph 9 of the discovery order." Ex. B. Pursuant to this Court's Discovery Order, the "Responding Party shall, within 10 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed." *See* e.g., -491 Case, Dkt. 41.

On June 26, 2019, the parties met and conferred to discuss venue discovery. Uniloc reminded Google about its June 12 letter and the lack of a response to date. Google responded that it would be addressing the letter.

On June 27, 2019, Uniloc followed up with its discovery requests and inquired as to when it could expect Google's response.  Ex. C.

On July 3, 2019, Uniloc followed up again with its discovery request and asked that Google let it know by Friday, July 5, 2019 as to whether or not it would produce the requested documents. Ex. D.

## ARGUMENTS

Uniloc's requests are unquestionably relevant to Google's venue allegations.  Google has never challenged their relevance.  This Court reviewed sealed briefing in *SEVEN Networks, LLC v. Google LLC*, Case No. 2-17-cv-00442 (E.D. TX) and determined that Google was subject to venue in this District. This briefing was not only relied upon by this Court in determining that Google was subject to venue, but was also likely consulted by Google in filing its motions to dismiss in challenging this ruling. Indeed, these documents should have already been produced.

As highlighted in Uniloc's responses to Google's Motion to Dismiss, Google's statements concerning its GGC servers in this District are purposely vague. In particular, they allege that the GGC servers were "drained" while avoiding an "interruption in the delivery of Google content" but do not disclose  (a) whether the GGC servers persisted in this District, for example, as streaming servers, (b) whether they are actually still here, or (c) whether caching was turned back

on after the alleged drain. Google would have the court believe that it exercises no control over the servers or their content, yet clearly Google had sufficient control to "drain" the GGC servers. Accordingly, Uniloc requested specifically tailored requests as to these GGC servers.  Yet, to date Google has not agreed to any such production.

## CONCLUSION

WHEREFORE, Uniloc respectfully requests that this court enter an order compelling Google to immediately comply with the Additional Disclosures requirement by producing: (1) the sealed venue briefings in the cases of SEVEN Networks, LLC v. Google LLC, Case No. 2-17-cv-00442 (E.D. TX) and Personal Audio LLC v. Google Inc., Case No. 1-15-cv-00350 (E.D. TX); (2) information concerning the current location of the hardware corresponding to the GGC severs that were allegedly "drained" in November 2018; (3) communications with the facilities where such GGC servers were located; (4) information concerning whether such hardware has been removed from such facilities; and (5) documents concerning the alternative routing of content routed to the GGC serves in this district before being allegedly being "drained."


Date:   July 8, 2019

/s/ Ryan Loveless
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.:  (817) 470-7249
Fax:  (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
JHuang@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF**
4

## CERTIFICATE OF SERVICE

I certify that on July 8, 2019, the foregoing document was served upon all counsel of record for the Defendant via the Court's electronic filing system.

*/s/ Ryan Loveless*
Ryan Loveless

## CERTIFICATE OF CONFERENCE

Lead and local counsel for the parties conferred by phone on June 26, 2019. The parties also conferred via email on June 12, 2019; June 27, 2019; and July 3, 2019.  The parties were unable to reach agreement.

*/s/ Ryan Loveless*
Ryan Loveless