EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| UNILOC 2017, LLC ET AL.<br><br>   *Plaintiffs,*<br>   v.<br><br>GOOGLE LLC<br><br>   *Defendant.* | Civil Action Nos. 2:18-cv-00491, -492, -493, -494, -495, -496, -497, -498, -499, -500, -501, -502, -503, -504, -548 -550, -551, -552, -553<br><br><br>**JURY TRIAL DEMANDED** |

<u>**GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S VENUE
DISCOVERY REQUESTS**</u>

Defendant Google LLC ("Google") submits the following objections and responses to

Plaintiffs Uniloc 2017, LLC's and Uniloc USA, Inc.'s (collectively "Uniloc" or "Plaintiffs")

venue discovery letter served on July 19, 2019 for Civil Action Nos. 2:18-cv-00491, -492, -493, -

494, -495, -496, -497, -498, -499, -500, -501, -502, -503, -504, -548 -550, -551, -552, and -553

("the Uniloc Cases").

Google seeks to work cooperatively with Uniloc in connection with venue discovery in

these cases and to avoid burdening the Court with unnecessary disputes.  Google's agreement to

produce documents responsive to these requests does not constitute an admission that such

documents exist or are relevant to an appropriate venue determination in this case.  Nor should

anything in these responses be deemed a waiver of any privilege or protection.  Unless otherwise

stated, any production by Google will be of non-privileged, responsive documents in Google's

possession, custody, or control that are located after a reasonable search and will be on behalf of

Google LLC rather than all of the entities in Uniloc's definition of "Google," which is plainly overbroad and unduly burdensome.

Google has previously begun the production of responsive documents to plaintiffs and will continue to do so on a rolling basis.

## REQUEST FOR PRODUCTION NO. 1

Documents requested in Uniloc's requests of Google on May 28, 2019.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Google understands this request to be duplicative of Plaintiff's First Requests for Production of Documents (Nos. 1-15).  Google objects to this request on the grounds set forth in its Objections and Responses to Plaintiffs' First Requests for Production of Documents (Nos. 1-15), served on July 11, 2019.

## REQUEST FOR PRODUCTION NO. 2

Documents and communications identifying the number of Google employees and contractors located in the State of Texas as listed by either place of business, temporary residence, or permanent residence.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted and Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.

Google further objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant as it seeks information concerning all Google employees and contractors located in the entire State of Texas at a Google place of business, a temporary residence, or a permanent residence, regardless of any relation to the Uniloc Cases.  Google further objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant as it seeks information concerning "contractors."

Google further objects to this request to the extent it seeks employee residence information as irrelevant to the issues of venue and standing in these cases and as seeking information protected by the employees' constitutional, statutory, and common-law privacy rights.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google also objects to this request as vague and ambiguous as to the phrases "contractors," "located in," "as listed by," "place of business," "temporary residence," and "permanent residence."

Google responds that, based on its reasonably diligent investigation, there are no Google employees who work at a Google office in the Eastern District of Texas.  Google will produce

documents sufficient to show office locations for Google employees who Google has identified in its initial disclosures as having information relevant to the Uniloc Cases.  Google incorporates by reference the Declaration of Sallie Lim filed in support of Google's Motion to Dismiss for Lack of Standing and Improper Venue Under Rules 12(b)(1), 12(b)(3), and 12(b)(6) in the Uniloc Cases.

## REQUEST FOR PRODUCTION NO. 3

Documents and communications identifying the number of Google employees and contractors located in the Eastern District of Texas as listed by either place of business, temporary residence, or permanent residence.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Google further objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant as it seeks information concerning all Google employees and contractors located in the Eastern District of Texas at a Google place of business, a temporary residence, or a permanent residence regardless of any relation to the cases.  Google further objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant as it seeks information regarding "contractors," which are not relevant to the venue analysis.

Google also objects to this request to the extent it seeks to impose obligations on Google

that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks employee residence information as irrelevant to the issues of venue and standing in these cases  and as seeking information protected by the employees' constitutional, statutory, and common-law privacy rights.

