**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017, LLC and UNILOC USA, INC., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00491-JRG-RSP |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Uniloc 2017, LLC ("Uniloc 2017) and Uniloc USA, Inc. ("Uniloc USA") (together, "Uniloc") motion to remove Uniloc USA from this lawsuit pursuant to Federal Rule of Civil Procedure 21. Defendant Google LLC ("Google") does not dispute that Uniloc USA should be dismissed. The parties' dispute, rather, lies in whether the claims of Uniloc USA should be dismissed with or without prejudice.

Uniloc moves for dismissal of Uniloc USA under Federal Rule of Civil Procedure 21. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. The cause for the misjoinder of Uniloc USA, according to Uniloc, is that there has been a "removal of rights from Uniloc USA." In other words, Uniloc USA lacks standing. Uniloc contends that dismissal of claims due to lack of standing is ordinarily granted without prejudice. Uniloc points to several cases for support. *See Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1331-33 (Fed. Cir. 2009), *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357

F.3d 1266, 1269 (Fed. Cir. 2004), *H.R. Tech., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002), *Bhandari v. Cadence Design Sys., Inc.*, 485 F. Supp. 2d 747, 751 (E.D. Tex. 2007), and *Optimal Golf Solutions, Inc. v. Altex Corp.*, Civil Action No. 3:09-cv-01403-K, at *17 (N.D. Tex. Jan. 7, 2015).

Google contends that dismissal should be with prejudice, arguing that the cases cited by Uniloc generally address circumstances where a single plaintiff seeks to cure a standing issue so that it can reassert its claims. Here, according to Google, Uniloc USA's standing problem will not be cured because Uniloc USA's rights are terminated. Google likens this case to *Boldstar Technical, LLC, et al v. Home Depost U.S.A., Inc., et al*, where the Southern District of Florida found that a plaintiff should be dismissed with prejudice, pursuant to Federal Rule of Civil 12(b)(1), because "no purpose would be served by allowing [the plaintiff] to litigate the very same alleged infringement by the very same defendants at some later date." 560 F. Supp. 2d 1275, 1277 (S. D. Fla. 2008). Google contends that there is a risk of future piecemeal litigation on the part of Uniloc USA should its claims be dismissed without prejudice, as evidenced by the series of infringement lawsuits filed against Google the very day after Uniloc USA's rights were terminated. Curiously, Google relies on a nonprecedential case addressing dismissal under Rule 12(b)(1), whereas Uniloc has moved to drop Uniloc USA under Rule 21. The proper standard by which the Court must decide Uniloc's motion is Rule 21, not Rule 12.

Because joinder motions do not involve substantive issues of patent law, circuit case law applies to Uniloc's motion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The Fifth Circuit has noted that "[s]ince Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010). If Rule 20 is violated, then

courts have discretion to refuse joinder in the interest of avoiding prejudice and delay. *See id.* at 521. "Under Supreme Court and Fifth Circuit jurisprudence, Rule 21 invests the district court with authority to dismiss a dispensable nondiverse party to cure a jurisdictional defect.*" Beta Tech., Inc. v. State Indus. Prod. Corp.*, No. CIV. A. 06-735-SCR, 2008 WL 2782874, at *2 (M.D. La. July 15, 2008) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832, 109 S. Ct. 2218 (1989) and *Dayton v. Indep. School Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1067 (5th Cir.1990)). The key issue here is whether dismissal should be with or without prejudice. The parties do not cite, nor is the Court aware of, any Fifth Circuit authority discussing whether dismissal under Rule 21 is with or without prejudice.

However, other courts have encountered a similar dilemma and have reached the same conclusion that the undersigned reaches – dismissal of Uniloc USA should be without prejudice. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018) ("The proper remedy for violations of Rule[] … 20 is severance or dismissal without prejudice, <u>not dismissal with prejudice</u>.") (emphasis added); *Gonzalez-Camacho v. Banco Popular de Puerto Rico*, 318 F. Supp. 3d 461, 486 (D.P.R. 2018), reconsideration denied (Aug. 1, 2018) ("This Court has addressed misjoinder under Rule 20 multiple times before and has concluded that Plaintiffs whose claims arise out of unrelated transactions may not join in a suit. … The remedy, however, is not a dismissal with prejudice but a misjoinder dismissal without prejudice."). Even if the Court were to rely on *Boldstar*, the circumstances in that case supporting a dismissal with prejudice do not exist in this case. Whereas the *Boldstar* suit had been pending for a year, the suit was litigated aggressively, and both parties had invested substantial resources in its resolution, *see* 560 F. Supp. at 1277, this suit had been pending for six months at the time Uniloc's motion was filed. Further, this case was at an early stage procedurally, given that the Court set the schedule for this case just one month

before Uniloc filed its motion. That Uniloc USA may continue to assert patent infringement claims against Google is not a valid ground for dismissing Uniloc USA's claims with prejudice. *See* Fed. R. Civ. P. 21 (misjoinder of parties is not a ground for dismissing an action).

Based on the foregoing, the undersigned recommends that Uniloc's motion to remove Uniloc USA as a party without prejudice under Rule 21 be **GRANTED**.

Within fourteen days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1). A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy bars that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 16th day of August, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE