# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **UNILOC 2017 LLC,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Case No. 2:18-cv-491 |
| **GOOGLE LLC,** | § § § | |
| *Defendant*. | § § | |

### DEFENDANT GOOGLE LLC'S OPPOSITION
### TO PLAINTIFF'S MOTION TO COMPEL VENUE DISCOVERY

**INTRODUCTION**

Defendant Google LLC ("Google") hereby opposes Uniloc 2017, LLC's ("Uniloc") Motion to Compel Venue Discovery (Dkt. 76).

In connection with venue discovery in these cases, Google has already produced over 8,500 pages of documents, including the venue briefing, deposition transcripts and discovery from four other cases in this district. Google has also offered to make its witnesses available for deposition. Uniloc has more than enough information to oppose Google's venue and standing motions. Nevertheless, Uniloc seeks to compel irrelevant, unduly burdensome and oppressive discovery based on unfounded speculation and attorney argument, rather than upon facts and law.

**I.     LEGAL STANDARD**

The Federal Rules of Civil Procedure ("Rule") 26(b)(1) sets the scope for discovery and authorizes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)). "The moving party bears the burden of showing that the materials and information sought are 'relevant to any party's claim or defense and proportional to the needs of the case....'" *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018) (citations omitted). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

II.  **ARGUMENT**

Uniloc has not met its burden to show that the information sought is relevant and proportional to the needs of these cases. *Weatherford Tech. Holdings*, 2018 WL 4620634, at *1.

### A. *Emails with ISPs Where Google's GGC Servers Were Located in This District Are Not Relevant*

On its face, Uniloc's proposed order (Dkt. 76-4) and the relief requested in its motion (Dkt. 76 at 5) both seek to compel Google to produce communications between Google and Internet Service Providers that previously housed GGC servers in this district ("GGC ISPs"), without limitation. (Dkt. 76 at 5.) The parties narrowed the scope of the dispute to two types of communications between Google and the GGC ISPs regarding the draining of the GGC servers: a) emails and b) non-email communications, beyond those already produced. (Dkt. 79 at 2.) In an attempt to resolve the dispute, Google has since agreed to produce such non-email communications. So the dispute is now limited to emails between Google and GGC ISPs that previously housed GGC servers in this district regarding the draining of the servers.

The production of email is governed by this Court's ESI order (Dkt. 75), which was jointly proposed to and issued by the Court before Uniloc filed its motion. The ESI order contains the process for production of email that Uniloc itself proposed. (See Dkt. 73; compare Dkt. 73-1 at 4-6 with Dkt. 75 at 4-6.) Uniloc has not yet propounded specific e-mail requests nor identified custodians as required by the ESI Order. (Dkt. 75 at 4-5.) And Uniloc has refused to count any email custodians whose emails are searched in response to this request against the number of custodians for each of the cases in which it seeks this information.

Setting aside the impropriety of seeking emails outside the process set forth in the Court's ESI order, Uniloc fails to show why the communications it seeks (or Google's alleged "control" or alleged "insinuation") are relevant or proportional to the venue issue at hand—namely, whether Google has a regular and established place of business within this District on the date these cases

were filed. The communications are not relevant to whether Google controlled the servers. Google has produced the agreements relating to these servers, documents and depositions related to their operation, draining, and, in a number of instances, the disposal of these servers.

Moreover, communications post-dating the complaint have no bearing on whether venue was proper on the date the cases were filed. Uniloc's unfounded speculation that the GGC servers located in this district have not remained drained does not change that. Further, Google has agreed to make Mr. McCallion available to testify regarding the draining of the servers. Accordingly, Uniloc has not met its burden to show that communications with facilities concerning the draining of the servers are relevant or proportional to the needs of these cases.

Because it has not complied with the Court's ESI order and because Uniloc has not met its burden to show that the information it seeks is relevant and proportional to the needs of the case, Uniloc's motion should be denied as to this request.

> B. **"Alternative Routing" Is Vague and Ambiguous, Not Relevant and Not Proportional to the Needs of the Case**

As Google has noted to Uniloc several times, Uniloc's request for "alternative routing of content" is not at all clear because internet routing is dynamic, and literally can change from millisecond to millisecond. Uniloc does not attempt to elucidate what it is seeking in its briefing. To the extent this request is understandable, Uniloc has yet to explain why Google's production to date is not sufficient. Google has produced a number of documents explaining Google's high-level network architecture, including the GGCs, as well as deposition transcripts relating to the same topic from prior cases. These documents explain the various options for how content is served from Google's network. Google has also agreed to produce documents illustrating the volume of traffic on the GGC servers shortly before and after they were drained.

