**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **UNILOC 2017 LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No. 2:18-cv-491, -492, -493, |
| | § | 495, -496, -497, -499, -500, -501, -502, |
| **GOOGLE LLC,** | § | -503, -504, -548, -550, -551, -552,  -553 |
| | § | |
| *Defendant.* | § | |
| | § | |

---

**DEFENDANT GOOGLE LLC'S OMNIBUS REPLY IN SUPPORT OF RENEWED**
**MOTION TO DISMISS FOR LACK OF STANDING AND IMPROPER VENUE**

# TABLE OF CONTENTS

**Page**

I.    UNILOC LACKS STANDING TO SUE ................................................................1

   A.   The Burden to Prove Standing Rests Squarely on Uniloc 2017 .....................1

   B.   ██████████████████████████████████████████████████

        ██   ██████████████████████████████████████████████

        ██   ██████████████████████████████████████████████

        ██   ██████████████████████████████████████████████

        ██   ██████████████████████████████████████████████

   C.   Uniloc 2017 Lacks Statutory Standing ████████████████████████
      ██████████████████████████████ .......................................5

II.   VENUE IS NOT PROPER IN THIS DISTRICT .................................................6

   A.   GGC Servers Do Not Support Venue for Any of Uniloc's Complaints .........6

      1.   Drained Servers Do Not Support Venue for the December Complaints .................7

         a.   Venue Is Assessed at the Time a Complaint Is Filed .......................7

         b.   Under *SEVEN*'s Rationale, the GGC Servers in This District Ceased Conducting Business Upon Being Drained .......................8

      2.   GGC Servers Do Not Support Venue for the November Complaints .....................9

   B.   There Are No "Google Fi Cell Towers" in the District That Could Be Regular and Established Places of Business ......................................10

   C.   The New Theories Uniloc Recycles from *PMC* Do Not Support Venue Either ..........11

      1.   The ████████████████ Is Not a Google Place of Business ..............11

      2.   Uniloc's ████████████████ Theory of Venue Also Fails ..............13

   D.   Congress Intended a Nexus Requirement ......................................15

   E.   Uniloc Has Not Adequately Alleged Acts of Infringement in This District for the Patents in the 491, 492, 495, 497, 500, 503, 504, 550, 551, and 553 Cases .................16

# TABLE OF AUTHORITIES

Page

CASES

*Alfred E. Mann Found. v. Cochlear Corp.*,
     604 F.3d 1354 (Fed. Cir. 2010) .................................................................................4

*Aspex Eyewear v. Miracle Optics*,
     434 F.3d 1336 (Fed. Cir. 2006) .............................................................................4, 5

*Bonneville Assocs., Ltd. v. Barram*,
     165 F.3d 1360 (Fed. Cir. 1999) ...............................................................................17

*Brooke Group Ltd. v. JCH Syndicate 488*,
     87 N.Y.2d 530, 640 N.Y.S.2d 479, 663 N.E.2d 635 (N.Y. 1996) ............................2

*DCV Holdings v. ConAgra, Inc.*,
     889 A.2d 954 (Del. 2005) ..........................................................................................6

*Dynamic Data Techs., LLC v. Qualcomm Inc.*,
     2:18-cv-470-RWS, Dkt. 52 (E.D. Tex. Aug. 13, 2019) ..........................................13

*Fractus, S.A. v. ZTE Corp.*,
     2:17-cv-561-JRG, Dkt. 104 (E.D. Tex. Sept. 28, 2018) ....................................12, 13

*In re Cray, Inc.*,
     871 F.3d 1355 (Fed. Cir. 2017) ..................................................................... passim

*In re ZTE (USA) Inc.*,
     890 F.3d 1008 (Fed. Cir. 2018) ............................................................................8, 13

*Intel v. Negotiated Data Solutions*,
     699 F. Supp. 2d 871 (E.D. Tex. 2010) ......................................................................1

*Kibler v. Transcontinental & Western Air, Inc.*,
     63 F. Supp. 724 (E.D.N.Y. 1945) ............................................................................15

*Kranos IP Corp. v. Riddell, Inc.*,
     No. 2:17-CV-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017) .................11

*Lawyers' Fund v. Bank Leumi Trust*,
     94 N.Y.2d 398 (2000) ................................................................................................3

