FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017, LLC | § | CIVIL CASE NOS. 2-18-cv-00491, 492, |
| Plaintiff, | § | 493, 494, 495, 496, 497, 499, 500, 501, |
| v. | § | 502, 503, 504, 548, 550, 551, 552, 553 |
| | § | |
| GOOGLE LLC, | § | ***FILED UNDER SEAL*** |
| Defendant. | § | |
| | § | **JURY TRIAL DEMANDED** |

**SUR-REPLY OPPOSING GOOGLE LLC'S MOTION TO DISMISS FOR LACK OF
STANDING AND IMPROPER VENUE UNDER RULES 12(B)(1), 12(B)(3) AND 12(B)(6)[1]**

---

[1] To avoid simply repeating arguments already addressed in its response, Uniloc does not address every argument raised in Google's reply.  By not addressing every issue in this sur-reply, Uniloc is not waiving any argument raised in its response.  Uniloc is not conceding, for example, that nexus is required by the venue statute.  Rather, the issue has already been addressed by Uniloc's response and need not be addressed again.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**Table of Contents**

I.      Google's challenge to constitutional standing fails ..............................................1

        A.      The new cases cited in Google's reply do not hold that parties to an ████████
                ████████████████████████████████..................................1

        B.      Google misconstrues ████████████████..............................2

                1.      Google's claim that the parties ████████████████████████
                        ████████████████████ misconstrues the plain language
                        of the ████████████████..................................2

                2.      Google's own interpretation of ████████████████████
                        ████████████████..................................4

        C.      Any ████████████████████████ ..................................4

        D.      A right to sublicense would not deprive Uniloc of constitutional standing............6

II.     Google's challenge to statutory standing fails ..................................7

III.    Venue is proper ..................................................8

        A.      Google's GGC servers and the place they occupy are regular and established
                places of business of Google..................................8

        B.      ████████████████████████ Google's regular and established
                places of business..................................11

                1.      The ████████ are "of the defendant.". ..................................11

                2.      The ████████ are a physical place ..................................12

                3.      The ████████ are places of Google's business. ..................................13

        C.      The ████████████ is a regular and established place of business of Google
                ..................................................13

        D.      Uniloc adequately alleged acts of infringement..................................14

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## Table of Authorities

**Cases**

*Intel v. Negotiated Data Solutions*,
  699 F. Supp. 2d 871, 873–74 (E.D. Tex. 2010) .................................................... 1, 2

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  CV 18-452-WCB, 2019 WL 330515, at *4 (D. Del. Jan. 25, 2019)........................................ 14

*Kibler v. Transcon. & W. Air*,
  63 F. Supp. 724, 726 (E.D.N.Y. 1945)............................................................... 13

*Lean Sols. Inst., Inc. v. Fed. Reserve Bank of Atlanta*,
  1:12-CV-0775-SCJ, 2012 WL 13014637, at *2 (N.D. Ga. Mar. 19, 2012)............................. 2

*Nano-Proprietary, Inc. v. Canon, Inc.*,
  537 F.3d 394, 399 (5th Cir. 2008)................................................................. 1

*SEVEN Networks, LLC v. Google LLC*,
  315 F. Supp. 3d 933 (E.D. Tex. 2018) ......................................................... 8, 9, 12

*Super Interconnect Techs. LLC v. Google LLC*,
  2:18-CV-00462-JRG, 2019 WL 3717683 (E.D. Tex. Aug. 7, 2019)..................................... 8, 9

*Timkey v. City of Lockport*,
  167 A.D.3d 1490, 1491, 90 N.Y.S.3d 757, 758–59 (N.Y. App. Div. 2018).............................. 2

*Westmoreland Coal Co. v. Entech, Inc*,
  100 N.Y.2d 352, 358, 794 N.E.2d 667, 670 (2003) .................................................. 4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## I.     GOOGLE'S CHALLENGE TO CONSTITUTIONAL STANDING FAILS.

