# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC, | Civil Action No.  2:18-cv-491-JRG-RSP |
| Plaintiffs, | |
| v. | **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |
| GOOGLE LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION TO STRIKE PORTIONS OF
UNILOC 2017 LLC'S INFRINGEMENT CONTENTIONS**

In its infringement contentions, Uniloc 2017 LLC ("Uniloc") failed to chart Google Duo ("Duo") or identify how it is allegedly equivalent to the charted products, as required by P.R. 3-1. Uniloc had access to public materials describing Duo's relevant functionality at the time it filed its contentions. Therefore, there is no reasonable explanation for Uniloc's failure to disclose its infringement theories. Google LLC ("Google") would be unfairly prejudiced if Uniloc were allowed to assert undisclosed infringement theories. Google respectfully requests that the Court strike the portions of Uniloc's infringement contentions relating to Duo and any infringement claims against Duo.

## I.    BACKGROUND

Uniloc served its infringement contentions on May 6, 2019. Ex. A. The contentions included a chart that purportedly mapped the elements of the asserted claims against Google's Products: Google Hangouts Classic and Google Hangouts Meet. *Id.* The heading of the chart referenced an additional product, "Duo (which is being phased out)." *Id*. It is unclear what Uniloc means by the parenthetical. Aside from its location in the header, Duo is entirely absent from the rest of the chart. *Id*. There is no analysis in the infringement contentions or the chart for how Duo allegedly infringes or for how this uncharted product is similar to the charted ones. *Id.* Duo is additionally absent from Uniloc's complaint, aside from a footnote claiming Duo, along with many other products, is provided to residents of this District. Dkt. 1.

Uniloc still has not explained why it believes Duo is reasonably similar to the charted products. On June 17, 2019, Google sent a letter to Uniloc explaining that Uniloc's infringement contentions were deficient at least insofar as they failed to provide any analysis of Duo and similarly situated products in other, related cases. Ex. B. Uniloc responded on June 27, 2019 that it was not required to chart these products because it was "unaware" of any meaningful differences between them and the charted products. Ex. C. Uniloc's letter provided no analysis for how the

1

uncharted products were similar to the charted ones and instead shifted responsibility to Google, stating, "[y]our letter does [not] identify any alleged differences between the . . . products named in your letter and the additional products charted . . . ." *Id*. Last, Uniloc stated that Google was required to produce documents concerning "reasonably similar" products. *Id*. On July 11, 2019 Google sent Uniloc a letter citing a public website that shows Duo's relevant functionality and explaining that Duo cannot infringe. Ex. D. On July 15, 2019 Google further stated that Uniloc's infringement contentions were deficient under the local rules and that Google would treat the uncharted products as though they were not part of Uniloc's respective cases. Ex. E.

Hearing nothing from Uniloc in response, on November 13, 2019 Google requested a meet and confer on a motion to strike the uncharted products. Ex. F. From that time until the present motion, Uniloc sent a number of letters. Only the following correspondence relates to Google's motion to strike. Uniloc sent a letter regarding the contemplated motion to strike on November 19, 2019. Ex. G. Rather than substantively addressing the issue at hand or providing its basis for "reasonable similarity" between the products, the portions of the letter objecting to the motion to strike were lifted almost verbatim from its June 27, 2019 letter. Ex. C. On December 6, 2019 Google sent a letter to Uniloc once again explaining that a motion to strike is proper. Ex. H.  The day before the scheduled meet and confer, Uniloc sent a letter which once again failed to provide any explanation of equivalency between the uncharted and charted products. Ex. N. The parties met and conferred on December 13, 2019, and reached an impasse.

The parties have already made important disclosures in this case and are into discovery. Invalidity contentions have been served. Dkt. 40. The joint claim construction statement and Uniloc's opening claim construction brief have been filed. *Id*. The deadline to substantially

complete document production passed. Importantly, the deadline for Uniloc to file its amended pleadings has also passed—and no amendments were filed. *Id*.

To date, Uniloc has not provided any analysis on how Duo allegedly infringes. In its first set of interrogatories, Google asked Uniloc to explain its theories of infringement for each product Uniloc alleges infringes the asserted patent. Ex. I at Interrogatory No. 12. In its September 12, 2019 response, Uniloc simply referred to its deficient infringement contentions. Ex. J at Response to Interrogatory No. 12. Uniloc has also provided no analysis of how Duo is allegedly similar to the charted products.

