**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSALL DIVISION**

| | |
|---|---|
| UNILOC 2017, LLC,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC.,<br>    Defendant. | §<br>§<br>§   CIVIL ACTION NOS. 2:18-cv-00491,<br>§        -492, -497, -501, -550,  & -551<br>§<br>§<br>§<br>§   **JURY TRIAL DEMANDED**<br>§<br>    **FILED UNDER SEAL** |

**MOTION TO COMPEL PRODUCTS REASONABLY
SIMILAR TO CHARTED PRODUCTS**

I. **BACKGROUND**

This Court has long held that the "scope of discovery may include products and services … 'reasonably similar' to those accused in" patent infringement contentions under P.R. 3-1 ("PICs"). *Epicrealm, Licensing, Inc. v. Autoflex Leasing, Inc.*, No. 2:05-cv-163-DF-CMC 2007, WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007). This rule "comports with the 'notice pleading and broad discovery regime created by the Federal Rules' and the 'right to develop new information in discovery.'" *Id.* (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). Similarly, a party asserting infringement "need not necessarily chart every accused instrumentality if its contentions otherwise provide sufficient notice to [the accused infringer] of its infringement theories." *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693-JRG-RSP, 2017 WL 3007464, at *4 (E.D. Tex. Jul. 14, 2017).

On May 6, 2019 and June 17, 2019, Uniloc 2017 LLC ("Uniloc") timely served its PICs in each of the respective cases: Civil Action Nos. 2:18-cv-00491, -492, -497, -501, -550, and -551.[1] Each PIC included one or more claim charts where Uniloc put Google LLC ("Google") on notice of its infringement theory in the context of one infringing product.[2] Some of the PICs charted a Google product's use of a specific video codec. A video codec is a software module that compresses and decompresses digital video.[3] Although Uniloc was not obligated to do so—as a courtesy and in the hopes of avoiding future disputes—Uniloc identified reasonably similar products and codecs. In particular, Uniloc voluntarily identified in its PICs (i) products that were reasonably similar to the charted products and (ii) other reasonably similar video codecs used by

---

[1] -491 Case, Dkt. 21; -492 Case, Dkt. 21; -497 Case, Dkt. 22; -501 Case, Dkt. 16; -550 Case, Dkt. 21; -551 Case, Dkt. 22.
[2] Uniloc uses the term "product" broadly to include the definition of Accused Instrumentalities under P.R. 3-1(b).
[3] *See* https://en.wikipedia.org/wiki/Video_codec.

1

the charted products. Uniloc's PICs also notified Google of the Court's *Epicrealm* holding noted above. Accordingly, Uniloc provided "sufficient notice" of its infringement theories by charting at least one accused product per case; Uniloc need not chart every "reasonably similar" accused product to obtain discovery on such products.

For instance, in the -492 Case, Uniloc's PICs identified two Google products: YouTube (its video streaming service) and Stadia (at the time, Google's yet-to-be-launched gaming service capable of streaming videos). -492 Case, Dkt. 146, Ex. A at 7. At the time Uniloc served its PICs, Google had announced Stadia; Google launched Stadia in November 2019.[4] Uniloc also identified two video codecs used with YouTube: VP9 and AV1. *Id.* Both VP9 and AV1 are video codecs.[5] Google developed both VP9 and VP10 and incorporated VP10 (which was the successor of VP9) into AV1.[6] AV1 "build[s] on the codebase of VP9."[7] Shortly before the filing of these cases, Google had used AV1 in a Beta Launch.[8] In its PICs, Uniloc put Google on notice of its infringement theory by charting one exemplary product (YouTube) in conjunction with one exemplary codec (VP9). -492 Case, Dkt. 146, Ex. A at 7-76.

