**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § § | |
| Plaintiff | § § § § § § § | Civil Action Nos. 2:18-cv-491-JRG-RSP<br>2:18-cv-492-JRG-RSP<br>2:18-cv-497-JRG-RSP<br>2:18-cv-501-JRG-RSP<br>2:18-cv-550-JRG<br>2:18-cv-551-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § § | |
| Defendant. | § § § | |

**GOOGLE LLC'S OPPOSITION TO UNILOC'S MOTION TO COMPEL PRODUCTS
REASONABLY SIMILAR TO CHARTED PRODUCTS**

**I.      INTRODUCTION**

Faced with motions to strike uncharted products from its infringement contentions ("PICs"), Uniloc now belatedly seeks to broaden discovery. Uniloc has failed even to attempt to show that the uncharted products and codecs are "reasonably similar" to the charted ones or that Uniloc was diligent in seeking this new information, even though Uniloc bears the burden of establishing such similarity to justify discovery. Instead, Uniloc seeks to shift the burden to Google to disprove "reasonable similarity." Uniloc's belated approach disregards the clear edicts and purposes of this Court's rules, which demonstrate high expectations as to plaintiff's preparedness before bringing suit, and requiring that plaintiffs disclose their contentions at the outset of the case. Uniloc's motion to compel should be denied.

**II.     STATEMENT OF FACTS**

Uniloc's complaints in its motion are either (a) belated reactions to issues long-ago raised by Google or (b) improperly raised (without any prior meet-and-confer by Uniloc or impasse reached). On July 15, 2019, Google informed Uniloc that Google was not on notice of Uniloc's infringement theories for products mentioned in the preambles of its PICs, without any corresponding explanations: Duo (-491), Ad Manager (-497), Stadia (-492 and -497) (collectively, "Uncharted Products"). -491, Dkt. 153 at Ex. E. Google also stated that it would not produce discovery on the Uncharted Products. *Id*. On November 19, 2019, only after Google requested a meet and confer on a motion to strike the Uncharted Products, Uniloc objected. *Id*. at Ex. G. Following a meet and confer on December 13, 2019, Google moved to strike portions of Uniloc's PICs and any infringement claims against the Uncharted Products. *See* -491, Dkt. 153; -492, Dkt. 146; -497, Dkt. 154 (collectively "Motions to Strike").[1]

---

[1] In Google's Motions to Strike, the Uncharted Products include the uncharted AV1 codec, which Uniloc has suggested it might accuse.

In addition to discovery on the Uncharted Products, Uniloc's motion asks for discovery regarding the H.265 video codec (-501, -550, and -551) and VP9 (-501) (collectively with AV1, the "Uncharted Codecs"). But, before this premature motion, Google is unaware of any request by Uniloc for such codec information in these cases. In fact, the H.265 and VP9 codecs were not mentioned in Uniloc's PICs for the -501 case, ████████████████████████████████████████████████████████████████████████ and H.265 was mentioned without any specific infringement allegation in the -551 case. Uniloc never even asked for a meet and confer on its new discovery demands related to H.265 and VP9. Unikel Decl. ¶ 2.

Uniloc's proposed order strangely identifies Hangouts (-491), YouTube (-492 and -497), "Google Cloud" (-497), "Google Cloud Platform (including Anvato Media Content Platform)" (-501, -550, and -551), H.264 (-501, -550, and -551), and Pixel (-501). -491, Dkt. 159; -492, Dkt. 151; -497, Dkt. 160; -501, Dkt. 152; -550, Dkt. 120; -551, Dkt. 114 ("Mot."), Proposed Order. Uniloc does not include any argument in its motion about these other products listed in its proposed order and at the time Uniloc filed its motion, the parties had not reached an impasse on any specific complaints as to these products. Unikel Decl. ¶ 3.

**III.    LEGAL STANDARD**

The scope of discovery *may* include products that are "reasonably similar" to specifically accused products. *See Epicrealm, Licensing, Inc. v. Autoflex Leasing, Inc.*, No. 2:05-cv-163-DF-CMC, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007). To demonstrate that it is entitled to discovery concerning "reasonably similar" products, plaintiff bears the burden to show (1) its PICs provided the defendant notice of a specific theory of infringement; (2) the uncharted products for which it seeks discovery operate in a manner "reasonably similar" to the charted theory; and (3) it was diligent in seeking relevant information, including whether public

information was available that would have allowed the plaintiff to chart the products in its PICs. *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656–58 (E.D. Tex. 2009).

