IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017, LLC,<br>　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC.,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NOS. 2:18-cv-00491<br><br><br>**JURY TRIAL DEMANDED** |

**MOTION TO COMPEL GOOGLE'S IDENTIFICATION AND
PRODUCTION OF FINANCIAL DOCUMENTS**

I.  **BACKGROUND**

On September 10, 2019, Uniloc 2017 LLC ("Uniloc") served interrogatories on Google LLC ("Google"), including Interrogatories Nos. 4 and 6.

**Interrogatory No. 4** requests:

> For each version of products or software corresponding to the ACCUSED INSTRUMENTALITY made, imported, used, sold, offered for sale, provided, supported, or caused to be provided by or on behalf of YOU, please IDENTIFY all ways in which YOU derived or will derive revenue *along with any DOCUMENTS used to develop your response and revenue, profit and costs associated with each ACCUSED INSTRUMENTALITY.*

On October 31, 2019, after Uniloc agreed to Google's extension requests, Google responded with the following:

> Google's investigation and document collection are ongoing. Pursuant to Federal Rule of Civil Procedure 33(d), Google will produce and identify by Bates number documents from which the answer to this interrogatory may be determined at substantially the same burden by either party.

**Interrogatory No. 6** requests:

> *IDENTIFY by Bates number* and describe all licenses, settlement agreements, or covenants-not-to-sue, technology transfer agreements or any other agreements or contracts providing any rights to patents or technologies entered into by YOU, or of which YOU are aware, that relate to any patent or patent application (from any jurisdiction or nationality) that (i) relates to the functions and features set forth in PLAINTIFFS' infringement contentions for each ACCUSED INSTRUMENTALITY or technology that you contend is similar to the functions and for each ACCUSED INSTRUMENTALITY or that (ii) YOU contend is comparable to a license that YOU and PLAINTIFFS would have agreed to in a hypothetical negotiation in this case.

And again, Google responded with the following:

> Google's investigation is ongoing. After a reasonable search, Google will produce and identify by Bates number licenses reasonably related to the patent in suit. Google may also rely on licenses, agreements, or other materials produced by Uniloc or third parties.

In its answers, Google did not identify a single produced document or a single Bates number. And, Google has not updated this interrogatory since. Relatedly, Uniloc has repeatedly informed Google that its financial documents productions are deficient – including in letters sent on December 10, 2019 and December 19, 2019.[1]

On December 10, 2019, Uniloc wrote Google explaining the reasons why Google's responses to Interrogatories Nos. 4 and 6 were insufficient. This Motion addresses those reasons below. The parties met and conferred on January 3, 2020 and January 10, 2020. Google refused to commit to a date when it will produce its financial documents, much less provide a full and complete response to the Interrogatories Nos. 4 and 6. Instead, Google seems to expect that Uniloc should have to wait indefinitely. Accordingly, the parties have reached an impasse.

## II.   ARGUMENTS

### A.   Google Must Produce Financial and Damages-Related Information as Required by This Court's Disclosure Protocol and in Response to Interrogatories Nos. 4 and 6

Uniloc's interrogatories have been outstanding for more than four months, and Google has been under an obligation to produce all relevant documents since discovery opened. Further the deadline for substantial completion of document production has long since come and gone.[2] Further still, discovery closes March 30, 2020, and Uniloc needs these documents to prepare its expert reports. But rather than comply with its discovery obligations, much less in a timely manner, Google continues to delay and stall and put off responding and producing documents, seemingly

---

[1] Uniloc has attempted to work with Google on remedying this deficiency. To date Google has not even committed to a date certain when any such financial documents or information will be produced.

[2] *See* Dkt. 102 at 4 (Deadline to substantially complete document production due on November 25, 2019).

indefinitely. Each meet and confer results in Google "still working on" producing its financial documents and a promise to produce at some time, but a refusal to commit to a date when it would be complete such production. Google has had many months to "work on" finding and producing its financial documents, and given that at this late stage of the litigation Google is "still working on" producing its first financial document, it appears Google only very recently even began to search for its financial documents. Uniloc cannot be expected to wait indefinitely for Google to make good on its empty representations.

Google must produce this long-outstanding financial and damages-related discovery consistent with the Federal Rules, this Court's local rules and orders, and Google's own representations.

