# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 2:18-cv-00491-JRG<br>Civil Action No. 2:18-cv-00492-JRG<br>Civil Action No. 2:18-cv-00497-JRG<br>Civil Action No. 2:18-cv-00501-JRG<br>Civil Action No. 2:18-cv-00550-JRG<br>Civil Action No. 2:18-cv-00551-JRG<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**<br><br>**JURY TRIAL DEMANDED** |

## **DEFENDANT GOOGLE LLC'S RESPONSE TO UNILOC'S MOTIONS TO COMPEL GOOGLE'S IDENTIFICATION AND PRODUCTION OF FINANCIAL DOCUMENTS**

**I.      INTRODUCTION**

Uniloc's motions (-491 Case, Dkt. 178; -492 Case, Dkt. 174; -497 Case, Dkt. 184; -501 Case, Dkt. 171; -550 Case, Dkt. 134; -551 Case, Dkt. 131)[1] are both moot and improper.[2] Google already produced the documents sought by Uniloc, and contrary to Uniloc's assertion, the parties did not reach an impasse during the meet-and-confer process on Google's responses to Interrogatory Nos. 4 and 6—the subject of this motion. During those meet and confers, Google expressly informed Uniloc that Google would be producing responsive documents and supplementing its responses to those interrogatories. In particular, on January 10, 2020, Google informed Uniloc that it would produce the requested licenses starting the following week and financials within four weeks across its cases, and thereafter would supplement its related interrogatory responses as appropriate. And Google did as it promised—producing licenses on January 14, 15 and 21, and producing financials within four weeks. (Declaration of R. Unikel ("Unikel Decl."), ¶¶ 3-5, 8-9.) Uniloc has not raised any alleged deficiencies in those productions in any subsequent meet and confer. Yet, Uniloc filed this motion, even with responsive license documents in hand, without indicating how Google's intervening production was lacking, and without acknowledging the parties' agreed-upon deadline to produce financials. Google reminded Uniloc of these facts and requested Uniloc withdraw its motions in light of

---

[1] Though Uniloc filed a separate motion in each of the above-captioned cases, the motions contain nearly identical arguments. Google therefore consolidates its response to these motions.

[2] Uniloc's motions are also improper to the extent they request documents and information related to uncharted products. As explained in Google's pending Motions to Strike Portions of Uniloc 2017 LLC's Infringement Contentions, these products are not properly accused in these cases and Google cannot ascertain infringement theories for them. (*See* -491 case, Dkt. 156; -492 case, Dkt. 149; -497 case, Dkt. 158.) Because Uniloc has not resolved this preliminary issue, these products fall outside the scope of discovery and Google has no duty to provide documents or information related to them.

1

them, but Uniloc refused.  (Unikel Decl., ¶ 10.)  Google respectfully requests that Uniloc's motions be denied.

First, consistent with Google's position during the meet and confers, Google produced license agreements on January 14, 15, and 21, 2020—shortly after the parties' meet and confer on the issue.  Also consistent with Google's position during the meet and confers, Google has produced financial information for the accused devices, and did so on February 3 and 7, 2020—within the four weeks promised by Google.  Google also informed Uniloc that it is in the process of supplementing its interrogatory responses to reflect these productions.  (*See* Unikel Decl., ¶ 10.)

Second, these motions should never have been filed.  The parties never reached an impasse on the issues raised in Uniloc's motions.  Just the opposite—during the parties' meet and confer on January 10, 2020, Google made it clear that it would produce relevant license agreements and financial information for the accused products in response to Interrogatory Nos. 4 and 6 as requested by Uniloc.  Google issued these productions within the agreed timeframe—and some nearly two weeks before Uniloc filed its motions.  There was no need for Uniloc to seek the Court's assistance for the production of these documents.

## II.   FACTUAL BACKGROUND

***Google's Responses to Uniloc's Interrogatory Nos. 4 and 6.***  On September 10, 2019, Uniloc served its First Set of Interrogatories to Google.  Interrogatory No. 4 seeks documents pertaining to "revenue, profit and costs" associated with the accused products.  (*E.g.* -491 case, Dkt. 178 at 1.)  Interrogatory No. 6 seeks "licenses . . . technology transfer agreements or any other agreements or contracts providing any rights to patents or technologies . . . that relate to any patent or patent application that . . . (i) relates to the functions and features set forth in [Uniloc's] infringement contentions . . . or technology that . . . is similar to the functions . . . or

that (ii) . . . is comparable to a license that [the parties] would have agreed to in a hypothetical negotiation in this case." (*Id.*)  On October 31, 2019, Google timely responded to these interrogatories.  (*Id.*)  Regarding Interrogatory No. 4, Google stated that 

" (*Id.*)  Regarding Interrogatory No. 6, Google stated that

" (*Id.*)

Google has done just that.

