# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | Civil Action Nos.  2:18-cv-491-JRG-RSP |
| Plaintiff | § | 2:18-cv-492-JRG-RSP |
| | § | 2:18-cv-497-JRG-RSP |
| | § | 2:18-cv-501-JRG-RSP |
| | § | 2:18-cv-550-JRG-RSP |
| | § | 2:18-cv-551-JRG-RSP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF UNILOC 2017, LLC'S MOTION TO COMPEL DISCOVERY

## I.   INTRODUCTION

Uniloc's motion to compel Google's communications with third parties in connection with subpoenas rests on a narrow theory of relevance: that such communications may be "relevant to the issue of whether Google was sufficiently diligent in seeking such discovery" in relation to Google's supplementation of its invalidity contentions. (Mot. at 1.) Here, however, there are no pending motions for leave to supplement invalidity contentions. In addition, Google's prior motions for leave to supplement its invalidity contentions in these cases did not rely on discovery from third parties. *See* 497 case, Dkt. 80; 550 case, Dkt. 91. If Google sought to amend its contentions, it would willingly produce communications with related third parties as it has agreed to do in other cases. But without any such motion, or even the suggestion of such a motion, Google's diligence in seeking third-party discovery is not relevant to either party's claims or defenses in these cases.

To the extent Uniloc seeks third party communications beyond prior artists, it has articulated no reason that such communications are relevant. *See Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 WL 4432569, at *3 (E.D. Tex. July 29, 2009) (rejecting a party's request that its opponent "produce any post-filing communications with . . . third parties unless [it] establishes an adequate basis for asserting privilege over such documents" as being "overly broad" and not a "proper request for discovery").

In short, Uniloc's motion fails to identify how any of Google's communications with third parties are relevant to a claim or defense of a party in this case. Ordering their production would impose a needless burden on Google and its outside counsel while the parties are busy trying to complete discovery. Google respectfully requests Uniloc's motion be denied.

## II.      BACKGROUND

Between July 15 and July 22, 2019, Google subpoenaed the following third parties in the 491 case regarding their prior art systems: Cornell University (CU-SeeMe), Microsoft (Microsoft NetMeeting), Polycom (the Polycom ViewStation MP, the PictureTel SwiftSite, the PictureTel Concorde 4500, and the PictureTel Venue 2000), and Cisco (Tandberg Vision 5000). Google has additionally subpoenaed other third parties in connection with non-prior-art issues, including: U.S. Philips Corporation (in the 491, 492, 497, 501, 550, and 551 cases), Philips N.A. LLC (in the 491, 492, 497, 501, 550, and 551 cases),[1] and MPEG LA LLC (in the 497, 501, 550 and 551 cases). Google has produced all documents received to date from the subpoenaed third parties. Google has neither filed, nor contemplated filing, a motion for leave to supplement its invalidity contentions based on third-party discovery. Google's motion for leave to amend its invalidity contentions in the 497 and 550 cases did not depend on materials uncovered from subpoenas to third parties. In other cases where Google has sought to amend its invalidity contentions, Uniloc has requested, and Google has produced, its communications with relevant third parties so that Uniloc may assess Google's diligence in seeking the discovery.

## III.      ARGUMENT

Uniloc fails to establish that any of the requested communications with third parties are relevant to either party's claims or defenses in this case. Uniloc's theory of relevance for prior artists is based on the specter of Google seeking to amend its invalidity contentions, but that has not happened as a result of materials obtained from subpoenaed third parties in these cases. And to the extent Uniloc seeks communications with third parties beyond prior artists, it has failed to

---

[1] Google's requests to U.S. Philips Corporation and Philips N.A. LLC included a request regarding a Philips Trimedia Chip TM3270 prior art system, but that request only related to the 500 case, which is stayed.

identify any reason at all that those communications may be relevant. Uniloc's motion should be denied.

### A.     Third Party Communications Associated with Subpoenas Regarding Prior Art

Uniloc's motion is premised on its belief that "Google has shown a pattern of attempting to supplement its invalidity contentions in this litigation." (Mot. at 1.) To be sure, Google has sought to amend its invalidity contentions in some cases to add prior art obtained through third party subpoenas. If it had done so here, Google's communications with the recipient of the subpoena might be relevant to Google's motion to amend because under the Local Patent Rules, leave to amend or supplement invalidity contentions may be made "only upon a showing of good cause." P.R. 3-6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). As part of this diligence, the Court and parties consider communications regarding "a party's diligence in discovering [a reference]." *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citing *Symantec Corp. v. Acronis Corp.*, No. 11-5310, 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013) (internal quotations omitted)). Accordingly, Google has produced its communications with third parties where it seeks to amend its invalidity contentions based on materials obtained through subpoenas—so that Uniloc may assess Google's diligence. If Google seeks to amend its invalidity contentions here based on materials discovered through subpoenas, it will do the same.

Although Google has previously moved for leave to supplement invalidity contentions in the 497 and 550 cases, there are no such motions currently pending. Moreover, the prior motions for leave to supplement were not based on any third-party discovery. Accordingly, the issue of Google's diligence in seeking and discovering prior art is not relevant to any claim or defense at

-3-

issue in this case. Uniloc should not be granted blanket access to counsel's correspondence when it is not relevant to the case.

Uniloc's focus on Google's assertion that "communications between its outside counsel and third-parties fall under the ESI Order" is misplaced. The question of whether communications fall under the ESI Order is inapposite because the communications are not relevant in these cases. Thus, whether or not the ESI order technically applies, the Court should deny Uniloc's motion because the requested discovery is not relevant.

### B.      Subpoenas to Third Parties on Other Issues

Though Uniloc's motion is premised on the specter of Google amending its invalidity contentions, Uniloc ultimately broadens its request to include communications with ***all*** third parties Google has subpoenaed in this case. That request is not supported by even the weak argument Uniloc makes for production of communications with prior artists. As to other third parties subpoenaed by Google, such as prior owners of the asserted patents, Uniloc's motion offers no justification at all for the relevance of their communications with Google's counsel. And there is none. Diligence does not factor into any issue related to the non-prior-art, third-party subpoenas. Compelling Google to produce such communications would only impose additional burdens on Google and its outside counsel. For example, Uniloc specifically requests communications with Philips North America (in the 491, 492, 497, 501, and 550 cases), U.S. Philips (in the 491, 492, 497, 501, 550, and 551 cases), and MPEG LA (in the 497, 501, 550, and 551 cases). However, Uniloc provides no explanation for why these communications are allegedly relevant. Therefore, Uniloc has not met its burden to show that these communications are within the scope of discovery. *See SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-TJW, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010) ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party

resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted."). For these reasons, the Court should deny Uniloc's motion for production of all communications related to third party subpoenas.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny Uniloc's motion in its entirety.

DATED:  February 11, 2020                     Respectfully submitted,

By:  */s/ Robert Unikel*
Robert Unikel
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
**PAUL HASTINGS LLP**
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166

Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
**POTTER MINTON, P.C.**
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant Google LLC*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 11, 2020. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

  */s/ Robert Unikel*
Robert Unikel