IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>GOOGLE LLC,<br><br>             Defendant. | Civil Action No. 2:18-cv-491-JRG<br>                              2:18-cv-492-JRG<br>                              2:18-cv-497-JRG<br>                              2:18-cv-501-JRG<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |

**DEFENDANT GOOGLE LLC'S MOTION TO COMPEL INTERROGATORY RESPONSE REGARDING INFRINGEMENT CONTENTIONS**

**I.     INTRODUCTION**

Defendant Google LLC ("Google") moves to compel Plaintiff Uniloc 2017 LLC ("Uniloc") to respond to Google's Interrogatory No. 12, which seeks the bases for Uniloc's infringement claims including identification of supporting documents.  Despite having access to Google's technical documents and source code for over seven months, Uniloc has provided no substantive response to this interrogatory at all, only a reference to the infringement contentions it served prior to receiving such information. Uniloc refused to identify a *single* document or line of code from Google's production that it claims supports infringement.

Uniloc's refusal to answer Interrogatory No. 12 is especially prejudicial because Uniloc has evaded Google's inquiries into the bases for Uniloc's infringement contentions.  After Uniloc served its contentions, Google repeatedly requested that Uniloc cure certain deficiencies or provide a time to meet and confer.  Uniloc finally responded by asserting that it "***is not required to explain***

*its infringement theories* in its infringement contentions." Ex. A at 1.[1] In Uniloc's words, such "***explanations are appropriately given in*** the course of further discovery, specifically *interrogatory answers* and/or expert reports." *Id.* But now Uniloc will not supplement its response to Interrogatory No. 12 to provide the additional detail.

Instead, Uniloc has filed a separate motion to compel *Google* to identify documents that support its *non*-infringement theories. *See* 492 case, Dkt. 169. Rather than review Google's documents and source code to formulate its infringement theories, Uniloc seeks to shift the burden to Google to prove non-infringement first.[2] At a minimum, Uniloc should be required to provide the same information that it demands from Google.

Accordingly, Google respectfully requests that the Court compel Uniloc to provide a full and complete response to Interrogatory No. 12.

## II. FACTUAL BACKGROUND

***Uniloc's Deficient Infringement Contentions.*** Uniloc served its infringement contentions on May 6, 2019. On July 15, 2019, pursuant to P.R. 3-4(a), Google provided technical documentation and made source code available for inspection based on its understanding of the accused functionality. On the same day, Google notified Uniloc that its infringement contentions were deficient. To date, Uniloc has made no attempt to inspect Google's source code.

***Uniloc's Deficient Response To Google's Interrogatories.*** Google served its First Set of Interrogatories on July 23, 2019, shortly after complying with P.R. 3-4(a). Interrogatory No. 12 states:

---

[1] Emphasis in quotations is added unless indicated otherwise.

[2] Google opposed Uniloc's motion for various reasons, including that it was prematurely filed because the parties never reached an impasse. Regardless, as noted in Google's Opposition (492 case, Dkt. 179), it agreed to supplement its response to this interrogatory and did so on February 4, 2020.

> For each and every Accused Product that You allege infringes any claims of the Asserted Patent: (a) Identify each Asserted Claim of the Asserted Patent allegedly infringed, Including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted; (b) each accused apparatus, product, device, service, process, method, act, or other instrumentality of Google by name or model number, if known, Including Identifying all Documents supporting Your allegations; (c) **describe the complete factual and legal bases for Your contentions of infringement, Including by Identifying all Documents that contain information Regarding Your infringement contentions** and Persons with knowledge Regarding Your infringement contentions; (d) provide a chart Identifying specifically where and how each element of each Asserted Claim is found within each apparatus, product, device, service, process, method, act, or other instrumentality; (e) Include for each limitation governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Products that performs the claimed function; and (f) Identify whether You contend each element from each Asserted Claim is literally present or present under the doctrine of equivalents for each accused apparatus, product, device, service, process, method, act, or other instrumentality.

After obtaining an extension of time, Uniloc served its response on September 16, 2019, the substantive portion reproduced below:

> **RESPONSE**:
> ….
> Subject to and without waiving the foregoing objections, Plaintiff responds based upon present information and belief as follows: Discovery is still ongoing and the exact nature of Defendant's activities is and can only be known by Defendant. Plaintiff will comply with the applicable expert report and claim construction deadlines. Plaintiff refers Defendant to its infringement contentions. Plaintiff reserves the right to supplement its response to this Interrogatory.

