# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § § § | CIVIL ACTION NO. 2:18-cv-00491, -492, -493, -496, -497, -499, -501, -502, -503, -504, -548, -550, -551, -552, -553 |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| GOOGLE, INC., | § § | *Filed Under Seal* |
| Defendant. | § § § § | |

# NON-PARTY MOTION FOR PROTECTIVE ORDER
# AND MOTION TO ENFORCE STAY

Pursuant to Rule 26(c), non-parties Uniloc Licensing USA LLC ("Uniloc Licensing") and Uniloc USA, Inc. ("Uniloc USA") request a protective order preventing Google, Inc. from enforcing its unduly burdensome and unreasonably duplicative subpoenas. Movants also seek a motion to enforce the stays entered in the -548, -550, -551, -552, and -553 cases.

## BACKGROUND

### A. The -553 Subpoenas.

On December 16, 2019, Google issued two subpoenas on Uniloc Licensing and two subpoenas on Uniloc USA. The subpoenas issued only in the -553 case. The two subpoenas on Uniloc Licensing demanded compliance by January 7, 2020 in Newport Beach, California. The two subpoenas on Uniloc USA demanded compliance by January 7, 2020 in Plano, Texas. On January 7, 2020, Google revised its subpoenas to Uniloc USA by changing the location to Delaware and the compliance date to January 28, 2020. The revised Uniloc USA subpoenas also issued only in the -553 case. The subpoenas issued only in the -553 case are referred to herein as the "-553 Subpoenas." The -553 Subpoenas were never served.[1]

### B. The February 13 Subpoenas.

On or about February 13, 2020, Google issued subpoenas on Uniloc USA and Uniloc Licensing in all of the above-referenced cases (the "February 13 Subpoenas"). The February 13 Subpoenas are nearly identical to the -553 Subpoenas but demanded documents by February 20 (only seven days after the subpoena issued) and testimony by February 25 and February 27 (only twelve and fourteen days, respectively, after the subpoena issued). The February 13 subpoena on Uniloc Licensing is the only subpoena on Uniloc Licensing that demands compliance in Delaware. The February 13 subpoena on Uniloc USA demands compliance in Austin, Texas. Uniloc

---

[1] Uniloc USA was never served in Plano and does not have an agent for service in Delaware. At one point, Google claimed it served Uniloc USA in Delaware, but it appears Google served the registered agent of a different Uniloc entity. Uniloc Licensing was never served in Newport Beach, California. Instead, Google obtained a proof of service claiming to have served the December subpoena, which demanded compliance in California, on Uniloc Licensing's registered agent in Delaware. Google's motion to compel is conspicuously silent concerning the date of service and does not specify whether Google relied on its defective service of the December subpoena or the February 13 subpoena. *See* MTC at 2.

Licensing and Uniloc USA served objections to the February 13 deposition subpoenas on February 25 and 26 (respectively) and served objections to the February 13 document subpoenas on February 27.

### C. Google filed a motion to compel in violation of this Court's stay orders.

On February 14, this Court stayed the -548, -550, -551, -552, and -553 cases for 30 days. Seven days later, Google violated the stay by filing a motion to compel against Uniloc Licensing in the District of Delaware and obtaining an *ex parte* order on Friday, February 21, 2020. *See Google LLC v. Uniloc Licensing USA LLC*, 1:20-mc-00065-RGA (D. Del.).

Google's motion to compel violated this Court's stay because it relied on one of the -553 Subpoenas as the basis for its motion. Google attempted to obscure its reliance on the -553 Subpoenas by also referencing the February 13 Subpoenas, but Google clearly relied on the -553 Subpoenas, stating: "it has now been 24 days since Uniloc Licensing's responses to the subpoenas were due . . ." D.I. 1 at 2.[2] (emphasis added). This statement could only refer to the -553 Subpoena on Uniloc USA that demanded compliance on January 28, 2020. Not only was the subpoena issued only in the -553 case, it was never served and was issued against Uniloc USA, not Uniloc Licensing. In sum, Google's motion to compel against Uniloc Licensing relied on an *unserved* subpoena against a *different* Uniloc entity issued in a case that was *stayed* when Google filed its motion. Google could not have based its February 21 motion on the February 13 Subpoenas (the only subpoenas issued in the unstayed cases) because they did not demand testimony from Uniloc Licensing until February 25 – four days *after* Google filed its motion to compel.

Google's motion to compel also violated the stays in the -548, -550, -551, -552, and -553 cases by moving to compel production and testimony for use in those cases while they were stayed. Although Google's motion initially indicates it is only being filed for use in the un-stayed cases, it quickly abandons this pretext and admits Google intends to use the discovery in the unstayed cases as well. D.I. 1 at n. 1 ("If and when this stay [of -548, -550, -551, -552, and -553] is lifted,

---

[2] Citations to "D.I." herein refer to the docket number assigned to a document in Google's miscellaneous Delaware action (*Google LLC v. Uniloc Licensing USA LLC*, 1:20-mc-00065-RGA (D. Del.)).

