FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § § | Civil Action Nos.  2:18-cv-491, -492, -493, -496, -497, -499, -501, -503, -504 |
| Plaintiff | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § § | **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |
| Defendant. | § § § | |

**DEFENDANT GOOGLE LLC'S MOTION TO COMPEL DISCOVERY RESPONSES REGARDING LICENSING**

**I.     INTRODUCTION**

Defendant Google LLC ("Google") moves to compel Plaintiff Uniloc 2017 LLC ("Uniloc") to produce documents and respond to Google's interrogatory regarding Uniloc's licensing efforts and prior settlement agreements.

Seeking to avoid Court intervention, Google has repeatedly explained to Uniloc why Uniloc's responses to this interrogatory are deficient. Google has likewise detailed why Uniloc's document production of licenses and settlement agreements is inadequate, falling short of Uniloc's production obligations. In fact, Uniloc has produced ▌▌▌▌▌▌▌▌▌▌▌▌▌. Based on Uniloc's past litigation history, this cannot be the extent of Uniloc's agreements relating to the asserted patents in the above-captioned cases. For example, Uniloc previously asserted U.S. Patent No. 6,836,654 (asserted here in the 493 case), against Huawei in *Uniloc 2017, LLC et al. v. Huawei Technologies, Co., Ltd. et al.*, No. 2:18-cv-00509 (E.D. Tex.). That case was dismissed with prejudice based on parties' stipulated "agree[ment] to settle the . . . matter, and [the parties] therefore stipulate, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) to dismiss with prejudice all claims and counterclaims between the parties." Despite Google's numerous requests that Uniloc produce the resulting license and/or settlement agreement from at least that litigation, Uniloc categorically refuses to respond to Google's request, let alone produce the relevant documents. Similarly, although Uniloc supplemented its interrogatory response, the "supplemental" response remains deficient and suffers from the same defects as the original response.

The requested information is highly relevant and is necessary for Google to meaningfully prepare for upcoming depositions, expert discovery, and trial. As the Federal Circuit instructs, "[l]icense agreements can be pertinent to the calculation of a reasonable royalty. . . . Our cases appropriately recognize that settlement agreements can be pertinent to the issue of reasonable royalties." *In re MSTG, Inc.*, 675 F.3d 1337, 1339, 1348 (Fed. Cir. 2012). For the reasons set forth

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

below, Google respectfully requests that the Court compel Uniloc to provide full and complete responses to Google's interrogatory concerning Uniloc's licensing efforts and prior settlement agreements, and produce related documents.

## II. FACTUAL BACKGROUND

In July 2019, Google served its first set of interrogatories on Uniloc in all the above captioned cases. In July 2019, Google also sent Uniloc a letter identifying specific categories of documents that Uniloc was required to produce pursuant to Federal Rule of Civil Procedure 26, the Local Rules of the Eastern District of Texas, including Local Rule CV-26(d), and the terms of the Discovery Order and E-Discovery Order agreed to by the Parties. After obtaining an extension, in September 2019 Uniloc served its interrogatory responses and responded to Google's letter regarding document categories for production.

In November 2019, Google wrote to Uniloc and explained why Uniloc's interrogatory responses and document productions were deficient in all the above captioned cases. The parties met and conferred multiple times in December 2019 and January 2020, regarding Uniloc's interrogatory responses, and Uniloc agreed to substantively supplement its responses. Uniloc served supplemental interrogatory responses in January and February, 2020. Uniloc's supplemental responses failed to address the specific deficiencies previously raised by Google and instead maintained Uniloc's original objections, ███████████████████████████████. Nonetheless, Google once again identified the ongoing deficiencies in Uniloc's supplemental response in additional correspondence in February 2020. Most recently, Google wrote to Uniloc on February 18 and explained why Uniloc's production of relevant licenses and settlement documents was deficient. Despite Google's repeated efforts to meet and confer, Uniloc neither substantively responded to Google's disputes nor made itself available for the conference. The parties have reached an impasse.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### III. LEGAL STANDARD

The rules of discovery are "accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-TJW, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010). An interrogatory must "be answered separately and fully," Fed. R. Civ. P. 33(b)(3), and must provide "all relevant, discoverable information." *Stambler v. Amazon.com, Inc.*, No. 2:09-CV-310 (DF), 2011 WL 10538668, at *3–4 (E.D. Tex. May 23, 2011). A party cannot "decid[e] which interrogatories (or subparts) to answer and which to ignore." *Id.* at *4.