Google objects to this request as vague and ambiguous as to the phrases "contractors," "located in," "as listed by," "place of business," "place of business," "temporary residence," and "permanent residence."

Google responds that, based on its reasonably diligent investigation, there are no Google employees who work at a Google office in the Eastern District of Texas.  Google will produce documents sufficient to show office locations for Google employees who Google has identified in its initial disclosures as having information relevant to the Uniloc Cases.  Google incorporates by reference the Declaration of Sallie Lim filed in support of Google's Motion to Dismiss for Lack of Standing and Improper Venue Under Rules 12(b)(1), 12(b)(3), and 12(b)(6) in the Uniloc Cases.

## REQUEST FOR PRODUCTION NO. 4

Documents and communications identifying the number, contact information, and job responsibilities for Google employees and contractors located in the State of Texas working with the accused instrumentalities identified in Uniloc's infringement contentions – broken out by each specific case.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Google objects to this request to the extent it seeks the disclosure or production of

information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and irrelevant as it seeks information concerning all Google employees and contractors located in the entire State of Texas "working" on the accused instrumentalities.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks employee phone number information and contact information as irrelevant to the issues of venue and standing in the Uniloc Cases and as seeking information protected by the employees' constitutional, statutory, and common-law privacy rights.

Google objects to this request as vague and ambiguous as to the phrases "contractors," "located in" and "working with the accused instrumentalities".

Google responds that, based on its reasonably diligent investigation, there are no Google employees who work at a Google office in the Eastern District of Texas.  Google will not produce any documents or communications involving "contractors."  Google will produce office locations for Google employees who Google has identified in its initial disclosures as having

information relevant to the cases.  Google incorporates by reference the Declaration of Sallie

Lim filed in support of Google's Motion to Dismiss for Lack of Standing and Improper Venue

Under Rules 12(b)(1), 12(b)(3), and 12(b)(6) in the Uniloc Cases.


**REQUEST FOR PRODUCTION NO. 5**

Documents and communications identifying Google's customers located in the Eastern

District of Texas for the last three years where payment to any Google entity exceeded $50,000

in any twelve-month period.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Google objects to this request to the extent it seeks the disclosure or production of

information protected by the attorney-client privilege, the work product doctrine, the joint

defense or common interest privilege, or any other comparable privilege or immunity and

Google intends to withhold any such privileged information should a response to this request be

required.

Google objects to this request as overbroad, unduly burdensome, and not proportional to

the needs of the case as it seeks information regarding all of Google's customers located in the

Eastern District of Texas, to the extent such a thing could even be determined.  Google further

objects to this request to the extent it seeks information about all Google customers, regardless of

any relation to the Uniloc Cases.  Google further objects to this request to the extent it seeks the

locations of Google customers as irrelevant to the issues of venue and standing in these cases.

Google further objects to this request to the extent it seeks information protected by the third-

party constitutional, statutory, and common-law privacy rights.

Google also objects to this request to the extent it seeks to impose obligations on Google

that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request as vague and ambiguous as to the phrases "customer" and "located in the Eastern District of Texas" and Uniloc has not provided any explanation as to how Google is to determine whether a customer to be located in the Eastern District of Texas.

Google objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google does not intend to produce documents in response to this request but is available to meet-and-confer with Uniloc to understand and narrow this request.

## REQUEST FOR PRODUCTION NO. 6

Sealed filings and venue discovery produced in any of the following cases, including a corresponding lead case:

- Personalized Media Communications, LLC v. Google LLC, Case No. 2:19-cv-00090 (E.D. Tex.)
  - o  Non-limiting Sealed Filings: Dkt. No. 32 (and briefs forthcoming pursuant to schedule set forth in Dkt. No. 51 – e.g., response brief by August 16, 2019).
- Dynamic Data Technologies, LLC v. Google LLC et al, Case No. 2:18-cv-00466 (E.D. Tex.)
  - o  Sealed Filings: Dkt Nos. 17, 37, 40, 41, 44

- Super Interconnect Technologies LLC v. Google LLC, Case No. 2:18-cv-00463 (E.D. Tex.), a member of Case

  o Non-limiting Sealed Filings: Dkt No. 13

- SEVEN Networks, LLC v. Google LLC, Case No. 2:17-cv-00442 (E.D. Tex.)

  o Non-limiting Sealed Filings: Dkt Nos. 25, 61, 63. 90, 91, 94, 95, 97, 105, 117, 125, 126, 141, 142, 148, 149, 150, 154, 189

- SimpleAir, Inc. v. Google LLC, Case No. 2:16-cv-00388 (E.D. Tex.)

  o Non-limiting Sealed Filings: Dkt. Nos. 69, 71, 73, 85, 89, 93.