Second, this request is not proportional to the needs of these cases. If this request seeks information about the location and existence of servers and networking equipment located outside

of this district, it is not relevant to the venue inquiry since the question is whether Google has a "regular and established place of business" inside this district. Uniloc's request thus imposes an unwarranted burden on Google.

Uniloc states it is relevant because of Mr. McCallion's statement in his declaration that "there was no interruption of service caused by the alleged draining" of the GGC server. But Uniloc fails to indicate how lack of an "interruption of service" bears on either the venue or standing issues before the Court. At bottom, this topic is not relevant whether Google has a regular and established business within this District, and Google should not be compelled to produce documents in response. *Weatherford Tech. Holdings*, 2018 WL 4620634, at *1.

    **C.    Documents Used in Preparing Google Declarations Are Not Proportional to the Needs of the Case**

Uniloc seeks documents used in preparing any of the declarations submitted by Google in this case, including documents relied on by Keith McCallion in his declaration that have not been produced. (Dkt. 76 at 1, 4.) The parties have agreed that Uniloc's requests do not include databases reviewed by the declarant to prove a negative, e.g. that Google has no employees who work at any Google office in the Eastern District of Texas.

Google asked Uniloc to identify all facts set forth in the declarations for which they felt they needed additional documents. Uniloc only identified one sentence from Mr. McCallion's declaration. After meeting and conferring, Google agreed to determine if any documents exist related to that statement and produce them if they were not privileged. Uniloc has not identified any other particular statements in the declarations for which it believes it lacks documents from Google's production and cannot meet its burden to show that discovery of every document consider in support of uncontested factual propositions is worthwhile on the venue motion at issue here. Weatherford Tech. Holdings, 2018 WL 4620634, at *1.

    There is good reason for the Court to be skeptical of such broad requests as Uniloc makes

here. Were the Court were to grant discovery as to every document relied on by any declarant, "it would result in permitting discovery into every declaration submitted to this Court in support of any motion." *Mobile Synergy Solutions, LLC v. AT&T Mobility LLC, et al.*, No. 6:17CV00309, 2017 WL 7389865 (E.D. Tex. Aug. 23, 2017). This would result in every declaration becoming subject to additional rounds of discovery as to underlying documents even where the documents are not proportional to the needs of the case. It is no surprise, therefore, that the *Mobile Synergy* court denied the plaintiff's "request for the documents [that declarant] relied upon in preparing or reviewing his declarations in this case." Order, *Mobile Synergy Solutions, LLC v. AT&T Mobility LLC, et al.*, No. 6:17CV00309, ECF 45 at 2 (E.D. Tex. Sep. 21, 2017). Therefore, as in *Mobile Synergy,* the Court should deny this request.

    **D.  Productions from Prior Litigations, Sealed Filings, and Venue Discovery**

Despite Google having produced substantial materials from four separate cases filed in this District after January 1, 2017, Uniloc seeks sealed filings, deposition transcripts and discovery from five additional cases filed between May 2014 and April 2016: *SimpleAir, Inc. v. Google LLC*, Case No. 2:16-cv-00388 (E.D. Tex.), *Trevor Blumenau LLC v. Google Inc. et al.*, Case No. 2:16-cv-00144 (E.D. Tex.), *Eolas Technologies Incorporated v. Google Inc.*, Case No. 6:15-cv-01039 (E.D. Tex.), P*ersonal Audio LLC v. Google Inc.*, Case No. 1:15-cv-00350 (E.D. Tex.) and *Smartflash LLC et al v. Google LLC et al.*, Case No. 6:14-cv-00435 (E.D. Tex) (collectively, "the Older Cases".) The information sought is not current, and therefore it is not relevant and proportional to the needs of a venue determination here.

Whether venue is proper is a question that is determined on the date of filing, here November 17 and December, 31, 2018. The facts and information from cases filed more than two and a half years before the cases at bar are not relevant to the venue analysis here.