*Lean Solutions Inst. v. Fed. Reserve Bank of Atlanta*,
    No. 1:12-CV-775-SCJ, 2012 WL 13014637 (N.D. Ga. Mar. 19, 2012)................................1, 2

*Level Sleep LLC v. Dormeo N. Am., LLC*,
    No. 2:18-cv-00120-RWS, 2019 WL 458467 (E.D. Tex. Feb. 1, 2019)....................................8

*Lowe v. Eltan, B.V.*,
    No. 9:05-CV-38, 2018 WL 7822940 (E.D. Tex. Dec. 12, 2018) .............................................3

*Luminara Worldwide v. Liown Elecs.*,
    814 F.3d 1343 (Fed. Cir. 2016)............................................................................................4

*Morrow v. Microsoft*,
    499 F.3d 1332 (Fed. Cir. 2007)............................................................................................4

*Nano-Proprietary v. Canon, Inc.*,
    537 F.3d 394 (5th Cir. 2008) ...............................................................................................2

*Nutrition Physiology Corp. v. Enviros Ltd.*,
    87 F. Supp. 2d 648 (N.D. Tex. 2000) ...................................................................................8

*ParkerVision, Inc. v. Apple Inc.*,
    No. 3:15-cv-1477, 2018 WL 5084731 (M.D. Fla. Jan. 9, 2018) .............................................8

*Personal Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017).............................................................................7, 8

*Prima Tek II v. A-Roo*,
    222 F.3d 1372 (Fed. Cir. 2000)............................................................................................1

*Raytheon Co. v. Cray, Inc.*,
    258 F. Supp. 3d 781 (E.D. Tex. 2017)................................................................................8,

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961).............................................................................................................8

*SEVEN Networks, LLC v. Google LLC*,
    315 F. Supp. 3d 933 (E.D. Tex. 2018)....................................................................... passim

*Sicom Sys. v. Agilent Techs.*,
    427 F.3d 971 (Fed. Cir. 2005)..............................................................................................1

*Super Interconnect Techs. LLC v. Google LLC*,
    No. 2:18-CV-00462-JRG, 2019 WL 3717683 (E.D. Tex. Aug. 7, 2019)...........................8, 10

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
    No. 13-CV-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) ...............................................16

*Timkey v. City of Lockport*,
    90 N.Y.S.3d 757 (N.Y. App. Div. 2018) ..................................................................................1

*Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*,
    No. 4:18-cv-474, 2019 WL 3082314 (E.D. Tex. Jul. 15, 2019)...............................................8

**STATUTES**

28 U.S.C. § 1391(b) .........................................................................................................7, 8

28 U.S.C. § 1400(b) ....................................................................................................7, 15, 16

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 41(a) ...................................................................16

*American Heritage College Dictionary* (3d ed. 1993)......................................................2

*Black's Law Dictionary* (8th ed. 2004)............................................................................2

## I.   UNILOC LACKS STANDING TO SUE.

### A.   The Burden to Prove Standing Rests Squarely on Uniloc 2017.

Uniloc 2017's suggestion that Google bears a burden of proof on the issue of standing is contrary to blackletter law: "The party bringing the action bears the burden of establishing that it has standing." *Sicom Sys. v. Agilent Techs.*, 427 F.3d 971, 976 (Fed. Cir. 2005). Uniloc 2017's argument that patent assignments enjoy a "presumption of validity" (Opp. at 3) is a red herring because Google's Motion does not challenge the validity of any assignment. Instead, Google's Motion invokes the principle that "an owner or licensee of a patent cannot convey that which it does not possess." *Prima Tek II v. A-Roo*, 222 F.3d 1372, 1382 (Fed. Cir. 2000). Because Fortress held an irrevocable license when Uniloc Lux assigned its patents to Uniloc 2017, Uniloc Lux lacked any exclusionary right to assign. The "validity" of the assignment itself is irrelevant.