Google's reply brief fails to salvage Google's challenges to constitutional standing. Google cannot get around the simple fact that ██████████████████████████████████ ██████████████████████████████████████ Even if it could, ████████████ ███████████████████████████

### A.  The new cases cited in Google's reply do not hold that parties to an ████████ ████████ may not mutually agree to terminate the license.

Google is unable to cite a single case holding parties to an ██████████ cannot mutually agree to terminate that license.  Uniloc's response cites ample authority to the contrary, showing that ████████████████ prevents *unilateral* revocation of an agreement by one party, not a *mutual* termination by the parties.  *See* Resp. at 4-5.  Uniloc's response also points out that the cases cited in Google's motion support the same principle.  *Id.*  Google's reply abandons the cases cited in its motion and cites several new cases, but Google's new cases fare no better than its old ones.

The case on which Google's reply primarily relies, *Nano-Proprietary*, did not involve an "issue similar to that here," as Google claims.  Rather (like those cited in Google's motion), it involved one party's attempt to unilaterally terminate an irrevocable agreement based on a material breach by the other party.  *Nano-Proprietary, Inc. v. Canon, Inc.*, 537 F.3d 394, 399 (5th Cir. 2008) ("Nano argued before the district court that Canon breached the PLA when it permitted SED to use the licensed patents. **Because of this breach, Nano sought termination of the PLA**.") (emphasis added).  The court found Nano could not unilaterally terminate the agreement "notwithstanding a material breach of the agreement" by the other party. *Id.*  The other cases cited out of context in Google's string cite also did not find parties to an irrevocable agreement were prevented from mutually terminating it.[1]  Indeed, none of the cases even involved an irrevocable

---

[1]     In *Intel*, the court noted certain licenses survived "expiration" of a license agreement because the license agreement expressly stated that "in the event of expiration of the term of this Agreement . . . the licenses and mutual releases granted pursuant to this Agreement . . . shall survive . . . for the lives of . . . NATIONAL PATENTS."  *Intel v. Negotiated Data Solutions*, 699 F. Supp. 2d 871, 873–74 (E.D. Tex.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

agreement or a mutual termination of such an agreement.[2]  There simply is no authority to support Google's position.  Instead, courts have rejected the very argument Google makes, finding it "stretche[s] credulity" and ignores the basic principle of contract law that parties to an agreement are free to mutually reform that agreement. Reply at 4-5.

### B.  Google misconstrues ███████████████████████

In an attempt to support its misinterpretation of ████████████████████████████████

███████████████████

### 1.  Google's claim that the parties could only ███████████████████████████ **misconstrues the plain language of** ██ ████████████████████████

Google first argues the parties ██████████████████████████████████

████████████████████████████████  █████████████████████████

███████████████████████████████████████

███████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

---

2010).  *Intel* did not interpret the meaning of "irrevocable" (a word that appears nowhere in the opinion) or involve a situation where, as here, the parties mutually agreed to terminate a license.

In *Timkey*, the plaintiff sued his former employer (the City of Lockport) for medical benefits under a collective bargaining agreement.  The City argued the plaintiff lost his medical benefits when, after 21 years of employment, he left the City's employ.  The court found the plaintiff's right to medical benefits vested when he satisfied criteria under the collective bargaining agreement, and there was no language in the agreement suggesting that he lost those benefits by changing jobs.  The opinion does not contain the word "irrevocable" and does not interpret its meaning. *Timkey v. City of Lockport*, 167 A.D.3d 1490, 1491, 90 N.Y.S.3d 757, 758–59 (N.Y. App. Div. 2018)

*Lean Solutions* involved FRBA's unilateral termination of all existing work orders from its independent contractor, LSI, and the parties' dispute concerning whether FRBA could continue to use LSI's intellectual property after the termination. *Lean Sols. Inst., Inc. v. Fed. Reserve Bank of Atlanta*, 1:12-CV-0775-SCJ, 2012 WL 13014637, at *2 (N.D. Ga. Mar. 19, 2012).