## II.     LEGAL STANDARD

The Local Patent Rules require that infringement contentions contain "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality[.]" P.R. 3-1(c). "The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). "Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005).

"Local patent rules are a valid exercise of a court's authority to manage its docket," and "a court has the inherent power to enforce its scheduling orders and to impose sanctions." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 821–22 (E.D. Tex. 2007) (*citing* Fed. R. Civ. P. 16(f); *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006); *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 n. 3 (5th Cir. 1968)). When deciding whether to strike infringement contentions, courts in the Eastern District of Texas often consider whether there is unreasonable delay in disclosing the infringement theory and a danger

of unfair prejudice. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693-JRG-RSP, 2017 WL 3007464, at \*2 (E.D. Tex. July 14, 2017); *Comput. Acceleration*, 503 F. Supp. 2d at 822.

## III.     ARGUMENT

### A.     Uniloc Has Not Sufficiently Charted Duo Under P.R. 3-1(c) or Explained How Duo and the Charted Products Are Reasonably Similar

The Local Patent Rules require that infringement contentions include "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality[.]" P.R. 3-1(c). Duo appears in the heading of Uniloc's chart, but Uniloc does not outline any analysis of Duo in the chart itself. Ex. A. Duo is also absent from Uniloc's complaint, aside from a footnote claiming Duo and other products are provided to residents of this District. Dkt. 1. Uniloc has also failed to provide any infringement theory for Duo in its interrogatory responses, correspondence, or by any other means. This failure to disclose an infringement theory leaves Google guessing as to the accused functionalities for Duo.

Although plaintiffs "need not necessarily chart every accused instrumentality," they must "otherwise provide sufficient notice to [defendant] of its infringement theories." *Alacritech*, 2017 WL 3007464, at \*4. In order to use exemplary charts, plaintiffs must show how the charted and uncharted products are similar. For example, in *UltimatePointer, LLC v. Nintendo Co., Ltd.*, the Court found "[t]o designate and chart only an exemplar accused infringing product, Plaintiff must provide an explanation of the technical and functional identity of the products represented." No. 6:11-cv-496, 2013 WL 12140173, at \*3 (E.D. Tex. May 28, 2013). The Court in *Jaipuria v. LinkedIn Corp.* similarly found infringement contentions insufficient under the rules where "Plaintiffs have not explained why these products are similar" further stating "broad conclusory allegations that the products are similar do not allow Plaintiffs to circumvent the Local Rules."

4

No. 6:11-CV-00066, 2013 WL 12146741, at *3 (E.D. Tex. Mar. 27, 2013) (citing *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 WL 1903903, at *4 (E.D. Tex. May 25, 2012)).

This Court has found a failure to chart and lack of explanation for reasonable similarity insufficient under the rules. *Alacritech Inc. v. CenturyLink, Inc.*, 2017 WL 3007464. In *Alacritech*, the defendant moved to strike references to uncharted products, where footnotes alleged merely that the uncharted products met the same limitations as the charted products. *Id.* This Court stated that plaintiff could chart representative products but that it was "not convinced Alacritech's contentions sufficiently explain the basis for the equivalency and why [the charted products] are representative of other accused instrumentalities." *Id.* at *4. The Court also noted "broad conclusory allegations that the products are similar does not satisfy the rules." *Id.* (citations omitted).

Like the plaintiff in *Alacritech*, Uniloc similarly failed to chart Duo or "explain the basis for the equivalency." In a letter sent nearly two months after the deadline to serve contentions, Uniloc still did not affirmatively assert that the products were similar, instead stating that it was "unaware" of any meaningful differences between the products. Ex. C. Such "broad conclusory" statements of similarity are deficient under the rules for the reasons set forth in *Alacritech*. *See also Comput. Acceleration*, 503 F. Supp. 2d at 819 (finding that referencing a product in the footnotes of an infringement contention chart was insufficient under the rules and striking that infringement theory).