The PICs for the -501, -550, and -551 Cases each identify the Google Cloud Platform and that platform's use of the Anvato Media Content Platofrm to fully automate encoding of video content across multiple platforms and devices.[9] In its PICs, Uniloc pointed to Anvato's documents stating that Anvato supports at least the following video codecs: H.264, H.265, and VP9.[10] To put Google on notice of its infringement theory, Uniloc charted the representative case of one

---

[4] *See* https://en.wikipedia.org/wiki/Google_Stadia
[5] *See* https://en.wikipedia.org/wiki/AV1; https://en.wikipedia.org/wiki/VP9.
[6] *See* https://en.wikipedia.org/wiki/VP9
[7] *See* https://en.wikipedia.org/wiki/AV1
[8] *See* https://www.youtube.com/playlist?list=PLyqf6gJt7KuHBmeVzZteZUlNUQAVLwrZS
[9] *See* https://cloud.google.com/blog/products/gcp/welcome-anvato-to-the-google-cloud-platform-team (cited in Uniloc's PICs in the -501, -550, and -551 Cases).
[10] *See* https://dev.anvato.net/api/encoding#encoding-profile (cited in Uniloc's PICs in the -501, -550, and -551 Cases).

particular codec (H.264) to put Google on notice of Uniloc's infringement theory.

The table below shows how Uniloc put Google on notice of the infringement theories:[11]

| Case No. | Identified Products | Identified Video Codecs | Charted Product | Charted Video Codec |
|---|---|---|---|---|
| -491 | Hangouts and Duo | Not Applicable | Hangouts | Not Applicable |
| -492 | YouTube and Stadia | VP9 and AV1 | YouTube | VP9 |
| -497 | YouTube, Google, Cloud, Google Ad Manager, and Stadia | Not Applicable | YouTube and Google Cloud | Not Applicable |
| -501 | Google Cloud Platform (including Anvato Media Content Platform) and Google Pixel Devices | H.264, H.265 (also known as HEVC), and VP9[12] | Google Cloud Platform (including Anvato Media Content Platform) and Google Pixel Devices | H.264 |
| -550 | Google Cloud Platform (including Anvato Media Content Platform) | H.264 and H.265 (also known as HEVC)[13] | Google Cloud Platform (including Anvato Media Content Platform) | H.264 |
| -551 | Google Cloud Platform (including Anvato Media Content Platform) | H.264 and H.265 (also known as HEVC)[14] | Google Cloud Platform (including Anvato Media Content Platform) | H.264 |

With respect to each of the products and video codecs identified but not charted, Google has refused to produce "documents sufficient to show the operation" of Accused Instrumentalties as required by P.R. 3-4(a). In four separate letters sent over the span of nearly six months, Uniloc has repeatedly informed Google of the authorities noted above regarding "reasonably similar"

---

[11] *See, e.g.*, -491 Case, Dkt. 153, Ex. A at 7; -492 Case, Dkt. 146, Ex. A at 7; -497 Case, Dkt. 154, Ex. A at 7.
[12] *See* https://dev.anvato.net/api/encoding#vod-encoder-api (cited in Uniloc's -501 PICs).
[13] *See* https://cloud.google.com/solutions/media-entertainment/use-cases/live-streaming/ (cited in Uniloc's -550 PICs).
[14] *See* https://cloud.google.com/solutions/media-entertainment/use-cases/video-encoding-transcoding/ (cited in Uniloc's -551 PICs).

3

products.[15] Google's refusal is particularly troubling give its admission that many of the "reasonably similar" products were not yet released and/or there was limited public information regarding the details of technical operation. Google has taken the position that Uniloc must first establish the the uncharted products and codecs are "reasonbly similar."[16] The parties were unable to resolve this dispute in a December 13, 2019 meet and confer conference.