## IV. ARGUMENT

### A. Google's Motions to Strike Should Resolve Uniloc's Motion to Compel Discovery on Duo, AV1, Ad Manager, and Stadia

If Google's Motions to Strike are granted, it should not have to produce discovery on these products because they will not be relevant. *See Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671 LED–JDL, 2012 WL 1903903, at *10 (E.D. Tex. May 25, 2012) (denying motion to compel on products struck from PICs).

### B. Uniloc Cannot Establish That the Uncharted Products and Codecs Are "Reasonably Similar" to the Accused Instrumentalities

Uniloc's motion rests on the premise that "under P.R. 3-4(a) and this Court's case law, Google must produce 'documents sufficient to show the operation' of not only the Accused Instrumentalities, but those 'reasonably similar' to those charted." Mot. at 4. But it is Uniloc's burden to establish "reasonable similarity," and Uniloc has never even attempted to explain the now-alleged "reasonable similarity" of the Uncharted Products and Codecs. *See Honeywell*, 655 F. Supp. 2d at 654–59.

Uniloc cites *Alacritech v. CenturyLink, Inc.*, No. 2:16-cv-693-JRG-RSP, 2017 WL 3007464 (E.D. Tex. Jul. 14, 2017), to support that it put Google on notice of its infringement theories for the Uncharted Products and Codecs by charting one allegedly representative product. But *Alacritech* found plaintiff's PICs did not explain equivalency between the charted and uncharted products and ordered the plaintiff to either explain any alleged reasonable similarity in amended PICs or to chart those products. *Id.* at *4. *Eolas Technologies Inc. v. Amazon.com, Inc.*, No. 6:15-cv-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016), merely states PICs do not need to contain "great detail" in the absence of documents describing the accused products. *Id.* at *2.

3

It does not absolve Uniloc of its burden to explain "reasonable similarity." In fact, the plaintiff in *Eolas* pointed to functionalities in the uncharted products it believed infringed and charted versions of the uncharted products. *See* -491, Dkt. 153 at Ex. O. Further, neither of these cases concern motions to compel uncharted products; instead they relate to motions to strike PICs. Neither changes the fact that a plaintiff must meet its burden of establishing reasonability similarity; it is not the defendant's duty to disprove it.

### 1. Uncharted Products – Duo (-491), Ad Manager (-497), and Stadia (-492 and -497)

Uniloc does not, and cannot, meet its burden to show "reasonable similarity" between Duo and Hangouts as related to the asserted claims' requirements. *See* -491, Dkt. 153 at 8. Duo allows only up to eight people in a group call, and all participants are continually displayed. *Id*. Thus, Duo does not display a subset of participants, which the parties agree is a basic requirement of the asserted claims. *Id.*

Uniloc claims Google has not provided evidence that "all versions [of Duo] . . . display everyone at once" and attacks the documents on various bases. Mot. at 5. Uniloc's attempted critique of Google's evidence is insufficient to establish "reasonable similarity."[2] Moreover, Uniloc attempts to improperly shift its burden to Google. Regardless, public documents readily available to Uniloc show the availability of Duo as either a one-on-one call or a group call of up to eight people where everyone is displayed at once. -491, Dkt. 153 at Exs. K, L.[3]

---

[2] Uniloc's argument that Google is on notice of Uniloc's infringement contentions as to Duo because Google is able to make non-infringement arguments is a red herring. Google's position is based on agreed claim constructions and the operation of Duo, not on infringement theories regarding Duo disclosed by Uniloc (there are none). -491, Dkt. 153 at 8; Mot. at 5-6. While Uniloc cites *Eolas*, the plaintiff in *Eolas* provided infringement theories on the uncharted products. -491, Dkt. 153 at 6.

[3] *See also* https://duo.google.com/about/ showing the same. Unikel Decl. ¶ 4.

Uniloc argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This claim is unfounded and insufficient. *See Honeywell*, 655 F. Supp. 2d at 656. Ad Manager is a separate, complex platform involving many technologies.[4] Uniloc provides no argument for "reasonable similarity" to YouTube besides that it "infers" as much. Further, Uniloc deposed a Google employee who stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, belying any connection between the two services. Unikel Decl. ¶ 6. Uniloc also states that only Google can know how Ad Manager and Stadia operate and that Google has not identified any publicly available information on these products. Mot. at 7. While it is Uniloc's burden to establish reasonable similarity, Google did cite public websites in its Motion to Strike. -497, Dkt. 154 at Exs. J, K. Uniloc cannot justify its effort to gain broad and burdensome discovery on a host of uncharted products by asserting that they *might* (*or might not*) infringe and that it is Google's burden to prove non-infringement, without ever having received infringement charts or explanations.