### B. Uniloc Should Not Bear the Burden to Identify All the Ways Google Derives Revenue for Each Version of the Accused Products or Software under Rule 33(d)

Google should not be allowed to play hide-the-ball for an issue as important as damages. Here, at least as to its answer to Interrogatory No. 4, Google improperly attempts to put the burden on Uniloc to identify all the ways that Google derives revenue for each version of Google's accused products or software, based on an unmet promise of producing and identifying by bates number Google's financial documents.[3]

---

[3] And to the extent Google may fail to identify its financial documents after it finally produces them, Google should not be allowed to put the burden on Uniloc to identify its financial documents by merely referencing a mass of documents that may have some financial documents mixed within. In the context of Rule 33(d), for instance, this Court has explained why the burden should not rest with the party seeking discovery:

> "[A responding party] may not simply refer [the propounding party] to a mass of records but must "specifically identify which documents contain the requested information in its answer to the interrogatory. If the party cannot comply with these requirements, it must otherwise answer the interrogatory fully and completely." *Id.*

3

Also, regarding Google's allegation that "the answer to this interrogatory may be determined at substantially the same burden by either party," the Eastern District of Texas has held that such is "implausible" when the questions concern defendants' ***own*** products and documents. *Laserdynamics, Inc. v. Asus Computer Int'l, et al.*, Case No. 2:06-cv-348 (E.D. Tx. Jan. 1, 2009) ("In Interrogatory Number 9, the plaintiff asks the defendants to identify 'every related company to Quanta Computer/Quanta Storage and the business of each company.' The defendants answered this interrogatory by producing their annual reports, and thereafter citing to Rule 33(d) with the contention that the parties bear equal burden in ascertaining the answer from the annual reports. The defendants' reliance on Rule 33(d) is improper.").[4]

---

(citing *R.W. Thomas Const. Mgmt. Co. v. Corrugated Servs., Inc.*, 1995 WL 592539 (E.D. Pa. 1995)). Finally, Plaintiff has not shown that the burden of ascertaining the answer to the interrogatories is substantially the same for both parties. The court in *O'Connor, et al. v. Boeing North American, Inc., et al.*, 185 F.R.D. 272 (C.D. Cal. 1999), stated that without "detailed specification by category and location of responsive documents, the burden of deriving the answers to the interrogatories is not the same for the parties; rather, it would be easier for persons employed by the [answering party] to locate responsive documents." *Id.* at 278."
*Sky Technologies, LLC v. IBM Corp.*, Case No. 2:03-cv-00454 (E.D. Tx. Apr. 1, 2015).

[4] In the *Laserdynamics* case, the Court characterized the discovery dispute as a "reckless disregard of the discovery obligations and the rules of practice applicable in this court" and ultimately determined that the actions of the defendants were the type in which sanctions were appropriate:

> The basis for the sanctions are (1) the failure to produce relevant documents, (2) the imposition of numerous improper objections, (3) improper reliance on Rule 33(d), and (4) the failure to meet and confer in good faith to resolve discovery matters.

*Id.* The Court has also issued sanctions forcing parties to answer the interrogatories and prohibiting such abusing parties from relying on Rule 33(d) altogether. *See Alexsam, Inc. v. IDT Corp.*, Case No. 2:07-cv-420 (E.D. Tx. Aug. 12, 2010).

Here, Google's financial documents and agreements concerning its own instrumentalities are authored by Google. Google is in the best position to identify such documents and identify all the ways that Google derives revenue and for each version of Google's accused products and software.

### III.    CONCLUSION

To date, Google has not produced its financial documents, agreements and financial information, and as such, it has not answered Interrogatories Nos. 4 and 6, nor included documents and information requested in Interrogatories Nos. 4 and 6. Discovery closes March 30, 2020, and Uniloc needs these documents to prepare its expert reports. As such the Court should compel Google to do so.

Date:   January 27, 2020

*/s/ James L. Etheridge*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Brian M. Koide
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.:  (817) 470-7249
Fax:  (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
JHuang@EtheridgeLaw.com
Brian@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF**

5

## CERTIFICATE OF SERVICE

I certify that on January 27, 2020, the foregoing document was served upon all counsel of record for the Defendant via the Court's electronic filing system.

*/s/ James L. Etheridge*
James L. Etheridge

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred with counsel on January 3, 2020 and January 10, 2020 in a good faith attempt to resolve the matters raised by this Motion. The parties were unable to reach agreement.

*/s/ James L. Etheridge*
James L. Etheridge