     Over the course of the next few months, Google worked diligently to identify the potentially relevant licenses and provide requisite notice to third parties as required by the terms of those licenses.  Beginning January 14, 2020, Google produced license agreements responsive to Interrogatory No. 6 with the Bates ranges of GOOG-UNI491-00038130 – GOOG-UNI491-00038375; GOOG-UNI492-00026612 – GOOG-UNI492-00027234; GOOG-UNI497-00024247 – GOOG-UNI497-00024869; GOOG-UNI501-00016231 – GOOG-UNI501-00016853; GOOG-UNI550-00016563 – GOOG-UNI550-00017185; GOOG-UNI551-00016228 – GOOG-UNI551-00016850.  (Unikel Decl., ¶¶ 3-5.)  Beginning February 3, 2020, Google produced financial information responsive to Interrogatory No. 4 with the Bates ranges of GOOG-UNI491-00038376 – GOOG-UNI491-00038377; GOOG-UNI492-00027596; GOOG-UNI497-00025145- – GOOG-UNI497-25146; GOOG-UNI501-00017129; GOOG-UNI550-00017461; GOOG-UNI551-00017126.  (*Id.*, ¶¶ 8-9.)

*The Meet-and-Confer Process.*  The parties met and conferred on January 10, 2020, before Uniloc filed these motion.  (Unikel Decl., ¶ 2.)  During the meet and confer, Google informed Uniloc that it would be producing relevant license agreements and financial information for the accused products sought by Uniloc's interrogatories within four weeks.  (*Id.*)  After the January 10, 2020 meet and confer, Google confirmed its position in writing, further disputing Uniloc's assertion that the parties reached an impasse.  (*Id.*)  Google proceeded to continue its diligent search for responsive documents to these interrogatories and produced the same, consistent with what Google represented it would do in the meet and confers.  Nevertheless, Uniloc filed the present motions on January 26 and 27, 2020.

On January 29, 2020, Google sent Uniloc a letter notifying Uniloc that Google had already produced license agreements and would shortly be producing financial information for the accused products responsive to Uniloc's Interrogatory Nos. 4 and 6.  (*Id.*, ¶ 7.)  Google requested Uniloc withdraw its motions in light of Google's productions.  (*Id.*)  Uniloc has not withdrawn its motions, despite the fact that the issues in its motions are moot.

### III.   ARGUMENT

#### A.   Uniloc's Motions Are Moot Because Google Has Produced Documents Responsive To Uniloc's Interrogatory Nos. 4 & 6

Google has produced financial information for the accused products responsive to Interrogatory No. 4 and license agreements responsive to Interrogatory No. 6, and is in the process of preparing supplemental interrogatories in short order, as Google's counsel has informed Uniloc's counsel.  (*Id.*, ¶¶ 2-5, 7-10.)  Uniloc's requests for supplementation of these interrogatories thus are moot and should be denied on that basis alone.

Uniloc's assertion that it should not bear the burden "to identify all the ways that Google derives revenue for each version of Google's accused products or software" under Rule 33(d) is

misplaced.  Google has produced spreadsheets containing revenue information for the accused products.  As Uniloc is aware, Google also is preparing its supplemented interrogatory responses to identify the specific documents by Bates number.  (*Id.*, ¶ 10.)  Uniloc also wrongly contends that Google "play[s] hide-the-ball." (*See, e.g.*, -491 case, Dkt. 178 at 3.)  But Google's responses do not "merely referenc[e] a mass of documents that may have some financial documents mixed within," as Uniloc suggests.  (*Id.*)  Rather, Google has identified with specificity the documents containing the financial information for the accused products responsive to Interrogatory No. 4.  (*See* Unikel Decl., ¶¶ 8-9.)  Google's reliance on Federal Rule of Civil Procedure 33(d) is proper.  *Samsung Electronics America, Inc. v. Chung*, 321 F.R.D. 250 (N.D. Tex. 2017).

      **B.**     **Uniloc's Motions Are Procedurally Improper**

Finally, as outlined above, Uniloc's motions are improper because the parties never reached an impasse.  Throughout the meet-and-confer process, Google repeatedly informed Uniloc that it would produce responsive licenses and financial information—and Google did exactly what it promised.  Simply put, Uniloc's motions were never ripe and (as explained above) are now entirely moot.

DATED:  February 10, 2020                Respectfully submitted,

                                                By: */s/ Robert W. Unikel*
Robert W. Unikel (IL Bar #6216974)
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
**PAUL HASTINGS LLP**
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
**POTTER MINTON, P.C.**
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on February 10, 2020. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on February 10, 2020.

*/s/ Robert W. Unikel*
Robert W. Unikel

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to the terms of the Protective Orders.

*/s/ Robert W. Unikel*
Robert W. Unikel