Despite having Google's P.R. 3-4(a) production for over nine weeks, the sum total of Uniloc's response was a set of objections and a reference to its infringement contentions. [3]

### *The Parties' Correspondence, Their Meet and Confers, and Ultimate Impasse.*

On November 12, 2019, Google wrote to Uniloc, explaining the deficiencies with the response to Interrogatory No. 12. On December 12, 2019, Uniloc finally responded to Google's correspondence concerning the deficient infringement contentions, stating that it "is not required to explain its infringement theories in its infringement contentions." Ex. A at 1. Instead, Uniloc argued that such "explanations are appropriately given in the course of further discovery,

---

[3] Of course Uniloc cannot now change its theory of infringement as set forth in its infringement contentions. Rather, Google seeks Uniloc's complete factual and legal bases, including citation to documents, that support its infringement contention theories as previously disclosed.

3

**specifically interrogatory answers** and/or expert reports." *Id.* On January 23, 2020, the parties met and conferred regarding Uniloc's deficient interrogatory responses and Uniloc committed to substantively supplement all of its responses. Uniloc served the following supplemental response to Interrogatory No. 12 on February 6, 2020:

> **SUPPLEMENTAL RESPONSE:** Uniloc incorporates by reference its prior objections and responses already served in response to this interrogatory. Plaintiff refers Defendant to Plaintiff's infringement contentions. Plaintiff further responds that it has been notifying Defendant of its production deficiencies since November 15, 2019. Plaintiff further responds that there is no rolling obligation to update infringement contentions and Defendant has cited no authority to the contrary. Discovery is continuing, Defendant has not fully complied with its discovery obligations and Plaintiff reserves the right to supplement his responses herein.

Uniloc's supplemental response again failed to describe the complete factual and legal basis for its infringement contentions or identify a single document that support those contentions.

### III. LEGAL STANDARD

An interrogatory may seek information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). An interrogatory must "be answered separately and fully," Fed. R. Civ. P. 33(b)(3), and must provide "all relevant, discoverable information." *Stambler v. Amazon.com, Inc.*, No. 2:09-cv-310, 2011 WL 10538668, at *3-4 (E.D. Tex. May 23, 2011). A party cannot "decid[e] which interrogatories (or subparts) to answer and which to ignore." *Id.* at *4.

### IV. ARGUMENT

#### A. Uniloc Provides No Substantive Response To Interrogatory No. 12

Google's Interrogatory No. 12 seeks discovery that is fundamental and routine in patent cases—the bases, theories, and facts on which a plaintiff relies to support its infringement claims. Uniloc's response does not explain its infringement theories; does not disclose any factual or legal bases for its claims; does not identify any documents or evidence to support its assertions; and does not set forth which claim limitations are met literally or by the doctrine of equivalents.

Uniloc's referral back to its P.R. 3-1 Infringement Contentions is insufficient in several respects. To start, Uniloc itself acknowledges that the interrogatory is necessary to obtain an explanation of Uniloc's infringement theories. Further, Interrogatory No. 12 seeks information beyond what Uniloc was required to disclose under P.R. 3-1. *See S.S. White Burs Inc. v. Neo-Flo, Inc.*, No. 02-3656, 2003 WL 21250553 at *2 (E.D. Pa. May 2, 2003); *see Oasis Research, LLC v. Adrive, LLC*, No. 4:10-CV-00435 2011 WL 7272473 at *1-2 (E.D. Tex. Sep. 13, 2011); *Balsam Coffee Solutions, Inc. v. Folgers Coffee Co.*, No. 6:09-cv-89, 2009 WL 4906860 at *2, *4 (E.D. Tex. Dec. 9, 2009). For example, Google's interrogatory asks Uniloc to identify the documents supporting its contentions. The interrogatory also requests that Uniloc identify whether each element of each asserted claim is met literally or under the doctrine of equivalence for each accused instrumentality. Additionally, Uniloc's ongoing obligation to supplement interrogatory responses through trial is different from its obligation to supplement its Infringement Contentions. *Compare* Fed. R. Civ. P. 26(e) with Patent Rule 3.6(a), (b).

### B. Uniloc's Failure To Respond Is Improper

Uniloc's refusal to respond is improper on multiple grounds. First, and most importantly, Interrogatory No. 12 seeks core information in a patent case that is necessary for Google to defend itself. Google must have a complete understanding of how Uniloc contends that Google's products or services allegedly infringe the asserted claims. Google must receive an explanation of Uniloc's theories as soon as possible, particularly now that the Court has issued the *Markman* Order and the close of discovery is just one month away.