2

documents and testimony obtained by Google's subpoenas would be used in these cases as well."). Google's motion to compel not only seeks discovery for use in stayed cases but also argues Uniloc Licensing waived any objections to the subpoenas by failing to serve objections (D.I. 1 at 6), objections that were purportedly due *while the cases were stayed*.

In addition to showing complete disregard for the stays, Google made no attempt to give Uniloc Licensing actual notice of the motion to compel before obtaining an *ex parte* order. Although counsel for Uniloc 2017 had not appeared for Uniloc Licensing at the time, Google knew it could give Uniloc Licensing actual notice of the motion through Uniloc 2017's counsel.[3] Instead of doing this, Google gave constructive notice through Uniloc Licensing's registered agent in Delaware days *after* Google obtained the *ex parte* order. D.I. 4-5. Uniloc Licensing filed a motion for protective order with the Delaware Court and asked it to transfer the motions to this Court. D.I. 6. On March 2, 2020, the District of Delaware stayed its *ex parte* order pending resolution of Uniloc Licensing's motion for protective order. D.I. 11 (oral order).

**D. Google did not need to subpoena Uniloc Licensing or Uniloc USA.**

Google does not need information from Uniloc Licensing or Uniloc USA because it can obtain the *same* information directly from Uniloc 2017. The individuals who would testify in response to Google's subpoenas on Uniloc Licensing and Uniloc USA are the *same* individuals Uniloc 2017 has offered in response to Google's Rule 30(b)(6) notices on Uniloc 2017. Google already deposed ███████████████████████████████████, on October 2019 during a Rule 30(b)(6) deposition of Uniloc 2017. During that deposition, Mr. ████████ answered numerous questions about Uniloc Licensing. Further, in response to Rule 30(b)(6) and 30(b)(1) notices from Google, Uniloc 2017 offered to tender: (a) Mr. ████████, Uniloc Licensing's CEO, for a *second* deposition; (b) Mr. ██████, Uniloc Licensing's CFO; and (c) Mr. ██████, the former President and IP Counsel for Uniloc USA. There is already significant overlap in Google's Rule 30(b)(6) topics on Uniloc 2017 and Google's subpoena topics. Uniloc has asked Google to withdraw its

---

[3] Google knew this at least because counsel for Uniloc 2017 defended Google's deposition of Uniloc Licensing's CEO. Indeed, days after obtaining the order, Google forwarded it to Uniloc 2017's counsel, asking them to notify Uniloc Licensing.

3

subpoenas and include additional topics in amended Rule 30(b)(6) notices (to the extent necessary).

Uniloc 2017 has also already produced voluminous documents relating to Uniloc Licensing and Uniloc USA. Any discoverable documents in the possession or control of Uniloc Licensing or Uniloc USA can be (or already have been) produced by Uniloc 2017. Indeed, the first 47 topics (in the deposition subpoenas and document subpoenas) are repeated nearly verbatim from document categories Google requested from Uniloc 2017 in July of 2019. *Compare*, Richins Decl., Ex. 1 *with* D.I. 1, Ex. Nos. 1 and 2. Further, the topics in Google's subpoenas that are *not* taken verbatim from Google's July 2019 letters are still duplicative of discovery Google requested directly from Uniloc 2017. For example, subpoena topics 48 - 60 to Uniloc USA ask for information relating to ███████████████████████████████████████ ███████████████████████████████████████. These are topics in Google's Rule 30(b)(6) notices to Uniloc 2017. Richins Decl., ¶¶ 3 - 6. Subpoena topics 72 - 80 (in the Uniloc USA subpoenas) are also duplicative of Google's Rule 30(b)(6) deposition topics to Uniloc 2017.

Subpoena topics 61 - 69 (to both Uniloc USA and Uniloc Licensing) relate to standing and venue under § 1404 – topics Google explored during the venue discovery period and briefed by the parties. They are not only duplicative but untimely because the venue discovery period Google asked for ended months ago and has not been re-opened.

Google's topics are also duplicative of Google's interrogatories. For example, Google's interrogatories already ask when Uniloc first became aware of Google's infringement, but Google is seeking a deposition of Uniloc Licensing on this topic anyway.

## ARGUMENT AND AUTHORITIES

### A. Legal Standard

The Court must limit discovery, if it determines, on motion or on its own, that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "A party or any person

from whom discovery is sought may move for protective order in the court where the action is pending" and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. Thus, the court may, among other things, forbid the discovery or limit the scope of discovery to certain matters. Fed. R. Civ. P. 26(c). *Kilmon*, MO:17-CV-99, 2018 WL 5800759, at *2.

### B. A protective order is necessary to protect movants against harassment.

A protective order is necessary to protect non-party movants, Uniloc USA and Uniloc Licensing, from harassment and annoyance. Google violated this Court's stays by filing a motion to compel in Delaware against Uniloc Licensing seeking to enforce a -553 subpoena that was never served, was issued against Uniloc USA (not Uniloc Licensing), and was issued in a case that was stayed at the time of Google's motion. While not all of the cases are stayed, Google has made it clear that it intends to use the discovery in all cases, including the stayed cases. Notified of its violations of the stay, Google refused to withdraw its motion to compel or its subpoenas and continued to seek enforcement. This behavior against Uniloc Licensing is harassing.