### IV. ARGUMENT

Google's interrogatory seeks fundamental discovery concerning any potential damages in this case, such as Uniloc's licensing efforts:

> Identify each offer made by Plaintiffs, their Predecessors-in-Interest, or any other Person to any Third Party Regarding the licensing or sale of the Asserted Patent or any Related Patent, whether individually or in combination with any other patents.[1]

Uniloc's January 24 supplemental response stated:

---

[1] Interrogatory No. 4 in the -491 case; Google propound substantially similarly worded Interrogatories in all above captioned cases. *See* Jones Decl. ¶ 2.

■■■

Google has also identified many categories of documents related to licensing, including:

- "All licenses or other agreements [Uniloc] has entered into . . . that relate to rights to the [asserted] Patent,"

- "All Documents Regarding any license . . . [to] the [asserted] Patent,"

- "All Documents Regarding any comparable licenses that would assist in determining a reasonable royalty applicable to the [asserted] Patent," and

- "All Documents Regarding Plaintiffs' licensing policies."[3]

Despite Uniloc having entered dozens of settlements in patent cases in this District alone, its production of licenses, settlement agreements, and related documents, ■■■ ■■■ do not constitute even a fraction of the documents that may be responsive to Google's outstanding discovery requests when viewed in the context of Uniloc's prior litigation and settlement history. Uniloc routinely enters settlement-related licenses, under which accused infringers pay a lump sum and receive a license to Uniloc's entire portfolio (including any later-acquired patents). For example, ■■■ ■■■ ■■■ ■■■. And Uniloc has not denied that additional licenses exist that it has not produced. ■■■ ■■■

---

[2] Uniloc's Supplemental Interrogatory response in all cases identified ■■■ ■■■. *See* Jones Decl. ¶ 4.

[3] Google's July 23, 2019 letter regarding Uniloc's disclosure obligations in the -491 case; Google propound substantially similarly worded categories of documents in all above captioned cases.

[4] In addition to ■■■ ■■■.

*See* Jones Decl. ¶5.

███████████████████████████, yet Uniloc refuses to provide any license or agreement despite Google's frequent requests. Google suspects, ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

There is no dispute that such documents are relevant and should be produced. Indeed, both this Court and the "Federal Circuit has repeatedly recognized the relevance of settlement agreements to the issue of reasonable royalties." *PerdiemCo, LLC v. Industrack LLC*, Nos. 2:15-cv-727-JRG-RSP, *et al.*, 2016 WL 6611488, at *4 (E.D. Tex. Nov. 9, 2016) (Payne, M.J.); *see also Allegran, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 132265, at *1 (E.D. Tex. Jan. 12, 2017) ("Courts have frequently ordered the production of such agreements . . . .") (collecting cases).

Such licenses and settlement agreements are particularly relevant because Uniloc does not practice the asserted patents—it merely licenses them. In such circumstances, this Court makes clear that licensing and settlement documents must be produced because "Plaintiff's business is to litigate and license," not to "openly compete with Defendants in the marketplace." *Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 430 (E.D. Tex. 2012) (Gilstrap, J.). Google therefore requests that the Court compel Uniloc to produce all documents responsive to the categories identified above and supplement its response to Google's interrogatory concerning Uniloc's licensing efforts and prior settlement agreements. *See, e.g.*, *Sol IP, LLC v. AT&T Mobility LLC*, Nos. 2:18-cv-00526-RWS-RSP, *et al.*, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020) (ordering patentee to respond to interrogatory requiring that it "identify and describe in detail all Agreements or offers to make an Agreement between [patentee] and/or any third party regarding any Patent-in-Suit, and for each Agreement or offer to make an Agreement, identify all related

facts and circumstances, including but not limited to: dates on which negotiations began and ended; all Persons involved with negotiations or the decision to negotiate . . .").