- Trevor Blumenau LLC v. Google Inc. et al, Case No. 2:16-cv-00144 (E.D. Tex.)

  o Non-limiting Sealed Filings: Dkt. Nos. 24, 31, 36.

- Eolas Technologies Incorporated v. Google Inc., Case No. 6:15-cv-01039 (E.D. Tex.)

  o Non-limiting Sealed Filings: Dkt. Nos. 21, 26, 33, 36, 40, 41, 48

- Personal Audio LLC v. Google Inc., Case No. 1:15-cv-00350 (E.D. Tex.)

  o Non-limiting Sealed Filings: Dkt. Nos. 41, 48, 61, 85, 88, 93, 94, 95, 96, 97, 98, 100, 101

- Smartflash LLC et al v. Google LLC et al, Case No. 6:14-cv-00435 (E.D. Tex)

  o Non-limiting Sealed Filings: Dkt. Nos. 100, 107, 109, 113

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity. Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google objects to this request as overbroad, unduly burdensome (particularly in light of the protective order obligations in each listed case), and not proportional to the needs of the case to the extent it seeks documents and information unrelated to the venue questions at issue here. In particular, the venue discovery in some of the listed cases addressed facts that existed years before the filing of Uniloc's complaints here that may no longer be accurate  or does not appear to relate to any of the issues in the Uniloc Cases.  Accordingly, Google does not intend to produce all pleadings or entire document productions that are not relevant to the questions at issue here as of November 17, 2018, the date of Uniloc's earliest complaint in the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google has already produced responsive documents on July 22, 2019 and will produce copies of the venue briefing and related exhibits for the identified cases filed January 1, 2017 or later to the extent such documents exist, are within Google's possession, custody or control, and can be identified pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 7**

Deposition transcripts concerning venue issues as it relates to Google in any of the cases identified in Item No. 6.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity.  Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google objects to this request as overbroad, unduly burdensome (particularly in light of the protective order obligations in each listed case), and not proportional to the needs of the case to the extent it seeks documents and information unrelated to the venue questions at issue here. In particular, the venue discovery in some of the listed cases addressed facts that existed years before the filing of Uniloc's complaints here that may no longer be accurate or does not appear to relate to any of the issues in the Uniloc Cases.  Accordingly, Google does not intend to produce all pleadings or entire productions that are not relevant to the questions at issue here as of November 17, 2018, the date of Uniloc's earliest complaint in these actions.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases. Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google will produce copies of the deposition transcripts concerning venue issues for the identified cases in Request for Production No. 6 that were filed January 1, 2017 or later to the extent such documents exist, are within Google's possession, custody or control, and can be identified pursuant to a reasonable search.

## REQUEST FOR PRODUCTION NO. 8

Communications and venue subpoena responses concerning venue issues as it relates to Google in any of the cases identified in Item No. 6.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, particularly in light of the protective order obligations in each listed case, not proportional to the needs of the case, and irrelevant as it seeks documents and information unrelated to the venue questions at issue here. In particular, the venue discovery in some of the listed cases addressed facts that existed years before the filing of Uniloc's complaints here that may no longer be accurate or does not appear to relate to any of the issues in the Uniloc Cases. Accordingly, Google does not intend to produce communications and venue subpoena responses that are not relevant to the questions venue and standing at issue here as of November 17, 2018, the date of Uniloc's earliest complaint in these actions. Google also objects to this request to the extent it seeks to impose

obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google will produce copies of the venue subpoena responses concerning venue issues as it relates to Google that were exhibits to venue briefing the identified cases filed January 1, 2017 or later to the extent such documents exist, are within Google's possession, custody or control, and can be identified pursuant to a reasonable search.