Additionally, the three earliest filed of Older Cases did not have motions to dismiss for

improper venue, but rather had motions to transfer for convenience. The three earliest cases involved different patents, different witnesses and different plaintiffs than here. The facts and issues relevant to transfer motions in cases that are several years old are wholly irrelevant to the venue issues here.

Third, contrary to Uniloc's assertion, the production of sealed information from the Older Cases is burdensome, and is not simply "re-preproducing [sic] documents that have already been made," as claimed by Uniloc. (Dkt. 76 at 4.) Each document, sealed filing and transcript will require a careful review by outside counsel to determine whether it contains confidential third party information. For documents containing such information, Google must then determine if there are any agreements or protective orders governing their disclosure. And if so, Google must comply with the procedures under the associated agreements or protective orders (or both) to obtain clearance to provide the information to Uniloc. This often entails sending out numerous notice letters to third parties, and waiting for permission before producing those documents. For example in response to Uniloc's requests, Google already has sent out at least 18 different notice letters to obtain clearance to produce the materials associated with the newer cases. As such, a significant additional expense would be required to also produce documents from these old, stale cases. Therefore, production of documents from the Older Cases is not proportional to the needs of the instant cases, and Uniloc's motion should be denied.

      **E.**      **Production of Documents Promised but Not Yet Produced**

Uniloc's motion to compel documents for which Google has agreed to produce in response to Uniloc's RFP Nos. 13-21, 24 and 26 is not ripe. Before a motion to compel, Rule 37 requires first that a party "fails to produce documents," Fed. R. Civ. P. 37(a)(3)(B)(iv), but such a failure has not happened here. *See Hall v. Rent-A-Ctr., Inc.*, No. 4:16CV978, 2018 WL 4293141, at *3 (E.D. Tex. Aug. 31, 2018) (stating that a motion to compel may be filed after a party "has failed

to produce documents requested under Rule 34"). With respect to RFP Nos. 13, 16, 20, 24 and 26, Google agreed to produce documents in response to these requests as narrowed through its objections and responses and through the parties' meet and confer efforts. And Google has now done so. With respect to RFP. No. 14, Google stated in its Responses and Objections that it would not produce the requested documents because, inter alia, there were no Cynergy repair facilities in this District. (Dkt. 76-2 at 20-21.) Uniloc did not identify this response as insufficient during the parties' meet and confer efforts. With respect to RFP. No. 15, Google stated in its Objections and Responses that it did not intend to produce documents for a number of reasons (primarily relevance and burden), but indicated that it was willing to meet and confer. (Dkt. 76-2 at 21-22.) During the parties' meet and confer, Google pointed Uniloc to the declaration of a Google employee from the SEVEN Networks case which was among the documents produced in response to RFP No. 6. Google asked Uniloc to confirm that the declaration resolved any dispute with respect to RFP No. 15. But Uniloc never responded. Nor has Uniloc explained what documents it is seeking nor even how the operations of cars driving through the district occasionally can constitute a regular and established place of business. With respect to RFP No. 21, Google stated that it was not aware of testing conducted by Google in the Lake Lavon region of Plano that was the subject of the request. (Dkt. 76-2 at 29-30.) After the parties' meet and confer, Google asked Uniloc to confirm any dispute regarding RFP. No. 21 has been resolved. Uniloc has not responded. Further, as of the parties' meet and confer on August 19, 2019, Uniloc had not identified any specific deficiencies in Google's production regarding these requests. Accordingly, Uniloc's motion is not ripe, and should be denied as to these requests.

## CONCLUSION

For the foregoing reasons, the Court should deny Uniloc's motion to compel.

-8-

| Dated: August 29, 2019 | /s/ *Michael E. Jones* |
| | |
| | Michael E. Jones |
| | State Bar No. 10929400 |
| | mikejones@potterminton.com |
| | Patrick C. Clutter |
| | State Bar No. 24036374 |
| | patrickclutter@potterminton.com |
| | POTTER MINTON, P.C. |
| | 110 N. College Ave., Suite 500 |
| | Tyler, Texas 75702 |
| | Tel: (903) 597-8311 |
| | Fax: (903) 593-0846 |
| | |
| | **Attorneys for Defendants Google LLC** |

-9-

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 29, 2019.

                                                    */s/ Michael E. Jones*
                                                    Michael E. Jones
                                                    mikejones@potterminton.com