### B.   Fortress's Irrevocable License Deprives Uniloc 2017 of Article III Standing.

#### 1.   Fortress's "Irrevocable" License Survived the ▮▮▮▮ Termination.

The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did *not*, as Uniloc 2017 erroneously contends, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Courts recognize that licenses, like other contractual rights, routinely survive the agreements that create them. *Intel v. Negotiated Data Solutions*, 699 F. Supp. 2d 871, 873–74 (E.D. Tex. 2010) (concluding that Intel's "permanent license" "survived the termination of the License Agreement"); *Timkey v. City of Lockport*, 90 N.Y.S.3d 757, 758–59 (N.Y. App. Div. 2018) (observing that "[r]ights which accrued or vested under the agreement will, as a general rule, survive termination of the agreement"); *Lean Solutions Inst. v. Fed. Reserve Bank of Atlanta*, No. 1:12-CV-775-SCJ, 2012 WL 13014637, at \*2 (N.D. Ga. Mar. 19, 2012) ("[T]he Court concludes that FRBA has a valid argument that the Agreement provides FRBA with a license to use LSI's Work Products which survives the termination of the Agreement.").



Further, the ███████████████████████████████

███████████████████████████ The parties chose to make ██

██████ ████████████████████ But they chose to make ████████████

████████████████████ If the parties had intended for a termination of ██

████████ to also terminate ████████████ they would have had no reason to make the

████████ Further, the ████████ language in ████████ specifically recites that ████

███████████████████████████████████████

███████████████████████████████████

██ ████████████ licenses are such rights under the governing law:

> Under New York law, "words and phrases used by the parties must . . . be given their plain meaning." *Brooke Group Ltd. v. JCH Syndicate 488,* 87 N.Y.2d 530, 534, 640 N.Y.S.2d 479, 663 N.E.2d 635 (N.Y. 1996). ***The term "irrevocable" is defined as "[u]nalterable; committed beyond recall***," *Black's Law Dictionary* 848 (8th ed. 2004), or ***"[i]mpossible to retract or revoke,"*** *The American Heritage College Dictionary* 719 (3d ed. 1993).

*Nano-Proprietary v. Canon, Inc.*, 537 F.3d 394, 400 (5th Cir. 2008) (emph. added). Confronted with an issue similar to that here, the court in *Nano* held that, "[b]ased upon the unambiguous meaning of 'irrevocable,' … the PLA could not be terminated." *Id.* Any other construction, the court said, would have rendered "the term[] 'irrevocable' … superfluous, in contravention of established rules of contract interpretation." *Id.*

Uniloc 2017's contention (Opp. at 4–5) that ███████████████████████

███████████████████████████████████████—is

baseline.██████████████████████████████████

---

[1] In its Opposition to Google's Motion to Dismiss for Lack of Standing and Improper Venue, Uniloc 2017 filed exhibits only in Case No. 2:18-cv-548. Google's record citations in this brief are therefore to the docket numbers in the -548 case unless otherwise specified.

2

████████████████████████████████████████████████████████████████

██████ Because Uniloc 2017's proposed construction would render this provision superfluous, it is untenable. *Lawyers' Fund v. Bank Leumi Trust*, 94 N.Y.2d 398, 404 (2000).

### 2.   Multiple Defaults Occurred Under the RSA.

Uniloc 2017 fails to address Google's evidence of ████████████████ Citing declarations by Fortress employee James Palmer, Uniloc 2017 concludes that ████████████ ████████████████████ The declarations cite no evidence, however, and they are contradicted by documentary evidence and deposition testimony. (Dkt. 78 at 6–7.) Self-serving declarations—serially produced to patch holes as they appear—cannot change the documented facts. *Lowe v. Eltan, B.V.*, No. 9:05-CV-38, 2018 WL 7822940, at *7 (E.D. Tex. Dec. 12, 2018) (finding that a party's "affidavit carries little weight because not only is it self-serving, but it also contradicts and is unsupported by the other record evidence").[2]



Uniloc 2017 next contends that the waiver of ███████████████████ constitutes a written waiver of any ████████████ under ███████████████ ███████████████████████ However, Uniloc 2017's corporate representative, ████████████ testified that ████████████████████ ████████████████ Moreover, the ████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████

---

[2] Google asked Uniloc 2017 to produce all evidence that Mr. Palmer relied on for his declarations. Uniloc 2017's counsel said that Mr. Palmer relied on *only* the documents already produced in these cases, aside from privileged communications with counsel. But as detailed in Google's Motion, the produced agreements plainly *contradict* Mr. Palmer's declarations.

Uniloc 2017 also presents no evidence that the defaults were cured. Rather, it argues that

the ███████████████████████████████████████████

██ █████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████ Uniloc 2017's predecessors were in default for the *whole duration* of the RSA.