[2] *Id.*

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Turner Decl., Ex. A.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Finally, Google is asking this Court to distort ██████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████

**2.** **Google's own interpretation of** ████████████████████████████
███████████████████████

████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████    █
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████

**C.** ████████████████████████████████████████████

As explained in Uniloc's response, ████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████

---

[3] *Westmoreland Coal Co. v. Entech, Inc.*, 100 N.Y.2d 352, 358, 794 N.E.2d 667, 670 (2003) ("The meaning of a writing may be distorted where undue force is given to single words or phrases[.]")

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

██████████████████████████████████   ███████████████████

██████████████████████

      One paragraph after arguing a self-serving declaration "cannot change the documented

facts," ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████   █████████   █████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████

      ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████

      ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[4] ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



**D.** ██████████████████ **would not deprive Uniloc of constitutional standing.**

As already explained in Uniloc's response, *Mann* plainly states that there is always a category one plaintiff and nothing in *Morrow* supports a contrary conclusion.  Resp. at 10-11. Google's reply contains no meaningful attempt to explain away *Mann*, much less rebut Uniloc's discussion of *Morrow*.  *See* Resp. at 11, n.16.

Google's attempt to distinguish *Aspex* also fails.  Google insists it is distinguishable because the agreement in *Aspex* had a "reversionary interest."  (The "reversionary interest" stated that unless terminated earlier, the agreement would end on March 6, 2003.).  The court found

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Chic's rights, however substantial in other respects, were valid only for a limited time. █████

███████████████████████████████████████████████████████████

██████████████████████████████████████████

## II.   GOOGLE'S CHALLENGE TO STATUTORY STANDING FAILS.

████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

_____

[6] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████ █ ████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ ████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ ██████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

Google's statutory standing arguments are baseless.  Even if they had merit, the solution to a lack of statutory standing is joinder, not dismissal.

## III.     VENUE IS PROPER.

Venue is proper in this District because Google has committed acts of infringement here and has a regular and established place of business here.

### A. Google's GGC servers and the place they occupy are regular and established places of business of Google.

Regarding the November Cases, Google has already admitted the GGC servers are regular and established places of Google if this Court applies the same analysis it applied in *SEVEN* and in *Super Interconnect*.  See Resp. at 13-14.  Google argues for the first time in its reply that ████

████████████████████████████████████████████

████████████████████████ Arguments introduced for the first time in a reply are not properly before this Court and should be disregarded. Google's attempt to paint this argument

8

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

as a reply to Uniloc's response is unconvincing since the allegations on which it is based were known to Google before Google filed its motion.  Even considering this new argument, it should be rejected for the reasons articulated in *SEVEN* and *Super Interconnect*.

Regarding the December Cases, the GGC serves were also regular and established places of Google as of the date of filing.  Google now admits that after the GGC servers were drained on November 23, 2018, ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████ ████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████ ██████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████ ██████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ ███████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████ █ ███████████████████████████████

        █████████████████████████████████████████████████████████

██████████████████████████████████ █████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████ *Super Interconnect Techs.*
*LLC v. Google LLC*, 2:18-CV-00462-JRG, 2019 WL 3717683, at *2 (E.D. Tex. Aug. 7, 2019) (explaining *SEVEN*).  Google is ██████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████   █████████████████████ *e*

*also* Resp. at 14.

**B. Google's** ████████████████████████ **are Google's regular and established places of business.**

Google's ████████████████████ are Google's regular and established places of

business. ███████████████████████████████████████████████████

████████████████████   ███████████████████████████████

**1. The** █████████████ **are "of the defendant."**

Google insists the █████████████ do not satisfy the "of the defendant" factor under *Cray*

because Google does not "own[] or lease[]" them, but the evidence shows Google uses ███

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████   It cannot be the case, as Google insists, that a "lease" agreement satisfies the "place of

the defendant" factor under *Cray* ███████████████████████████████████

██████████

██████████████████████████████████████████████████████████

███████████████████████████████████   ████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████   ████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████   █████████████████████████

███████████████████████████████████████████████████████████████

---

[10] ████████████████████████████████████████   █████████████████████
███████████████████████████████████████████████   iloc is, therefore, not seeking
an adverse inference.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████  ██████████████████████████████  ████████

█████████████████████████████████████████████████████████

████████████████████████████ ny businesses do not have title to their place of business.