Uniloc has cited numerous cases, sometimes multiple times, in correspondence on this topic. None save Uniloc's deficient contentions. In its June 27 and November 19 letters, Uniloc cited the same three cases for its assertion that it is not required to chart Duo. Exs. C, G. Uniloc's reliance on these cases is misplaced. In *Orion IP, LLC v. Staples, Inc.*, the plaintiff charted aspects

of the accused product (*i.e.*, certain pathways of the accused website). 407 F. Supp. 2d 815, 817–18 (E.D. Tex. 2006). In contrast, Uniloc failed to chart Duo entirely. And neither *Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co.* nor *Spansion, Inc. v. USITC* concerned deficient P.R. 3-1 contentions. 425 F.3d 1366, 1377 (Fed. Cir. 2005) (overruled on other grounds) (concerning whether an expert's test of a representative process defined the defendant's system); 629 F.3d 1331 (Fed. Cir. 2010).

Uniloc's December 12 letter cites *Eolas Technologies Inc. v. Amazon.com, Inc.*, to support its position that is not required to chart Duo. No. 6:15-cv-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016); Ex. N. But, *Eolas* is inapposite. The court found that a representative chart was appropriate, stating "multiple instrumentalities can apply to the same chart where separate charts would be identical for each instrumentality." *Id* at *3. However, as the briefing in *Eolas* makes clear, plaintiff specifically pointed to "search" functionalities in the uncharted products that it believed infringed and charted a non-mobile version of the uncharted mobile product. Ex. O, *Eolas Technologies Inc. v. Amazon.com, Inc.*, 6:15-cv-01038, Dkt. No. 155 at 6–7 (E.D. Tex. Aug. 18, 2016). Uniloc has not done either here. Unlike in *Eolas*, the contentions do not point to any specific functionalities of Duo, it is merely listed in the header. Also unlike in *Eolas* this is not a case where defendants are complaining plaintiff failed to chart another version of the same product (*e.g.*, mobile versus non-mobile versions). The uncharted product is a different product from the charted ones.

Uniloc string cited five cases in its December 12 letter, apparently to support that it does not have to disclose "specific evidence" of infringement in its contentions. Ex. N. But, these cases do not concern motions to strike uncharted products and thus are unhelpful to resolving the question at hand. *See id.*; *see also Thomas Swan & Co. Ltd. v. Finisar Corp.*, No. 2:13-cv-178,

6

2014 WL 12599221 (E.D. Tex. Apr. 16, 2014);[1] *Whipstock Services, Inc. v. Schlumberger Oilfield Services*, No. 6:09-cv-113, 2010 WL 143720 (E.D. Tex. Jan. 8, 2010); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009); *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, No. 6:09-cv-89, 2009 WL 4906860 (E.D. Tex. Dec. 9, 2009)*; Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 5216909 (E.D. Tex. July 20, 2009). Uniloc has not sufficiently charted Duo under P.R. 3-1(c) or explained how Duo and the charted products are reasonably similar. Uniloc's infringement contentions are deficient and none of Uniloc's cited case law shows otherwise.

**B.      There Is No Reasonable Explanation for Uniloc's Delay, and Google Will Suffer Unfair Prejudice Should Uniloc Be Allowed to Continue With Its Currently Undisclosed Infringement Theories**

Despite having access to publicly available information on Duo's relevant functionality, Uniloc has not provided any analysis of Duo's alleged infringement in its original infringement contentions, discovery responses, or correspondence and has not amended its contentions or pleadings. Uniloc has also failed to explain how this uncharted product is similar to the charted ones. Google is not on notice of Uniloc's infringement theories for Duo and is therefore unfairly prejudiced by the continued assertion of any such theories.

Uniloc has offered no reasonable explanation for this failure to chart Duo. First, if Uniloc sincerely believes the uncharted and charted products operate similarly, it should at least be able to provide the evidence that helped it come to that conclusion. Further, Uniloc had access to public information that described Duo's relevant features at the time it filed its infringement contentions on May 6, including at least the following reference at Ex. K.

---

[1] Google believes this is the case Uniloc meant to cite in its letter, which it appears to have mistakenly captioned as 2:12-cv-00832. *See* Ex. N.

As publicly available information shows, there are also material differences between Duo

and the charted products. In fact, in a July 11 letter, Google pointed Uniloc to one such example.

*See* Ex. L.[2] The website shows that Duo did not support group calls until May 2019 and as of that

date only supports calls of up to eight people, where all participants are continually displayed. The

parties agree that the asserted claims require displaying a subset of participants. *See* Dkt. 146 at

10. Specifically, the asserted claims require displaying "current" and "new" conference

participants. Ex. M at Claim 1. The parties agree that the "current" participants are a subset of

participants in the conference and the "new" participant is not among the "current" ones. Dkt. 146

at 10. In other words, the method requires displaying a subset of participants. All versions of Duo,

however, display everyone at once and therefore cannot infringe under the parties agreed

constructions. Thus, Duo is not reasonably similar to the charted products. In fact, it is materially

different.