## II. ANALYSIS

### A. The Burden to Show That a Product is "Reasonably Similar" Should Not Fall on Uniloc, Especially When the Information is Solely Within Google's Possession

By serving its PICs charting at least one product, Uniloc has put Google on notice of its infringement theory in each of the cases at issue. *Alacritech*, 2017 WL 3007464, at *4 (a party asserting infringement "need not necessarily chart every accused instrumentality if its contentions otherwise provide sufficient notice to [the accused infringer] of its infringement theories"). Google is the only party that possesses and can provide "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality." P.R. 3-4(a). Accordingly, under P.R. 3-4(a) and this Court's case law, Google must produce "documents sufficient to show the operation" of not only the Accused Instrumentalities, but those "reasonably similar" to those charted.[17]

It makes no sense to place the burden on Uniloc, when the information under P.R. 3-4(a) is solely within Google's position, custody, or control. *See Eolas Tech. Inc. v. Amazon, Inc.*, No. 6:15-cv-01038, 2016 WL 7666160, at *2 (E.D. Tex. Dec. 5, 2016) ("[G]iven Plaintiff's assertion

---

[15] *See, e.g.*, -491 Case, Dkt. 153, Exs. C, G, N; Uniloc also sent Google a letter on this issue on December 12, 2019 (not attached due to page limit restrictions).

[16] *See* -491 Case, Dkt. 153, Ex. H at 2.

[17] Under P.R. 3-4(a), Google is also obligated to produce "reasonably similar" products known to Google. For instance, if Google is aware of a other "reasonably similar" products or codecs, it must produce the corresponding documents under P.R. 3-4(a).

that Defendants have not produced all documents and code reflecting their [accused products,] it is unreasonable to expect Plaintiff to draft ICs in great detail.") For instance, Google has admitted during the lead up to this Motion that Stadia was not yet released. -491 Case, Dkt. 153, Ex. E at 1.

Google's hide-the-ball approach is further confirmed by arguments in its Motions to Strike. For instance, in the -491 Case and with respect to Duo, Google relies on a non-technical, 4-page Google blog entry by one its employees, a product manager named Humberto Castaneda, where he wrote: "now up to eight people can catch up with group calling on Duo. Group calling is now available globally." -491 Case, Dkt. 153, Ex. L. According to Google, Mr. Castaneda's blog entry establishes "Duo did not support group calls until May 2019" and that because according to Google "[a]ll versions of Duo … display everyone at once and therefore cannot infringe under the parties agreed constructions." -491 Case, Dkt. 153, at 8. There are multiple problems with Google's approach. *First*, Google has not identified Mr. Castaneda on its initial disclosures, provided any sworn testimony from Mr. Castaneda, or indicated whether Mr. Castaneda has knowledge of Duo's technical operation. An unsworn blog entry should not be a surrogate for the documents required under P.R. 3-4(b). *Second*, Mr. Castaneda's blog entry is ambiguous and fails to support the contentions of Google's counsel. There's no indication when group calling first became available in the United States (as opposed to "globally") and whether "all versions … display everyone at once." *Third*, by itself the statement of counsel for Google that "[a]ll versions of Duo … display everyone at once" is not evidence. Google has refused to identify in discovery the different versions of Duo, let alone provide the documents required by P.R. 3-4(b). Google's counsel should provide the requisite documents.

### B. Google's Ability to Argue That Uncharted Products Do Not Infringe Demonstrates that Uniloc's Contentions Provide Sufficient Notice

Google's position is further undermined by its ability to take non-infringement positions

5

with respect to the uncharted "reasonably similar" products. For instance, with respect to Duo, Google has made detailed arguments why it does not infringe. -491 Case, Dkt. 153, Ex. D at 2 (explaining why Duo "does not infringe"). By doing so, Google essentially admits that the infringement contentions provide sufficient notice of Uniloc's infringement theory. *See Eolas*, 2016 WL 7666160, at *2 (finding no failure to comply with P.R. 3-1 when defendant made non-infringement argument for uncharted accused products).