2. **Uncharted Codecs – H.265 (-501, -550, and -551), VP9 (-501), and AV1 (-492)**

Uniloc cannot show that the H.265, VP9, and AV1 standards are "reasonably similar" to the standards charted in its PICs.[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That same Wikipedia page, however, lists numerous differences between the codecs, including "motion vector prediction[.]" Unikel Decl. ¶ 7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For example, the patent at issue in the

---

[4] *See* https://www.blog.google/products/admanager/introducing-google-ad-manager/. Unikel Decl. ¶ 5.
[5] Note that the VP9 standard *is* properly at issue in the -492 case.

-492 case is entitled "Unequal Error Protection of Video Based On *Motion Vector Characteristics*." -492, Dkt. 1 at Ex. A. While ███████████████████████████

██████████████████████████████████████████████

███ it is unclear what "Google documentation" Uniloc is relying on as they have cited to nothing specific. In fact, H.264 and H.265 are different codecs and operate differently, as even the Wikipedia page that Uniloc cites indicates. *Id.* at 6–7, n.19. Uniloc cannot satisfy its burden of establishing "reasonable similarity" simply by declaring it.

For VP9, ███████████████████████████████

████████████████████████████████████ However, there is no dispute VP9 codec was *not charted* in the -501 case, and Uniloc cites no evidence showing that the codec is "reasonably similar" to the charted H.264 standard. Indeed, VP9 is a separate coding standard from H.264 with its own detailed, publicly available specification. Unikel Decl. ¶ 8.

For AV1, Uniloc states only that AV1 allegedly █████████████████████

█████████████████████. AV1 is a separate coding standard from VP9 with its own detailed, publicly available specification. Unikel Decl. ¶ 9. Uniloc failed again to draw upon the publicly available information and to chart any alleged infringement by AV1.[6]

### C. Uniloc Has Not Shown Diligence

A plaintiff must show that it diligently sought discovery to succeed on a motion to compel. *Honeywell*, 655 F. Supp. 2d at 656–58. In *Global Sessions,* this Court applied the *Honeywell* standard and denied a similar motion to compel. 2012 WL 1903903, at *5.

---

[6] Uniloc claims it is unfair to place the burden of showing "reasonable similarity" on it because a single Google employee testified in a personal deposition ████████████████████████
████████████████████████████████" Mot. at 6. Uniloc's argument makes no sense (particularly given the availability of public information concerning the Uncharted Products and Codecs), and Uniloc cites no case law to support shifting the burden and permitting broad discovery in the absence of even basic PICs, charts and/or explanations.

Specifically, it struck products from amended PICs and denied discovery where the plaintiff could have charted the products in its PICs but did not. *Id*. Uniloc's motion to compel should also be denied because it was not diligent in seeking this discovery. The Uncharted Codecs are open source codecs available to Uniloc, yet Uniloc did not chart them in its PICs, or even attempt to provide an explanation of infringement or "reasonable similarity" to the charted codecs. Similarly, Uniloc could have used publicly available information to chart all of the Uncharted Products in its PICs and could have sought discovery into them, but again Uniloc did nothing. Google informed Uniloc in July 2019 that it would not be producing discovery related to the Uncharted Products and AV1 because they were not properly accused in the PICs. At that time, Uniloc should have, (a) attempted to supplement its PICs to address Google's concern, or (b) raised its discovery concerns at that time. Instead, for months Uniloc ignored Google's position and failed to raise issues concerning discovery on the Uncharted Products and AV1.[7]

Just as egregiously, in its present motion, Uniloc included improper, premature demands for discovery on H.265 and VP9, notwithstanding that (a) Uniloc never before had asked Google for this improper discovery and (b) Uniloc ignored the meet and confer requirements with regard to these new discovery demands. Uniloc was not diligent in pursuing the discovery that it now claims to want. Uniloc's motion to compel should be denied for this reason alone.

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Uniloc's motion to compel.

---

[7] Though Uniloc claims that it could not have charted Stadia because that product was formally released in November 2019, public information on Stadia has been available since before its release. -492, Dkt. 146 at Ex. K. Tellingly, Uniloc did not seek leave to supplement its PICs to chart Stadia since its release. Of course, such a motion could not have been successful in the -497 case, as the patent in that case expired in March 2019.

DATED: January 7, 2020         Respectfully submitted,

By: */s/ Robert Unikel*
Robert Unikel
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
**PAUL HASTINGS LLP**
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com

8

Patrick C. Clutter  
State Bar No. 24036374  
patrickclutter@potterminton.com  
**POTTER MINTON, P.C.**  
110 N. College Ave., Suite 500  
Tyler, Texas 75702  
Telephone: (903) 597-8311  
Facsimile: (903) 593-0846  

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 7th day of January, 2020. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Robert Unikel*  
Robert Unikel

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Robert Unikel*  
Robert Unikel