Second, Interrogatory No. 12 is appropriate and timely. Uniloc filed this case and bears the burden of proving infringement. Thus, nothing in the scope of this interrogatory is "premature." Indeed, Uniloc cannot credibly claim that a request for the bases of its infringement theories is "premature," while at the same time demanding that this Court order Google to provide

the bases for its non-infringement defenses.  Moreover, Uniloc has been in possession of Google's technical documents and has had the opportunity to inspect Google's source code for many months.  Uniloc has far more information about the accused functionalities now than it did when it served its P.R. 3-1 Infringement Contentions.  There is no reason Uniloc cannot now provide a substantive answer to Interrogatory No. 12.

Third, contrary to Uniloc's objections, Courts consistently reject the position that a plaintiff does not have to provide any response to this type of interrogatory until expert discovery.  For example, in *Semcon IP Inc. v. MediaTek Inc.*, the court rejected the objection that an "interrogatory was premature because it asked for expert opinion," explaining that plaintiff  "was at least obligated to provide the factual basis for [its contentions], and include this factual basis in the interrogatory response itself."  No. 2:16-cv-00437, 2018 WL 4501871, at *4 (E.D. Tex. Feb. 28, 2018); *see Balsam Coffee*, 2009 WL 4906860, at *2, *4 (granting motion compelling plaintiff to "identify all evidence and documents supporting its infringement contentions," and rejecting argument that the interrogatory "prematurely called for information that is the subject of expert testimony").

Fourth, contrary to Uniloc's objections, the answer to Interrogatory No. 12 is not in Google's possession, custody, or control.  Only Uniloc can reveal its theories and bases for infringement; nothing in Google's documents can do so.  As courts routinely recognize, "documents themselves rarely, if ever, reveal contentions of fact or law.... Only plaintiff can identify its own contentions." *S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576–77 & n.5 (M.D.N.C. 2002).  In any event, Google has produced technical documents and made confidential source code available for inspection.  Uniloc must respond based on the information to which it has access.

Fifth, Uniloc cannot hide behind objections based on the scope of the interrogatory or the attorney-client/work product privilege. Uniloc's own Interrogatory No. 3 is similar, seeking identification of all documents upon which Google may rely to support its non-infringement defenses or "rely upon for any other purpose in this matter." Google properly responded to that request in view of non-privileged information. Uniloc must also fully disclose all non-privileged bases, theories, and facts supporting its infringement theories. "[C]ontention interrogatories are proper even where they probe a party's contentions as to how the law applies to the facts." *Gilmore v. City of Minneapolis,* No. 13-1019, 2014 WL 4722488 at *5 (D. Minn. Sep. 21, 2014) *(quoting In re Rail Freight Surcharge Antitrust Litig.,* 281 F.R.D. 1, 4 (D.D.C. 2011)) "[S]uch probing is perfectly permissible and does not invade the work product privilege merely because the party's counsel must disclose the reasoning applying the law to the facts." *In re Rail Freight Surcharge Antitrust Litig.,* 281 F.R.D. at 4.; *King v. E.F. Hutton*, 117 F.R.D. 2, 5 n. 3 (D.D.C. 1987) ("[I]n answering contention interrogatories the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis….").

## V. CONCLUSION

Google respectfully asks this Court to compel Uniloc to provide a full and complete response to Interrogatory No. 12.

Dated: February 26, 2020

Respectfully submitted,

*/s/ Robert W. Unikel*
Robert W. Unikel
Michelle Marek Figueiredo
Paul Hastings LLP

7

71 S. Wacker, Suite 4500
Chicago, IL 60606
(312) 499-6000
robertunikel@paulhastings.com
michellemarek@paulhastings.com

Elizabeth Brann
Ariell Bratton
Paul Hastings LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
(858) 458-3000
elizabethbrann@paulhastings.com
ariellbratton@paulhastings.com

Robert Laurenzi
Paul Hastings LLP
200 Park Ave.
New York, NY 10166
(212) 318-6000
robertlaurenzi@paulhastings.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on February 26, 2020.  I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on February 26, 2020.

                                             */s/ Robert W. Unikel*
                                             Robert W. Unikel

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred on January 7, 10, and 16, 2020 in a good faith attempt to resolve the matters raised in this motion. Uniloc committed to substantively supplementing its interrogatory responses. Despite numerous efforts by counsel for Google to schedule follow-up meet and confer discussions, Counsel for Uniloc has refused to schedule or participate in such follow-up discussions regarding its supplemental responses.  Thus, the parties' meet and confer efforts have conclusively resulted in an impasse and leave an open issue for the Court to resolve.

                                             */s/ Robert W. Unikel*
                                             Robert W. Unikel

**CERTIFICATE TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the protective order entered in this case.

                                             */s/ Robert W. Unikel*
                                             Robert W. Unikel