Google also harassed Uniloc Licensing by filing its motion to compel *before* Uniloc Licensing's deadline to respond to Google's deposition subpoena.

Google's behavior against Uniloc USA is also harassing. Although Google did not file a motion to compel against Uniloc USA, Google has demanded compliance with its subpoenas for discovery Google has indicated it intends to use in all cases, including stayed cases.

Further, Google has harassed Uniloc USA and Uniloc Licensing by insisting they waived any objections to the subpoenas by failing to respond by January 28. The only subpoena that demanded compliance by January 28 was issued in the stayed -553 case, was issued only against Uniloc USA, and was *never served*. Movants could not have waived objections by failing to

5

respond to an unserved subpoena. Uniloc Licensing certainly did not waive objections by failing to respond to a subpoena against Uniloc USA.[4]

Uniloc USA and Uniloc Licensing *timely* asserted objections to Google's February 13 deposition subpoenas and asserted objections to Google's February 13 document subpoenas only 14 days after Google allegedly served them. Despite this, Google has repeatedly demanded that Uniloc USA and Uniloc Licensing provide, without objections, deposition dates. Google's demand that non-party movants respond to Google's February 13 subpoenas without objections is harassing.

### C. A protective order is necessary because Google's subpoenas are duplicative.

This Court should enter a protective order forbidding Google from seeking discovery through its subpoenas because the subpoenas are unreasonably duplicative. As explained above, Google can obtain documents and testimony on the *same* topics and from the *same* witnesses through Uniloc 2017. Indeed, most if not all the categories and topics in Google's subpoenas were lifted, almost verbatim, from Google's requests for discovery on Uniloc 2017.

### D. A protective order is necessary to protect movants from undue burden.

A protective order is necessary to protect Uniloc Licensing and Uniloc USA from undue burden. The respondents have already been burdened (and without a protective order will continue to be burdened) by the time and expense of preparing responses and objections to Google's 69 - 80 demands for documents and 69 - 80 deposition topics, which are voluminous, overly broad, and duplicative. Respondents have also been burdened (and without a protective order will continue to be burdened) by the time and expense of responding to communications from Google demanding duplicative discovery.

Uniloc Licensing has been burdened with the time and expense of seeking a protective order in Delaware against Google's motion to compel compliance (with a subpoena that was never

---

[4] Movants should also not be held to have waived objections to Google's February 13 document subpoenas, which are overbroad, unduly burdensome, and unreasonably duplicative on their face. *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films*, LLC, 313 F.R.D. 39, 43–44 (N.D. Tex. 2015) (objections not waived where subpoena is overbroad on its face and exceeds the bounds of fair discovery).

served and was not issued against Uniloc Licensing). Uniloc Licensing will be further burdened if it is required to continue defending against Google's motion to compel in Delaware, which requires Uniloc Licensing to obtain local counsel in Delaware.

### E. Google's February 13 Subpoenas are facially unreasonable.

A protective order is necessary to protect non-parties Uniloc USA and Uniloc Licensing from Google's February 13 Subpoenas, which are facially unreasonable. Google's subpoenas demand 69 - 80 duplicative categories of documents within only 7 days after issuance and demand testimony within 12 or 14 days, respectively. These demands are facially unreasonable.

Google's February 13 Subpoenas are also facially overly burdensome by demanding compliance in Delaware despite Google's knowledge that Uniloc Licensing's and Uniloc USA's physical documents are in Texas and their witnesses are in ▮▮▮▮▮▮▮▮▮▮. Further, Uniloc informed Google that Mr. ▮▮▮▮▮ will be tendered in ▮▮▮. Despite this, Google opposed Uniloc's request to transfer the subpoena-related motion to this Court.

### CONCLUSION

Uniloc USA and Uniloc Licensing therefore respectfully request an order: (1) prohibiting Google from seeking to enforce its subpoenas on Uniloc USA and Uniloc Licensing; and (2) prohibiting Google from any further violations of the stays in the -548, -550, -551, -552, and -553 cases.

Date: March 3, 2020

/s/ James L. Etheridge
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**ATTORNEYS FOR UNILOC USA, INC. AND UNILOC LICENSING USA LLC**

### CERTIFICATE OF SERVICE

I certify that on March 3, 2020 the foregoing document was served upon all counsel of record by ECF.

*/s/ James Etheridge*
James Etheridge

### CERTIFICATE OF CONFERENCE

I conferred with Google on March 3, 2010. Google opposes this motion and refuses to withdraw its subpoenas or its motion to compel in Delaware.

*/s/ James Etheridge*
James Etheridge

### CERTIFICATE OF FILING UNDER SEAL

I certify that this is being filed under seal pursuant to the protective order in this case.

*/s/ James Etheridge*
James Etheridge

8