## V.   CONCLUSION

Google respectfully asks this Court to compel Uniloc to provide full and complete responses to Google's interrogatory regarding settlements and licensing agreements, and produce related documents.

DATED: March 11, 2020

Respectfully submitted,

*/s/ Michael C. Hendershot, with permission by Michael E. Jones*
  Michael C. Hendershot
  Tharan G. Lanier
  JONES DAY
  1755 Embarcadero Road
  Palo Alto, CA 94303
  Tel: (650) 739-3940
  Fax: (650) 739-3900
  mhendershot@jonesday.com
  tglanier@jonesday.com

  Tracy A. Stitt
  tastitt@jonesday.com
  JONES DAY
  51 Louisiana Avenue NW
  Washington, DC 20001
  Telephone: (202) 879-3641

  Sanjiv P. Laud
  JONES DAY
  90 South Seventh Street
  Suite 4950
  Minneapolis, MN 55402
  Telephone: (612) 217-8879
  slaud@jonesday.com

  John D. Kinton (Calif. State Bar No. 203250)
  JONES DAY

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

4655 Executive Drive
Suite 1500
San Diego, CA 92121
Telephone: 858.314.1190
Facsimile: 844.345.3178
Email: jkinton@jonesday.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-499**

*/s/ Robert Unikel, with permission by*
*Michael E. Jones*
  Robert Unikel
  Direct: 312-499-6030
  robertunikel@paulhastings.com
  Michelle Marek Figueiredo (IL Bar #6297112)
  michellemarek@paulhastings.com
  Matthew Richard Lind (IL Bar #6327241)
  mattlind@paulhastings.com
  John A. Cotiguala (IL Bar #6311056)
  johncotiguala@paulhastings.com
  PAUL HASTINGS LLP
  71 South Wacker Dr., 45th Floor
  Chicago, IL 60606
  Main: 312-499-6000
  Facsimile: (312) 499-6100

  Elizabeth Louise Brann (CA Bar #222873)
  elizabethbrann@paulhastings.com
  Ariell Nicole Bratton (CA Bar #317587)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-491**
**2:18-cv-492**
**2:18-cv-497**
**2:18-cv-501**

*/s/ Michael C. Hendershot, with permission by*
*Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

mhendershot@jonesday.com
tglanier@jonesday.com

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-493**

*/s/ Michael E. Berta, with permission
by Michael E. Jones*
Michael A. Berta
(California Bar No. 194650)
Michael.berta@arnoldporter.com
Arnold & Porter
10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

David Caine (California Bar No. 218074)
David.Caine@arnoldporter.com
Telephone: (650) 319-4710
Bonnie Phan (California Bar No. 305574)
Bonnie.Phan@arnoldporter.com

Telephone: (650) 319-4543
Michael Nguyen
michael.nguyen@arnoldporter.com
Tel: (650) 319-4718
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807

Nicholas Lee (California Bar No. 259588)
Nicholas.Lee@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4156

Nicholas Nyemah (DC Bar No. 1005926)
Nicholas.Nyemah@arnoldporter.com
Telephone: (202) 942-6681
Paul Margulies (DC Bar No. 1000297)
Paul.Margulies@arnoldporter.com
Telephone: (202) 942-6990
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Mark Samartino (Illinois No. 6313889)
Mark.Samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4321
Telephone: (312) 583-2437

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendant Google LLC**
**2:18-cv-496**
**2:18-cv-503**
**2:18-cv-504**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred multiple times in December 2019 and January 2020 in a good faith attempt to resolve the matters raised by this motion. Since February 2020, counsel for the Plaintiff neither substantively responded to counsel for the Defendant's requests to supplement its discovery responses related to this motion, nor made itself available for a conference regarding the same, despite counsel for Defendant's request to meet and confer. Thus, the parties have reached an impasse and leave an open issue for the Court to resolve.

          */s/ Michael E. Jones*
          Michael E. Jones

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on March 11, 2020.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on March 11, 2020.

          */s/ Michael E. Jones*
          Michael E. Jones

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

          */s/ Michael E. Jones*
          Michael E. Jones