## REQUEST FOR PRODUCTION NO. 9

Documents and communications between the parties concerning Dkt. No. 48 ("Joint MOTION to Change Venue /Transfer to the District of Delaware by Google LLC, YouTube, LLC.") in Dynamic Data Technologies, LLC v. Google LLC et al, Case No. 2:18-cv-00466 (E.D. Tex.)

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Google objects to this request to the extent it seeks the disclosure or production of

information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome ( particularly in light of the protective order obligations in the listed case), not proportional to the needs of this case, and irrelevant as it seeks documents unrelated to the venue questions at issue here.  Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases. Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google will produce the motion and order.

## REQUEST FOR PRODUCTION NO. 10

Documents and communications concerning Google's draining, and/or removal of servers in the Eastern District of Texas, including GGC servers.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Google objects to this request to the extent it seeks the disclosure or production of

information protected by the attorney-client privilege, the work product doctrine, the joint

defense or common interest privilege, or any other comparable privilege or immunity and

Google intends to withhold any such privileged information should a response to this request be

required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the

needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue

questions at issue here.

Google also objects to this request to the extent it seeks to impose obligations on Google

that are beyond the parties' obligations under the Electronically Stored Information ("ESI")

protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected

information of third parties, the disclosure of which is restricted, and to the extent it seeks third-

party information that is not relevant to the facts in issue in the Uniloc Cases.

Google's production will be subject to and in accordance with the requirements of any

applicable confidentiality agreement or protective order.  Google also objects to the request to

the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google will produce copies of

agreements between Google and ISPs concerning GGC servers in the Eastern District of Texas

within its possession, custody, or control since July 19, 2018 sufficient to show the draining of

those servers to the extent such documents exist, are within Google's possession, custody, or

control, and can be identified pursuant to a reasonable search.

## REQUEST FOR PRODUCTION NO. 11

Documents identifying either "µstreamer" or "bandaid" running on any computer or

server in the Eastern District of Texas.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here.

Google further objects to this request as vague and ambiguous with respect to the phrase "'bandaid' running on any computer or server."

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google will produce documents sufficient to show the GGC servers shipped to the Eastern District of Texas as of November 17, 2018, and December 31, 2018, the dates of Uniloc's earliest and most recent complaints in the Uniloc Cases, to the extent such documents exist, are within Google's possession, custody, or control, and can be identified pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 12**

Documents and communications concerning any connections Google has to the server facilities located at 649 West Frankford Rd, Carrollton, TX and 2501 State Hwy 121, Lewisville, TX.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks documents unrelated to the venue questions at issue here. Google further objects to this request as vague and ambiguous with respect to "the server facilities located at 649 West Frankford Rd, Carrollton, TX and 2501 State Hwy 121, Lewisville, TX" and understands Uniloc to be requesting documents about Megaport facilities located at those locations. Google will limit its response accordingly. Google further objects to this request as vague and ambiguous with respect to "concerning any connections."

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases. Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order. Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Subject to and without waiving these objections, Google will produce copies of agreements between Megaport and Google concerning the locations identified in Uniloc's requests that are within Google's possession, custody, and control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 13

Documents and communications concerning authorized Google repair facilities in the Eastern District including uBreakiFix.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks documents unrelated to the venue questions at issue here.  Google further objects to this request as vague and ambiguous with respect to the terms "repair facilities" and " authorized Google repair facilities."

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google will produce copies of agreements concerning uBreakiFix repair facilities within the Eastern District of Texas to the extent such documents exist, are within Google's possession, custody, or control, and can be identified pursuant to a reasonable search.

## REQUEST FOR PRODUCTION NO. 14

Documents and communications concerning authorized Google repair facilities in Texas including ones dealing with KMT Wireless, LLC dba Cynergy.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here and requests for documents and communications in Texas generally.

Google further objects to this request as vague and ambiguous with respect to the terms "repair facilities" and "Google authorized Google repair facilities."