During that time, Fortress's right to sublicense arose, and the █████████████████████

██████████████████████████████████████

Further, even if the ██████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████ No

amount ████████████████████ could have cured this default, which was not pecuniary.

**4.    ██████████████████████ Negates Article III Standing.**

Uniloc 2017 attempts to escape fundamental principles of standing by misreading two Federal Circuit cases. The first case, *Mann*, does not suggest, as Uniloc 2017 contends, that standing must exist for at least one party. *Alfred E. Mann Found. v. Cochlear Corp.*, 604 F.3d 1354, 1358–60 (Fed. Cir. 2010). As the Federal Circuit has explained, parties are free to split up patent rights as they wish, but their division of rights may deprive *all* parties of standing. *Morrow v. Microsoft*, 499 F.3d 1332, 1339–41, n.8 (Fed. Cir. 2007). Nothing in *Mann* changes the bedrock requirement that a patent plaintiff hold exclusionary rights. *Luminara Worldwide v. Liown Elecs.*, 814 F.3d 1343, 1348 (Fed. Cir. 2016). Nor does Uniloc 2017's second case, *Aspex*, alter the principle that a licensor lacks standing if a licensee has a "virtually unfettered" right to sublicense. *Aspex Eyewear v. Miracle Optics*, 434 F.3d 1336, 1341 (Fed. Cir. 2006). To the contrary, *Aspex* recognizes that such a right, by itself, would "strongly" show that the licensor gave up its

4

exclusionary rights. *Id.* at 1342. The licensor in *Aspex* possessed standing, despite having granted a sublicensing right, only because it retained a "reversionary interest." *Id.* at 1342–44. No reversionary interest exists here.

**C.   Uniloc 2017 Lacks Statutory Standing Because** ████████████████████
████████████████████

Uniloc 2017 and CF Uniloc Holdings LLC ("CF Uniloc") entered ███████████████
████████████████████████████████████████████████████
████████████████████████████ But they failed to accomplish this
purpose. The ███████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████

Rather than omit these provisions, the ███████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████

████████████████████ But a catch-all provision that conflicts with more narrowly drawn
provisions (here, ██████████████████ cannot extend rights that they have deliberately and
specifically withheld. Under Delaware law, which governs the ████████████████████,
"[s]pecific language in a contract controls over general language, and where specific and general
provisions conflict, the specific provision ordinarily qualifies the meaning of the general one."



*DCV Holdings v. ConAgra, Inc.*, 889 A.2d 954, 961 (Del. 2005). ███████

███ exhibit greater specificity, they control and trump the catch-all language in ███████

Finally, as to the alleged termination of ███████████████

████████████ deposition testimony ███████

████████████████████████████████████

████████████████████████████ ████████

████████████████████████████████ Google

has repeatedly asked Uniloc 2017 for ████████████████ but

the only agreement that Google has seen between ████████████████

████████████████████████████████████

████████████████[3]

## II.  VENUE IS NOT PROPER IN THIS DISTRICT.

### A.  GGC Servers Do Not Support Venue for Any of Uniloc's Complaints.

Uniloc's principal argument that venue is proper is that GGC servers previously served content from third-party ISP facilities in this District. But upon being drained, those servers ceased serving content to users and therefore could no longer be a "regular and established place of business" under this Court's reasoning in *SEVEN*. Moreover, in arguing otherwise, Uniloc undermines the conclusion that GGC servers could support venue even before they were drained.

---

[3] Google did not ████ ████████████████ As noted above, Mr. Etchegoyen's testimony that ████████████████ Mr. Etchegoyen testified ████████████████ ████ Uniloc 2017's failure to present a knowledgeable 30(b)(6) witness left Google on its own in attempting to navigate—in Mr. Etchegoyen's words—████████ ████████████

### 1.    Drained Servers Do Not Support Venue for the December Complaints.

Google has proven that the servers that formed the basis of the Court's ruling in *SEVEN* were drained and ceased serving content more than a month before the December Complaints were filed. ████████████████████████████████████████████████████████████

████████████████████████████ To avoid the impact of these facts, Uniloc misstates the law, ignores this Court's reasoning in *SEVEN*, and engages in speculation contradicted by the evidence.