████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████ Resp. at 19-21; *see also* Resp. at 16-18.

███████████████████████████████████████████████

this Court already determined in *SEVEN* that *Cray* does not require employees to work at the regular and established place of the defendant's business.

**2.   The** ████████████ **are a physical place.**

The ████████████ are a "physical place" under *Cray.* ██████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

████████████████████████████████████████████████████████

███████████████████████████

**3.   The** ████████████ **are places of Google's business.**

As explained in Uniloc's respons ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████. *Kibler v. Transcon. & W. Air, 63 F. Supp. 724*, 726 (E.D.N.Y. 1945) (opining, under a different statute  that, "a railroad is a resident of every county where it operates, where it has a place of business,  where it runs, where it owns property and runs its road, [and] through which its line passes") (quotations omitted). ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████  ████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████

**C.   The** ██████████████████████ **is a regular and established place of business of Google.**

Google does not dispute that the ████████████████ is a physical place, that it is regularly established, or that it is a place of business.  It disputes only whether it is "Google's place of business."  Reply at 11.  Google does not dispute th ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

13

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Google merely disputes Google's conclusion. Google likewise claims █████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ us, Google holds the facility out as its own.

### D. Uniloc adequately alleged acts of infringement.

Google's reply claims it described how Uniloc failed to adequately allege acts of infringement and criticizes Uniloc for responding with broad legal arguments. The broad legal arguments in Uniloc's response are, however, rebuttals to the same broad legal errors contained in each of Google's motions where Google claims Uniloc failed to adequately allege infringement. Google does not meaningfully respond to these arguments in its reply. Google does not, for instance, provide any legal support for its erroneous claim that pre-suit knowledge is required for induced or contributory infringement. It is not. *See* Resp. at 27.

Google claims that prior complaints, which were later dismissed, could not give it pre-suit knowledge because Rule 41(a) dismissals "render the proceedings a nullity and leave the parties as if the action had never been brought." Reply at 16. A Rule 41(a) dismissal makes the prior proceedings a *legal* nullity; it does not erase events that occurred in the past. Uniloc does not point to the prior lawsuits as evidence of any legal effect of those proceedings. Rather, they demonstrate the *fact* that Google had pre-suit knowledge – a fact Google does not deny. To the extent necessary, Uniloc is willing to amend its complaints to specifically mention the prior cases that gave Google pre-suit knowledge but sees little purpose in requiring such a formality given the *fact* of Google's undisputed pre-suit knowledge.[11]

---

[11] *See e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, CV 18-452-WCB, 2019 WL 330515, at *4 (D. Del. Jan. 25, 2019) ("The Court sees no purpose that would be served by the formality of requiring IOENGINE to file an amended complaint in order to be allowed to assert knowledge of the patents during the period following the filing of the original complaint.").

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CONCLUSION

For the foregoing reasons, Google's motions to dismiss should be denied.

Dated: November 26, 2019                    Respectfully submitted,

                                            */s/ James L. Etheridge*

                                            James L. Etheridge
                                            Texas State Bar No. 24059147
                                            Ryan S. Loveless
                                            Texas State Bar No. 24036997
                                            Brett A. Mangrum
                                            Texas State Bar No. 24065671
                                            Travis L. Richins
                                            Texas State Bar No. 24061296
                                            ETHERIDGE LAW GROUP, PLLC
                                            2600 E. Southlake Blvd., Suite 120 / 324
                                            Southlake, Texas 76092
                                            Telephone: (817) 470-7249
                                            Facsimile: (817) 887-5950
                                            Jim@EtheridgeLaw.com
                                            Ryan@EtheridgeLaw.com
                                            Brett@EtheridgeLaw.com
                                            Travis@EtheridgeLaw.com

                                            **ATTORNEYS FOR PLAINTIFFS**

15

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on November 26, 2019.

*/s/ Ryan S. Loveless*
Ryan S. Loveless


## CERTIFICATE OF FILING UNDER SEAL

I certify that this motion was filed under seal pursuant to the protective order entered in each respective case.


*/s/ Ryan S. Loveless*
Ryan S. Loveless

16