To the extent Uniloc claims it needs Google's source code or other documents to chart Duo

or determine how it is similar to the charted products, it is unclear how Uniloc was able to assert

a good faith claim of infringement in the first instance. Further, at this stage, any attempt to request

these documents is dilatory. Nearly five months ago, on July 15, Google informed Uniloc that it

would not produce any discovery related to Duo. Uniloc did not object until over four months later,

and only after Google requested a meet and confer to strike this product. There is no reasonable

explanation for Uniloc's delay in disclosing its infringement theory for the uncharted product.

Google has suffered unfair prejudice by being forced to prepare key defenses without

notice of  Uniloc's infringement theories as to Duo. Google will continue to suffer unfair prejudice

---

[2] This exhibit is a PDF print-out of this website: https://www.blog.google/products/duo/few-new-features-try-your-next-video-call-google-duo/. The link includes a description of Duo, and an animation of the Duo display.

if Uniloc is allowed to carry on asserting infringement against Duo. In *Computer Acceleration*, 503 F. Supp. 2d at 821, the Court struck infringement contentions under these circumstances. There, plaintiff CAC charted Windows XP and referenced Vista in a footnote. The court struck the portions of the infringement contentions referring to the uncharted product as well as plaintiff's infringement claims against the product, stating, "Microsoft should not have to guess which claims CAC will assert against Vista . . . . It is undisputed that there are differences between the Prefetch technology used by Windows XP and the SuperFetch technology utilized by Vista. This factor weighs heavily in favor of striking the infringement contentions involving Vista." *Id*. at 823.

The court further stated "[n]obody even vaguely familiar with discovery rulings of the courts of the Eastern District under the Local Court Rules or the Rules of Practice for Patent Cases could have any thought that this court is going to allow a party to ambush an opponent with a [] disclosure contained in a footnote." *Id*. at 824–25. Uniloc should similarly not be permitted to do so here, especially where the relevant functionality is materially different from the charted products.  Like in *Computer Acceleration*, the Court should strike the uncharted products.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court strike the portions of Uniloc's infringement contentions relating to Duo as well as the infringement claims against Duo.

DATED:  December 13, 2019        Respectfully submitted,

By: */s/ Robert W. Unikel*
    Robert W. Unikel
    robertunikel@paulhastings.com
    Michelle Marek Figueiredo (IL Bar #6297112)
    michellemarek@paulhastings.com
    Matthew Richard Lind (IL Bar #6327241)
    mattlind@paulhastings.com
    John A. Cotiguala (IL Bar #6311056)
    johncotiguala@paulhastings.com
    **PAUL HASTINGS LLP**
    71 South Wacker Dr., 45th Floor
    Chicago, IL 60606
    Telephone: (312) 499-6000
    Facsimile: (312) 499-6100

    Elizabeth L. Brann (CA Bar #222873)
    elizabethbrann@paulhastings.com
    Ariell Nicole Bratton (CA Bar #317587)
    ariellbratton@paulhastings.com
    **PAUL HASTINGS LLP**
    4747 Executive Drive, 12th Floor
    San Diego, CA 92121
    Telephone: (858) 458-3000
    Facsimile: (858) 458-3005

    Robert Laurenzi (NY Bar #3024676)
    robertlaurenzi@paulhastings.com
    **PAUL HASTINGS LLP**
    200 Park Avenue, 26th Floor
    New York, NY 10166
    Telephone: (212) 318-6000
    Facsimile: (212) 318-6100

    Michael E. Jones
    State Bar No. 10929400
    mikejones@potterminton.com
    E. Glenn Thames, Jr.
    State Bar No.00785097
    glennthames@potterminton.com
    Patrick C. Clutter
    State Bar No. 24036374
    patrickclutter@potterminton.com
    **POTTER MINTON, P.C.**
    110 N. College Ave., Suite 500
    Tyler, Texas 75702

10

Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on December 13, 2019 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

*/s/ Robert W. Unikel*
Robert W. Unikel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 13th day of December, 2019. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Robert W. Unikel*
Robert W. Unikel

11

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under

seal pursuant to the Court's Protective Order entered in this matter.

 */s/ Robert W. Unikel*
Robert W. Unikel

12