### C. The AV1 and H.265 Video Codecs Are "Reasonably Similar" to the Charted Codecs and Google Should Produce Documents Accordingly

Documents cited in Uniloc's PICs and other public information establish that the uncharted video codecs are reasonably similar to the ones charted. For instance, in the -492 Case, Uniloc charted a product (YouTube) in conjunction with one particular video codec (VP9). *See infra*. But as noted above, the AV1 video codec "build[s] on the codebase of VP9" and "was developed as a successor to VP9."[18] Accordingly, it is more than reasonable to infer that AV1 operates in a similar way as VP9. Google argues that AV1 is a "separate and independent Google product[]" than VP9. -491 Case, Dkt. 153, Ex. D at 2. This argument is not credible given that AV1 is the progeny of and "build[s]" on VP9. It is also unfair to place the burden on Uniloc when one of Google's own software engineers responsible video processing testified that he only had "vague[]" knowledge of how the accused video codecs worked. Ryan Decl., Ex. A (testifying that his knowledge of how VP9 and AV1 respectively works as "very vague[]" and "even less").

In the -501, -550, and -551 Cases, the interchangeable nature of video codecs is also apparent. The Google documentation cited above cites to both the H.264 and H.265 (also known as HEVC) interchangably and without making any distinction between the two codecs. H.265 is

---

[18] *See* https://en.wikipedia.org/wiki/AV1

6

an "extension of the concepts in H.264."[19] Again, a reasonable inference is that they operate similarly, and Google should comply with P.R. 3-4(b) with respect to all of the codecs listed in the above table.

> **D. Duo, Ad Manager, and Stadia are "Reasonably Similar" to the Charted Products, and Google Should Produce Documents**

Uniloc has already addressed the untenability of Google's position with respect to the uncharted Duo product. *See infra*. With respect to Ad Manager (at issue in the -497 Case) and Stadia (at issue in the -492 and -497 Cases), Google has argued that Uniloc has failed to establish that these products are "reasonably similar" to the charted products. Google makes vague references to certain public information being available regarding these products, but refuses to identify such information. Again, the only party that has the definitive information on how Ad Manager and Stadia operates is Google. As noted, Stadia was only released in November 19, 2019, just one month ago. One of the charted products—YouTube—is dominant in providing videos to consumers and nearly ubiquitous in certain segments. It is not unreasonable to infer that Google would employ YouTube technologies and/or components of such technologies when rolling out its new Ad Manager and Stadia products. Google has argued without support that Stadia and Ad Manager are "separate and independent Google products" from YouTube. Google's statement can only be verified by producing the required documents under P.R. 3-4(a).

---

[19] https://en.wikipedia.org/wiki/High_Efficiency_Video_Coding

| | |
|---|---|
| Date: December 24, 2019 | */s/ Ryan Loveless* |
| | James L. Etheridge |
| | Texas Bar No. 24059147 |
| | Ryan S. Loveless |
| | Texas Bar No. 24036997 |
| | Brett A. Mangrum |
| | Texas Bar No. 24065671 |
| | Travis L. Richins |
| | Texas Bar No. 24061296 |
| | Jeff Huang |
| | Brian M. Koide |
| | Etheridge Law Group, PLLC |
| | 2600 E. Southlake Blvd., Suite 120 / 324 |
| | Southlake, TX 76092 |
| | Tel.: (817) 470-7249 |
| | Fax: (817) 887-5950 |
| | Jim@EtheridgeLaw.com |
| | Ryan@EtheridgeLaw.com |
| | Brett@EtheridgeLaw.com |
| | Travis@EtheridgeLaw.com |
| | JHuang@EtheridgeLaw.com |
| | Brian@EtheridgeLaw.com |

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on December 24, 2019, the foregoing document was served upon all counsel of record for the Defendant via the Court's electronic filing system.

*/s/ Ryan Loveless*
Ryan Loveless

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred with counsel on December 13, 2019 in a good faith attempt to resolve the matters raised by this Motion. The parties were unable to reach agreement. Google LLC indicated it opposes the relief requested by this Motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

*/s/ Ryan Loveless*
Ryan Loveless

## CERTIFICATE OF FILING UNDER SEAL

I certify that this motion was filed under seal pursuant to the protective order entered in each respective case.

*/s/ Ryan S. Loveless*
Ryan S. Loveless