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google responds that, based on its reasonably diligent investigation, there are no Cynergy repair facilities related to Google in the Eastern District of Texas, and therefore Google will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 15

Documents and communications concerning Google's mapping of images in the Eastern District of Texas for its Google Street view product line.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be

required.

Google objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case as it seeks documents unrelated to the venue questions at issue here. Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request as vague and ambiguous as to "mapping of images."

Google does not intend to produce documents in response to this request but is available to meet-and-confer with Uniloc to understand and narrow this request.

**REQUEST FOR PRODUCTION NO. 16**

Documents and communications concerning equipment located in the Eastern District of Texas for which Google asserts or has asserted any type of control or ability to configure, including those co-located, hosted, cross-connected, or interconnected (partner or direct) to a network of Google, Google Cloud, Google Private cloud or other Google servers; such equipment includes GGC servers and equipment at CyrrusOne for Carrier Peering, Direct Access, or Access with Google's network.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here, particularly to the extent it seeks documents regarding equipment that was located in the district at times other than the time of filing the complaints in the Uniloc Cases, or that was in the district temporarily.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google further objects to this request as vague and ambiguous and overbroad and unduly burdensome as to "equipment" and "any type of control or ability to configure".

Subject to and without waiving these objections, Google will produce documents sufficient to show networking equipment or servers owned by Google and shipped to or otherwise believed to be located in the Eastern District of Texas as of November 17, 2018 and December 31, 2018, the dates of Uniloc's earliest and most recent complaints in the Uniloc Cases to the extent such documents exist, are within Google's possession, custody, or control, and can be identified pursuant to a reasonable search.

## REQUEST FOR PRODUCTION NO. 17

Contracts governing the equipment in Item No. 16 and related communications.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity.  Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here, particularly to the extent it seeks documents regarding equipment that was located in the district at times other than the time of filing the complaints in the Uniloc Cases, or that was in the district temporarily.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases. Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google further objects to this request as vague and ambiguous and overbroad and unduly burdensome as to "equipment" or "any type of control or ability to configure" as used in Request for Production No. 16.

Subject to and without waiving these objections, Google will produce agreements concerning networking equipment or servers owned by Google and shipped to or otherwise believed to be located in the Eastern District of Texas as of November 17, 2018 and December 31, 2018, the dates of Uniloc's earliest and most recent complaints in the Uniloc Cases to the extent such documents exist, are within Google's possession, custody, or control, and can be identified pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 18**

Documents, communications, and agreement concerning the provisioning of the equipment in Item No. 16.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here, particularly to the extent it seeks documents regarding equipment that was located in the district at times other than the time of filing the complaints in the Uniloc Cases, or that was in the district temporarily.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request as vague and ambiguous as to "equipment" and "any type of control or ability to configure" as used in Request for Production No. 16.  Google also objects to this request as vague and ambiguous with respect to the term "the provisioning."

Subject to and without waiving these objections, Google will produce documents sufficient to show networking equipment or servers owned by Google and shipped to or otherwise believed to be located in the Eastern District of Texas as of November 17, 2018 and December 31, 2018, the dates of Uniloc's earliest and most recent complaints in the Uniloc Cases to the extent such documents exist, are within Google's possession, custody, or control, and can be identified pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 19**

Documents, communications and agreements concerning Google's "Fi" service in the EDTX, including agreements with Sprint, T-Mobile, and Cellular-One.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Google objects to this request to the extent it seeks the disclosure or production of

information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving objections, Google will produce copies of agreements between Google and Sprint, T-Mobile, or Cellular-One concerning Google's 'Fi' Service as of November 17, 2018 and December 31, 2018, the dates of Uniloc's complaints in these actions  to the extent such documents exist, are within Google's possession, custody, or control, and can be identified pursuant to a reasonable search.  Google will not produce communications between Google and Sprint, T-Mobile, or Cellular-One.

**REQUEST FOR PRODUCTION NO. 20**

All communications and agreements concerning Google's WiFi hotspots in the Eastern District of Texas, including those at Starbucks.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google further objects to this request as vague and ambiguous as to "Google Wifi hotspots."