### a.    Venue Is Assessed at the Time a Complaint Is Filed.

Uniloc urges the Court to look into the past to facts that might have existed when "its cause of action accrued." Opp. at 15. Uniloc's argument cannot be squared with the language of Section 1400(b), which states that venue is proper "where the defendant ***has committed*** acts of infringement and ***has*** a regular and established place of business." 28 U.S.C. § 1400(b) (emph. added). By using the present perfect tense ("has committed"), the statute allows a backwards-looking "acts of infringement" analysis. By contrast, the statute's "place of business" prong uses the present tense—requiring that a defendant currently "has" (not "has had") a place of business. Thus, "venue is determined under § 1400(b) by the facts and situation as of the date suit is filed." *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 930-31 (E.D. Tex. 2017). For this reason alone, the Court should reject Uniloc's argument.[4]

Uniloc also fails to distinguish any of the cases that have rejected its argument.[5] Instead, it

---

[4] Uniloc's argument is also inconsistent with the statutory framework. While the general venue statute in 28 U.S.C. § 1391(b)(2) allows venue in any district where "events or omissions giving rise to the claim occurred," Congress narrowed patent venue to districts where the defendant both "has committed acts of infringement" and "has a regular and established place of business." 28 U.S.C. § 1400(b). With its argument, Uniloc seeks to effectively broaden the "restrictive" patent venue standard to the "broad general venue provision" of Section 1391(b)(2), which lacks a contemporaneous element. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018).

[5] *See, e.g.*, *Personal Audio*, 280 F. Supp. 3d at 930-31; *Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-cv-474, 2019 WL 3082314, at *8 (E.D. Tex. Jul. 15, 2019) ("[T]he

relies primarily on *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781 (E.D. Tex. 2017), which was vacated by *In re Cray*, *Inc.*, 871 F.3d 1355, 1367 (Fed. Cir. 2017). Uniloc also points to the concern expressed in *ParkerVision, Inc. v. Apple Inc.*, No. 3:15-cv-1477, 2018 WL 5084731 (M.D. Fla. Jan. 9, 2018), over the fairness of venue "turn[ing] on whether ParkerVision had filed its Complaint just two to six weeks earlier." *Id.* at *8. But *ParkerVision* is against the weight of authority, and ignoring Uniloc's delay would be contrary to the Supreme Court and Federal Circuit's instruction that the venue statute is "specific and unambiguous … and [not] to be given a liberal construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961) (internal quotations omitted); *accord In re ZTE*, 890 F.3d at 1014.

   **b.   Under *SEVEN*'s Rationale, the GGC Servers in This District Ceased Conducting Business Upon Being Drained.**

Google respectfully maintains that GGC servers are not regular and established places of business, period, which would dispose of all of Uniloc's complaints. However, this Court's analysis of whether GGC servers are "places of business" has centered on their "delivering online content to users" within the District. *Super Interconnect Techs. LLC v. Google LLC*, No. 2:18-CV-00462-JRG, 2019 WL 3717683, at *2 (E.D. Tex. Aug. 7, 2019); *see also SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 949 (E.D. Tex. 2018). Applying this rationale, any such relevance ceased when the servers in this District stopped delivering content to users.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

Court is to look at the time the complaint is filed."); *Level Sleep LLC v. Dormeo N. Am., LLC*, No. 2:18-cv-00120-RWS, 2019 WL 458467, at *3 (E.D. Tex. Feb. 1, 2019) (same); *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 652 (N.D. Tex. 2000) (same).

[6] Unless otherwise stated, Exhibits referenced in this brief are attached to the Clark Declaration in support of the renewed motion to dismiss the cases ending in -548, -550, -551, -552, -553, and the concurrently-filed Clark Reply Declaration, which starts with Exhibit MM.



In response, Uniloc argues that drained GGC servers remained places of business because they ████████████████████████████████████████████████ ██████████████████████████████ Opp. at 14.[7] None of this is relevant. As this Court reasoned, "Google is in the business of delivering information." *SEVEN*, 315 F. Supp. 3d at 947. Under this Court's framework, when the drained GGC servers stopped serving content to users, they stopped conducting this "business" and therefore could not be a "regular and established place of business." ████████████████████████████████████████████████ ████████████████████████████████████████████████ this Court has rejected the proposition that "venue is proper in any judicial district where a defendant owns, controls, or otherwise has a connection to a piece of property, real or personal, that is related to the defendant's business." *Super Interconnect*, 2019 WL 3717683, at *2.