NAI- 1508539156v1                                    27

Subject to and without waiving these objections, Google will produce documents sufficient to show the terms concerning Starbucks Wi-Fi from Google in the Eastern District of Texas to the extent such documents exist, are within Google's possession, custody, or control, and can be identified pursuant to a reasonable search.

## REQUEST FOR PRODUCTION NO. 21

Documents, communications, and agreements concerning CBRS testing in the Lake Lavon region of Plano, TX.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here, as it appears to refer to activity by third parties and therefore cannot relate to venue in this case.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's

production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google further objects to this request as vague and ambiguous with respect to the term "CBRS testing in the Lake Lavon," which appears to refer to activity by third parties and therefore cannot relate to venue in this case.

Subject to and without waiving these objections, Google responds that, based on a reasonable search, it is not aware of any CBRS testing by Google in the Lake Lavon region of Plano, TX, but Google is available to meet-and-confer with Uniloc to understand and narrow this request.

## REQUEST FOR PRODUCTION NO. 22

Documents, communications, and agreements with Level-3 for delivery of content to the Eastern District of Texas, including but not limited to any "bit mile" deals.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity.  Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google objects to this request to the extent it seeks documents that are not relevant to the issue of whether Google has a "regular and established" place of business in the Eastern District of Texas within the meaning of 28 U.S.C. § 1400(b).  The Federal Circuit recently held that three general requirements are relevant to this inquiry: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  In re Cray Inc., 871 F.3d 1355 (Fed. Cir. 2017).  Thus, as described in Cray, there must be a "physical, geographical location in the district from which the business of the defendant is carried out."  Id. at 1362.  Delivery of "content," including "bit mile" is not relevant under the *Cray* analysis.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted,  and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases.  Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google does not intend to produce documents in response to this request but is available to meet-and-confer with Uniloc to understand and narrow this request.

## REQUEST FOR PRODUCTION NO. 23

Documents, communications, and agreements with CenturyLink or Telia Carrier for delivery of content from and to the Eastern District of Texas with the Google Cloud Interconnect

family.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity.  Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and irrelevant to the extent it seeks documents unrelated to the venue questions at issue here.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Google objects to this request to the extent it seeks documents that are not relevant to the issue of whether Google has a "regular and established" place of business in the Eastern District of Texas within the meaning of 28 U.S.C. § 1400(b).  The Federal Circuit recently held that three general requirements are relevant to this inquiry: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  In re Cray Inc., 871 F.3d 1355 (Fed. Cir. 2017).  Thus, as described in Cray, there must be a "physical, geographical location in the district from which the business of the defendant is carried out."  Id. at 1362.  Delivery of "content" is not relevant under the Cray analysis.

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases. Google's production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order. Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Google does not intend to produce documents in response to this request but is available to meet-and-confer with Uniloc to understand and narrow this request.

## REQUEST FOR PRODUCTION NO. 24

For each of the following individuals identified, documents and communications showing the actual residence, office or offices from which each works, and the percentage of times such individuals work at such respective office or offices.

a) Bojana Duke
b) Tim Milligan
c) James Bankoski
d) Yaowu Xu
e) Yunqing Wang
f) Debargha Mukherjee
g) Sanjay Noronha
h) Zhifeng Cai
i) Mathew Varghese
j) Peyman Milanfar
k) Matthias Grundmann
l) Thierry Foucu
m) Yao-chung Lin.
n) Steven Robertson
o) Mark Wachsler
p) Aki Kuusela
q) Steven Robertson
r) Matt Van Der Staay
s) Ajay Kapal
t) James Stine
u) Matt Hornyak
v) David Phillips

w) Steven Robertson
x) Ben Hulse
y) Anna Berenberg
z) Prajakta Joshi
aa) Diana Smetters
bb) Mark Risher
cc) Taehee Lee
dd) Tom Duerig
ee) Alper Turgut
ff) Ismail Haritaoglu
gg) Oztan Harmanci
hh) Andrew Bunner
ii) Pascal Getreuer
jj) Amarnag Subramanya
kk) Emily Pitler
ll) Avinash Atreya

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity.  Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks documents unrelated to the venue questions at issue here.   Google further objects to this request to the extent it seeks information protected by employees' constitutional, statutory, and common-law privacy rights.