**2.   GGC Servers Do Not Support Venue for the November Complaints.**

Uniloc argues that after the servers were drained, ████████████████████████████ ████████████████████████ and analogizes drained servers to "[a] Costco warehouse

---

[7] ████████████████████████████████████████████████

that is closed for the weekend." Opp. at 15. Google respectfully submits that ███████████

███████████████ and thus stop conducting business, shows they are nothing like a

warehouse for purposes of venue, and do not support venue for the November Complaints either.

███████████████████████████████

████████████████ Opp. at 15 n.25; *see also* Ex. X at 24:21-24, 44:16-48:18; Ex. Y. ███

████████████████████████████████████

████████████████████ This reinforces that the "business" conducted by

GGC servers occurs in "a virtual space" and constitutes "electronic communications from one

person to another" rather than a regular and established place of business in the District as required

by the venue statute and *Cray*. 871 F.3d at 1362. Upon being drained, the servers stop serving

content and ████████████████ Ex. X at 97:20-98:8. This is vastly

different than shutting down a Costco warehouse, which would require the reassignment of

employees, redistribution of products, and disposition of real property.[8]

**B.   There Are No "Google Fi Cell Towers" in the District That Could Be Regular and Established Places of Business.**

The only other theory of venue alleged in Uniloc's complaints that Uniloc addresses in its

Opposition involves Google's wireless phone service, Google Fi. *See* Compl. ¶ 35-39; Opp. at 26.[9]

████████████████████████████████

██████████████████████████ (Exs. FF, GG; *see also*



---

[8] Uniloc's analogy to a Costco warehouse closing "for the weekend" is particularly inapt. ████
████████████████████████████████████
████████████ This is akin to the closing of a warehouse permanently.

[9] Because Uniloc makes no effort to support the complaint's other allegations, and Google has controverted those allegations with evidence showing them to be false and/or immaterial, none may be considered in assessing the propriety of venue in this District. *See Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017).

https://fi.google.com/about/faq/#coverage-1), Uniloc offers no evidence to contest Google's showing that Google does not own, lease, or have control over any cell towers in this District. *See* Ex. EE, ¶¶ 4-5. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████ Ex. G at 2230 (*see* Opp. at 26). Uniloc also notes that Google advertises enhanced network coverage, by which Google chooses whether to use Wi-Fi or a cell tower for calls and which cellular carrier's towers to use, but this too says nothing of a physical place of business *of Google* in the District. Opp. at 26. Google Fi does not support venue.

## C. The New Theories Uniloc Recycles from *PMC* Do Not Support Venue Either.

Rather than pursue its pleaded theories, Uniloc now copies and pastes arguments made by a different plaintiff in the *PMC* case. Those theories have no more merit here than they do in *PMC*.

### 1. The ██████████████████ Is Not a Google Place of Business.

Uniloc abandons the repair facility allegations in its complaint, and instead focuses on the

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



*Fractus, S.A. v. ZTE Corp.*, 2:17-cv-561-JRG, Dkt. 104 at 8

(E.D. Tex. Sept. 28, 2018) (right to "requir[e] physical barriers in the event that [third party]

cho[o]ses to represent a competitor" insufficient for venue).

[10]

Finally, despite incorrectly claiming that Google

---

[10] *See* Ex. XX, *Dynamic Data Techs., LLC v. Qualcomm Inc.*, 2:18-cv-470-RWS, Dkt. 52 (E.D. Tex. Aug. 13, 2019) (seven employees present for a total of 33 days at third-party testing facility insufficient for venue); *In re ZTE*, 890 F.3d at 1008, 1015 ("mere presence of a contractual relationship … does not necessarily make iQor's call center 'a regular and established place of business' of ZTE USA," nor did presence of two ZTE employees at the call center); *Fractus*, Ex. WW at 8 (agreement had "all the hallmarks [of] a contract solely for the provision of services").

████████████████████████████████ the webpage Uniloc cites for this false proposition is a support page for Pixel phones where Google merely informs readers that they can receive a pre-paid shipping label in order to have the device repaired. Ex. OO. ███████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████ *Fractus*, Ex. WW at 5 (fact that third-party call center employees thanked callers for "calling ZTE" was insufficient to establish venue).