Google also objects to this request as vague and ambiguous as to the phrases "actual residence, office or offices" and "percentage of times."

Google further objects to this request to the extent it seeks confidential or protected information of third parties, the disclosure of which is restricted, and to the extent it seeks third-party information that is not relevant to the facts in issue in the Uniloc Cases. Google's

production will be subject to and in accordance with the requirements of any applicable confidentiality agreement or protective order.  Google also objects to the request to the extent it seeks materials that are not in Google's possession, custody, or control.

Subject to and without waiving these objections, Google will produce documents sufficient to show the office from which each identified individual is assigned to work.

## REQUEST FOR PRODUCTION NO. 25

The deposition transcripts for any of the individuals identified in Item No. 24 for prior litigation.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity.  Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google objects to this request as overbroad, unduly burdensome, particularly in light of the protective order obligations for any cases in which such transcripts exist.  Google further objects to this request as seeking information that is not relevant and not proportional to the needs of the case to the extent it seeks documents unrelated to the venue and standing issues here, documents reflecting stale or inaccurate information, or any other issue related to the Uniloc Cases.

Google objects to this request to the extent it seeks documents that are not relevant to the issue of whether Google has a "regular and established" place of business in the Eastern District of Texas within the meaning of 28 U.S.C. § 1400(b).  The Federal Circuit recently held that three

general requirements are relevant to this inquiry: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  In re Cray Inc., 871 F.3d 1355 (Fed. Cir. 2017).  Thus, as described in Cray, there must be a "physical, geographical location in the district from which the business of the defendant is carried out."  Id. at 1362.

Subject to and without waiving these objections, Google is willing to produce deposition transcripts of the individuals identified in Item No. 24 that were taken in cases filed after January 1, 2017, only to the extent they relate to venue and standing issues, and to the extent they exist. Based on a reasonable search, Google is not aware of any such documents.

**REQUEST FOR PRODUCTION NO. 26**

Documents identifying the team (or teams) of which each individual identified in Item No. 24. is a party of and a location of other teams members by residence.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Google does not understand this request to call for the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity.  Based on that understanding, Google does not intend to withhold any responsive documents under a claim of privilege.

Google further objects to this request to the extent it seeks employee residence information as irrelevant to the issues of venue and standing in these cases.  Google further objects to this request to the extent it seeks information protected by employees' constitutional, statutory, and common-law privacy rights.

Google objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks documents unrelated to the venue questions at issue here.  Google further objects to the term "team" as vague and ambiguous as it is not clear what Uniloc means by that term.  Further, depending on how Uniloc defines that term, the teams of which such individuals may be a party are not defined in terms of Uniloc's allegations and include individuals unlikely to have any connection to or relevant information concerning the cases or venue issues here.

Subject to and without waiving these objections, Google will produce documents sufficient to show the office location for each individual identified in Item No. 24.

**REQUEST FOR PRODUCTION NO. 27**

Documents and communications used in preparing any of the declarations submitted by Google in this case.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Google objects to this request to the extent it seeks the disclosure or production of information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other comparable privilege or immunity and Google intends to withhold any such privileged information should a response to this request be required.

Google objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks documents unrelated to the venue questions at issue here.

Google also objects to this request to the extent it seeks to impose obligations on Google that are beyond the parties' obligations under the Electronically Stored Information ("ESI") protocol controlling the Uniloc Cases.

Subject to and without waiving these objections, Google will produce copies of all documents upon which it intends to rely in connection with its venue arguments in this case.

Dated: August 8, 2019                    /s/ *Michael E. Jones*

Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
Patrick C. Clutter
SBN: 24036374
patrickclutter@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702

**ATTORNEYS FOR DEFENDANT
GOOGLE LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel who have consented to electronic service on this the 8th day of August, 2019.

/s/ *John D. Kinton*
John D. Kinton
jkinton@jonesday.com