    **2.**   **Uniloc's** ████████████████ **Theory of Venue Also Fails.**

The other theory Uniloc recycles from *PMC* is premised on █████████████

███████████████████████████[11] It does not support venue either.

██████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[11] ███████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████ *See,*

*e.g.*, Ex. TT at 18-21; Ex. RR 117:5-118:21; 151:15-152:8; 155:5-13.

None of the factors that the Federal Circuit identified in *Cray* as relevant to whether a

location is "the place of the defendant" is present here. 871 F.3d at 1363. ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████ [12]

Further, while Google respectfully disagrees that GGC servers are "places of business,"

██████████████████████████████████████ the Court emphasized in

*SEVEN*—"storing information in local districts to provide Google's users with quick access to …

cached data." 315 F. Supp. 3d at 956, 960. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[12] ██████████████████████████████████████████████

██████████████████████████████████████████ *See* Ex. RR at 66:21-69:15; Ex. VV at 3.



is akin to the "electronic communications" that the Federal Circuit has rejected as a basis for venue. *Cray*, 871 F.3d at 1362.

**D.   Congress Intended a Nexus Requirement.**

Uniloc does not dispute that it cannot establish a relationship between the alleged acts of infringement and the purported "regular and established places of business" asserted in its Opposition. Instead, it relies on *SEVEN* to argue that no nexus is required. Google respectfully disagrees. Dispensing with a nexus requirement would mean that the rule for venue is more generous than the rule for personal jurisdiction, in direct conflict with the Federal Circuit's admonition that Section 1400(b)'s "place of business standard requires more than the minimum

---

[13] *Kibler v. Transcontinental & Western Air, Inc.*, 63 F. Supp. 724 (E.D.N.Y. 1945), is inapposite. *Kibler* evaluated venue under the broader general venue statute, not the patent venue statute. Moreover, not only did *Kibler* address the venue rules for airplanes, not railroads, making the language quoted by Uniloc dicta (*id.* at 726), but the defendant in *Kibler* "occupie[d] offices at the airport [within the district] and ha[d] numerous employees there, [and] also hangars for the housing of its planes" (*id.* at 727), making the facts of that case entirely unlike those here.

15

contacts necessary for establishing personal jurisdiction." *Cray*, 871 F.3d at 1361. Indeed, if the Court were to interpret "regular and established place of business" to include any place where a defendant's equipment is located, regardless of the presence of a defendant's agents, a nexus requirement would be necessary to save the statute from this illogical result.

### E.   Uniloc Has Not Adequately Alleged Acts of Infringement in This District for the Patents in the 491, 492, 495, 497, 500, 503, 504, 550, 551, and 553 Cases.

Google described how Uniloc failed to adequately allege acts of infringement with respect to the asserted patents in 10 of its lawsuits. Uniloc does not respond to Google's specific showings regarding any of these patents, instead relying on broad legal assertions, none of which is availing.

First, citing *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 13-CV-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014), Uniloc argues that the filing of the complaints provides notice for purposes of indirect infringement. But even if any of the complaints provided sufficient notice for purpose of post-complaint inducement, *id.* at *2, that would not establish acts of infringement in this District at the time the complaints were filed as required for venue.

Second, Uniloc's claims of pre-suit notice based on a prior unserved complaint cannot be squared with the settled "rule in the federal courts is that the effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Bonneville Assocs., Ltd. v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999). Prior lawsuits cannot cure Uniloc's failure to allege facts supporting notice.

Third, Uniloc argues "[e]ach of the complaints alleges the use of the products in this District," Opp. at 27, but ignores that **no** part of the allegedly infringing acts occur in this District because the accused processes occur on Google's equipment located outside this district.[14]

---

[14] For example, the '954 patent asserted in the 504 case contains only system claims reciting a server, a database, and a memory. The memory contains a program (with steps), but the program is executed by the server and all steps are performed by the server where the server is located.

Dated:  November 20, 2019             Respectfully submitted by:

*/s/ Michael C. Hendershot, with permission by*
*Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3641

Sanjiv P. Laud
JONES DAY
90 South Seventh Street
Suite 4950
Minneapolis, MN 55402
Telephone: (612) 217-8879
slaud@jonesday.com

John D. Kinton (Calif. State Bar No. 203250)
JONES DAY
4655 Executive Drive
Suite 1500
San Diego, CA 92121
Telephone: 858.314.1190
Facsimile: 844.345.3178
Email: jkinton@jonesday.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com

17

POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-499; 2:18-cv-552**


*/s/ Robert Unikel, with permission*
*by Michael E. Jones*
Robert Unikel
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Main: 312-499-6000
Facsimile: (312) 499-6100

Elizabeth Louise Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
 Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

18

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-491; 2:18-cv-492; 2:18-cv-497; 2:18-cv-
500; 2:18-cv-501; 2:18-cv-550; 2:18-cv-551**


*/s/ Michael C. Hendershot, with permission
by Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter

19

State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-493**

*/s/ Michael A. Berta, with permission by
Michael E. Jones*
Michael A. Berta
(California Bar No. 194650)
Michael.berta@arnoldporter.com
Arnold & Porter, 10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

David Caine (California Bar No. 218074)
David.Caine@arnoldporter.com
Telephone: (650) 319-4710
Bonnie Phan (California Bar No. 305574)
Bonnie.Phan@arnoldporter.com
Telephone: (650) 319-4543
Michael Nguyen
michael.nguyen@arnoldporter.com
Telephone: (650) 319-4718
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807

Nicholas Lee (California Bar No. 259588)
Nicholas.Lee@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4156

Nicholas Nyemah (DC Bar No. 1005926)
Nicholas.Nyemah@arnoldporter.com
Telephone: (202) 942-6681
Paul Margulies (DC Bar No. 1000297)
Paul.Margulies@arnoldporter.com
Telephone: (202) 942-6990
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Mark Samartino (Illinois No. 6313889)
Mark.Samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4321
Telephone: (312) 583-2437

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendant Google LLC**
**2:18-cv-496; 2:18-cv-503; 2:18-cv-504; 2:18-cv-548**

/s/ *Joseph Drayton, with permission*
 *by Michael E. Jones*
Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel:  212-479-6275
Fax:  212-479-6275
Email:  jdrayton@cooley.com

21

Priya B. Viswanath
CA Bar No. 238089
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Tel:  650-843-5000
Fax:  650-849-7400
Email:  pviswanath@cooley.com

Rose S. Whelan
DC Bar No. 999367
Elizabeth Cannon Shrieves
VA Bar No. 93768
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington DC  20004-2400
Tel:  202-842-7800
Fax:  202-842-7899
Email:  rwhelan@cooley.com
Email: eshrieves@cooley.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

David Perlson
davidperlson@quinnemanuel.com
Jonathan Tse
 jonathantse@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6344
Fax: 415-875-6700

22

Deepa Acharya
deepaacharya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900 20005
Washington, D.C. 20005-4107
Tel: 202-538-8107
Fax:  202-538-8100

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3641

**Attorneys for Defendants Google LLC
2:18-cv-495**

/s/ *Joseph Drayton, with permission
by Michael E. Jones*
Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel:  212-479-6275
Fax:  212-479-6275
Email:  jdrayton@cooley.com

Priya B. Viswanath
CA Bar No. 238089
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Tel:  650-843-5000
Fax:  650-849-7400
Email:  pviswanath@cooley.com

Rose S. Whelan
DC Bar No. 999367
Elizabeth Cannon Shrieves
VA Bar No. 93768
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700

23

Washington DC  20004-2400
Tel:  202-842-7800
Fax:  202-842-7899
Email:  rwhelan@cooley.com
Email: eshrieves@cooley.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-502**

*/s/ David Perlson, with permission by
Michael E. Jones*
David Perlson
davidperlson@quinnemanuel.com
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Jonathan Tse
 jonathantse@quinnemanuel.com
David Doak
daviddoak@quinnemanuel.com
Antonio Sistos
antoniosistos@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6344
Fax: 415-875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900 20005

Washington, D.C. 20005-4107
Tel: 202-538-8107
Fax:  202-538-8100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Earl Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel:  212-479-6275
Fax:  212-479-6275
Email:  jdrayton@cooley.com

**Attorneys for Defendants Google LLC
2:18-cv-553**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on November 20, 2019.

*/s/ Michael E. Jones*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael E. Jones*