FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action Nos. 2:18-cv-491, -492, -493,<br>-496, -497, -499, -501, -502, -503, -504, 548,<br>-550, -551, -552, -553-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO NON-PARTY MOTION FOR PROTECTIVE ORDER AND MOTION TO ENFORCE STAY**

# FILED UNDER SEAL

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Uniloc Licensing USA LLC ("Uniloc Licensing") and Uniloc USA, Inc. ("Uniloc USA," collectively, "Subpoenaed Entities") have failed to meet their burden for a protective order. Rather, the Subpoenaed Entities' Motion for Protective Order ("Motion") is nothing more than an attempt to circumvent compliance with Google's subpoenas. The Subpoenaed Entities have been on notice of Google's subpoenas since December but ignored them until the District of Delaware issued an order compelling Uniloc Licensing to comply. Google made clear to the courts in which it sought to enforce its subpoenas that it *only* sought to enforce the subpoenas in the non-stayed cases. Thus, Google respectfully requests that the Court deny the Subpoenaed Entities' Motion.

**I.      BACKGROUND**

Google initially attempted to serve the subpoenas on Uniloc Licensing and Uniloc USA on December 16, 2019 at their purported respective places of business in Newport Beach, California[1] and Plano, Texas.[2] That day, Google also emailed copies of the subpoenas to (1) counsel for Uniloc 2017,[3] which currently represents the Subpoenaed Entities, and (2) the law firm of Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP, which also represents Uniloc entities in other matters, and asked them to forward the subpoenas to counsel for the Subpoenaed Entities. After its process servers informed Google that no Uniloc entities resided at either location (Ex. 1), Google subsequently served Uniloc Licensing and Uniloc USA in Delaware on December 19 and December 23, respectively. Although the subpoena forms only identified Case No. 2:18-cv-553

---

[1] *See, e.g.*, *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00456, Dkt. 1, ¶ 2 (E.D. Tex.) (identifying Newport Beach, California as one of Uniloc Licensing's place of business).
[2] *See, e.g.*, *Uniloc 2017 LLC v. Google LLC*, Nos. 2:18-cv-00491–93, -496–97, -499, -501–04-JRG-RSP, Dkt. 1, ¶ 2 (E.D. Tex.) (identifying Plano, Texas as Uniloc USA's place of business).
[3] Counsel for Uniloc 2017 represented Uniloc USA in 13 of the litigations that Uniloc 2017 initiated against Google in the Eastern District of Texas ("Uniloc 2017-Google Litigations"). These cases include Case Nos. 2:18-cv-00491–93, -496–97, -499, -501–04, -548, -550–553-JRG-RSP (E.D. Tex.). The stay in Case Nos. 2:18-cv-00548, -550–553 was just lifted yesterday. Counsel for Uniloc 2017 also represented the Subpoenaed Entities in 10 of the litigations that Uniloc 2017 also initiated against Google about a month before initiating the Uniloc 2017-Google Litigations. *Uniloc 2017 LLC v. Google LLC*, Nos. 2:18-cv-448–52, -554–58-JRG (E.D. Tex.)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

("the -553 case"), the notice on these subpoenas listed *all* of the Uniloc 2017-Google Litigations, including the cases that were not stayed. Uniloc Licensing subpoenas required compliance by January 7, while the Uniloc USA subpoenas required compliance by January 28—weeks before the stay was instituted in the -548, -550 through -553 cases.[4] Google followed up with both law firms several times in January, but counsel for Uniloc 2017 informed Google on January 21 that it did not represent the Subpoenaed Entities and did not know who did. On January 29, Google informed both law firms that it intended to move to compel compliance with its subpoenas.

On February 13, before the Court issued its stay in Case Nos. 548, -550 through -553, out of an abundance of caution to ensure that all cases benefited from any discovery sought, Google reissued the subpoenas, formally listing all cases on the subpoena forms. In the notice, Google stated that while the prior subpoenas applied to all cases (as indicated in the original notice), it was reissuing the subpoenas to identify all cases. The deadline to comply with the re-issued document subpoenas was February 20, and the deadlines to comply with the re-issued deposition subpoenas was February 25 for Uniloc Licensing and February 27 for Uniloc USA. Google again served notice of these subpoenas on both law firms on February 13, asking them to forward the subpoenas to counsel for the Subpoenaed Entities. Again, neither firm responded.

On February 14, this Court issued a 30-day stay in Case Nos. 548, -550 through -553. (Dkt. No. 153.) On February 21, still having not heard from the Subpoenaed Parties on its subpoena, Google filed its motion to compel compliance with the Uniloc Licensing subpoena in the District of Delaware. Google's motion sought compliance only in the non-stayed cases, which it made

---

[4] The parties dispute whether service was properly effected on the Subpoenaed Entities in Delaware but counsel for Uniloc 2017 waited until February 7, after the dates of compliance had passed, to raise any issues with service despite having copies of the subpoena and proofs of service (evidencing that service was proper) since December.

clear in the first sentence of its motion: "In this ancillary action, [Google] moves for an order compelling [Uniloc Licensing] to comply, on an expedited basis, with Google's subpoenas seeking documents and testimony for use in Uniloc 2017 LLC v. Google LLC, Nos. 2:18-cv-00491–93, 496–97, 499, and 501–04,-JRG-RSP (E.D. Tex.)." *Google LLC v. Uniloc Licensing USA LLC*, No. 1:20-mc-65, D.I. 1 at 1.[5] The District of Delaware court granted Google's motion the next business day.[6] Only after the Delaware court issued its order[7] did the Subpoenaed Entities retain counsel—the same counsel that represents Uniloc 2017 and the same counsel that received notice of the subpoenas back in December.

On March 3, the parties met and conferred.[8] The Subpoenaed Entities refused to tender a witness separate from the depositions of Uniloc 2017, even though the depositions sought in Google's subpoenas were for separate third party entities. The Subpoenaed Entities and Uniloc 2017 also refused to provide Google with more than one day for each witness, despite insisting that the depositions cover both Rule 30(b)(6) topics for Uniloc 2017 in 15 cases and the subpoena topics for the Subpoenaed Entities, who are both third parties. Uniloc Licensing contends that ████████████████████████████████████████████████████████████████ as further support that Google does not need additional time, but Uniloc 2017 restricted that

---

[5] Google's sole footnote in this motion stated "[t]he cases *Uniloc 2017 LLC v. Google LLC*, Nos. 2:18-cv-548–553-JRG-RSP (E.D. Tex.), are currently subject to a 30-day stay. If and when this stay is lifted, documents and testimony obtained by Google's subpoenas would be used in these cases as well." *Uniloc Licensing*, D.I. 1 n.1.

[6] The Subpoenaed Entities attempt to cast the Delaware court's order as an *ex parte* order, but Google neither filed its motion nor communicated with the court in an *ex parte* manner.

[7] The Delaware court has since stayed its order pending resolution of the motion to protective order that Uniloc Licensing filed in Delaware, which has been fully briefed. *Uniloc Licensing*, D.I. 11.

[8] The Subpoenaed Entities did not satisfy the lead and local meet and confer requirement before filing this Motion under Patent Local Rule 7(h). No Google lead counsel participated in the meet and confer.

deposition to only Uniloc 2017 and ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ The Subpoenaed Entities further refused to produce emails, claiming that email discovery is not proportional, unduly burdensome, and governed by an ESI order,[9] and refused to provide a privilege log. Instead of complying, the Subpoenaed Entities filed a motion for protective order in the Eastern District of Texas.[10]

## II. UNILOC USA AND UNILOC LICENSING ARE KEY THIRD PARTIES WITH HIGHLY RELEVANT INFORMATION

The Subpoenaed Entities are both nonparties that are highly likely to have documents and information relevant to Google's claims and defenses regarding standing, venue, claim construction, infringement, invalidity, and damages, among others.[11] The Subpoenaed Entities are corporate affiliates of Uniloc 2017. The Subpoenaed Entities are part of a network of Uniloc-named entities whose interests in the asserted patents and in the litigations themselves have shifted alongside those entities' changing corporate and capital structures. (*See, e.g.*, -553 case, Dkt. 71 & 72.) ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌[12]

Uniloc 2017 has been playing shell games with discovery for third party entities, including

---

[9] The ESI Order entered in the Uniloc 2017-Google Litigations only applies to the parties in the Uniloc 2017-Google Litigations and not to third parties. *See, e.g.*, -491 case, Dkt. 75 (E.D. Tex. Aug. 12, 2019).

[10] Google also filed a motion to compel compliance on the Uniloc USA subpoena on March 6. *Google LLC v. Uniloc USA, Inc.*, No. 1:20-mc-00243-LY, Dkt. 4-2 (W.D. Tex.).

[11] Standing and venue are still live issues, as Google's motions to dismiss and to transfer are still pending before the Court in the Uniloc 2017-Google Litigations.

[12] ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

the Subpoenaed Entities. While Uniloc 2017 has only produced some documents and testimony related to the Subpoenaed Entities, it designated ▇▇▇▇▇▇ as its Rule 30(b)(6) witness but (1) objected to providing information related to Uniloc Licensing and Uniloc USA and (2) prepared him to testify only as to Uniloc 2017 at his first Rule 30(b)(6) deposition, despite Google's deposition notice that requested information on other Uniloc entities. After Uniloc 2017 objected to providing the requested information, the Subpoenaed Entities now claim that Google has already received or can obtain the subpoenaed information from Uniloc 2017. As Google explained to the Subpoenaed Entities multiple times, it is only seeking responsive, non-duplicative documents that would not otherwise be in Uniloc 2017's possession, custody, or control. ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, even though the document requests and topics to the Subpoenaed Entities may overlap with the ones propounded on Uniloc 2017, the scope and information sought are narrowed specific to the subpoena recipient.

### III. UNILOC USA AND UNILOC LICENSING HAVE BEEN ON NOTICE OF THE SUBPOENAS SINCE DECEMBER 16, 2019

There can be no dispute that Uniloc USA and Uniloc Licensing and its current counsel have been aware of Google's deposition and document subpoenas since December 16. The notice page of the subpoenas identified *all* of the Uniloc 2017–Google Litigations and Google emailed the notice, subpoenas, and proofs of service to counsel for Uniloc 2017 (who is also counsel for the Subpoenaed Entities). (*See supra*, § I.) There is no question that the Subpoenaed Entities and their counsel have been on notice of these subpoenas for months but chose to ignore them until

Google sought court intervention.[13]

In spite of the advance notice, the Subpoenaed Entities failed to timely serve objections to the subpoenas, which are waived. They served their objections on February 25, about one month past the last date of compliance for the first-served subpoenas and five days past the date of compliance for the second-served subpoenas.[14] Since "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served," Fed. R. Civ. P. 45(d)(2)(B), the Subpoenaed Entities waived their objections to the document subpoenas.[15] *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009).

## IV.  UNILOC USA AND UNILOC LICENSING HAVE NOT DEMONSTRATED ITS NEED FOR A PROTECTIVE ORDER

The Subpoenaed Entities have not met their burden "to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-cv-99, 2018 WL 5800769, at *2 (W.D. Tex. Feb. 13, 2018) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). The Subpoenaed Entities allege that Google's efforts to enforce compliance with its subpoenas constitutes harassment. (Mot. at 5-6.) But Google retained Quinn Emanuel Urquhart & Sullivan, LLP, who is also counsel for Google in the stayed -553 case, to

---

[13] The Subpoenaed Entities try to hide behind a clear and obvious typo in the December 16 subpoena forms, which only identified the -553 case and ignores the caption page that identified *all* cases. They do not dispute, however, that the document requests and the deposition topics have remained the same since December 16. The Subpoenaed Entities' argument that the December 16 subpoenas only applied to the stayed -553 case and not to the other cases is not credible.

[14] Contrary to the Subpoenaed Entities' allegations, Google's subpoenas were reasonable especially in light of Uniloc 2017's failure to provide the requested information. (D.I. 156 ("Mot.") at 7.)

[15] For deposition subpoenas, the appropriate relief was to file a motion to quash or a motion for protective order, as it is improper to file objections to deposition subpoenas under Rule 45. Even Uniloc Licensing's motion for protective order (*Uniloc Licensing*, D.I. 6) was filed *after* the date and time of compliance in Google's deposition subpoena.

enforce its subpoenas in all cases because the Subpoenaed Entities ignored the subpoenas *for months* and failed to comply.[16] The limited scope of Google's subpoenas do not establish the requisite good cause for a protective order (*see supra*, § II). *Kilmon*, 2018 WL 5800759, at *5.

The Subpoenaed Entities also raised conclusory assertions of undue burden, which are insufficient to support a protective order. They have not disputed the relevance of document requests and deposition topics in Google's subpoenas[17] or provided any particularized objections regarding the breadth of those requests and topics. *See, e.g.*, *id.* at *2; *Gaedeke Holdings VII, Ltd. v. Mills*, No. 3:15-mc-36-D-BN, 2015 WL 3539658, at *2 (N.D. Tex. June 5, 2015). For example, they complain about the time and expense to prepare responses and objections to Google's subpoenas[18] and resist Google's motion to compel (Mot. at 6-7), without any specificity.[19] *Gaedeke*, 2015 WL 3539658, at *2.

## V. CONCLUSION

Google respectfully requests that this Court deny the Subpoenaed Entities' Motion.

---

[16] The Quinn Emanuel attorneys have entered *pro hac vice* appearances in the Delaware case. Google's assertion to use the discovery in the stayed cases once the stay is lifted is not "pretext" but rather merely a matter of efficiency to prevent duplicative efforts by both parties.

[17] The Subpoenaed Entities' case, *Am. Fed'n of Musicians of the U.S. & Canda v. Skodam Films*, is distinguishable because unlike there, Google's document requests are directly related to the parties' claims and defenses, which the Subpoenaed Entities do not dispute. 313 F.R.D. 39, 54 (N.D. Tex. 2015). *Skodam* also required the subpoena recipient to produce ESI and comply with Rule 45(e)(2)(a), *i.e.*, to produce a privilege log of responsive, privileged materials, *id.* at 54, 55, which the Subpoenaed Entities have refused to produce.

[18] Notably, the Subpoenaed Entities repeated the same objections for each document request and deposition topic, highlighting the minimal attention it paid these discovery requests.

[19] The Subpoenaed Entities leverage Google's knowledge of the location of their physical documents and witnesses to allegedly show that Google's subpoenas are "facially overly burdensome." (Mot. at 7.) Google, however, does not control where the court of compliance is located for the Subpoenaed Entities and is willing to agree to the production of documents and deposition of witnesses at a convenient location for the Subpoenaed Entities as well as their witnesses to alleviate any burden. Google opposed Uniloc Licensing's request to transfer its motion for protective order because the Delaware court had already issued its order and efficiencies would be lost, not be gained, by transferring the motion to this District.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dated: March 17, 2020

Respectfully submitted by,

*/s/ Michael C. Hendershot, with permission by Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3641

Sanjiv P. Laud
JONES DAY
90 South Seventh Street
Suite 4950
Minneapolis, MN 55402
Telephone: (612) 217-8879
slaud@jonesday.com

John D. Kinton
JONES DAY
4655 Executive Drive
Suite 1500
San Diego, CA 92121
Telephone: 858.314.1190
Facsimile: 844.345.3178
Email: jkinton@jonesday.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374

8

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-499; 2:18-cv-552**


*/s/ Robert Unikel, with permission by
Michael E. Jones*
Robert Unikel
robertunikel@paulhastings.com
Michelle Marek Figueiredo
michellemarek@paulhastings.com
Matthew Richard Lind
mattlind@paulhastings.com
John A. Cotiguala
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Main: 312-499-6000
Facsimile: (312) 499-6100

Elizabeth Louise Brann
elizabethbrann@paulhastings.com
Ariell Nicole Bratton
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
 Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Christopher W. Kennerly
PAUL HASTINGS LLP
1117 South California Avenue
Palo Alto, CA 94304
Tel: 650-320-1800
Fax: 650-320-1900
chriskennerly@paulhastings.com

Grant N. Margeson
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
Tel: 415-856-7000
Fax: 415-856-7100
grantmargeson@paulhastings.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-491; 2:18-cv-492; 2:18-cv-497; 2:18-cv-501; 2:18-cv-550; 2:18-cv-551**

*/s/ Michael C. Hendershot, with permission by Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900

mhendershot@jonesday.com
tglanier@jonesday.com

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-493**


*/s/ Michael A. Berta, with permission by
Michael E. Jones*
Michael A. Berta
Michael.berta@arnoldporter.com
Arnold & Porter, 10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

David Caine
David.Caine@arnoldporter.com
Telephone: (650) 319-4710
Bonnie Phan
Bonnie.Phan@arnoldporter.com
Telephone: (650) 319-4543
Michael Nguyen

michael.nguyen@arnoldporter.com
Telephone: (650) 319-4718
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807

Nicholas Lee
Nicholas.Lee@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4156

Nicholas Nyemah
Nicholas.Nyemah@arnoldporter.com
Telephone: (202) 942-6681
Paul Margulies
Paul.Margulies@arnoldporter.com
Telephone: (202) 942-6990
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Mark Samartino
Mark.Samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4321
Telephone: (312) 583-2437

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311

12

Fax: (903) 593-0846

**Attorneys for Defendant Google LLC**
**2:18-cv-496; 2:18-cv-503; 2:18-cv-504; 2:18-cv-548**


/s/ *Joseph Drayton, with permission by Michael E. Jones*
Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel:  212-479-6275
Fax:  212-479-6275
Email:  jdrayton@cooley.com

Priya B. Viswanath
CA Bar No. 238089
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Tel:  650-843-5000
Fax:  650-849-7400
Email:  pviswanath@cooley.com

Rose S. Whelan
DC Bar No. 999367
Elizabeth Cannon Shrieves
VA Bar No. 93768
Naina Soni
DC Bar No. 888219022
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington DC  20004-2400
Tel:  202-842-7800
Fax:  202-842-7899
Email:  rwhelan@cooley.com
Email: eshrieves@cooley.com
Email: nsoni@cooley.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-502**

*/s/ David Perlson, with permission by*
*Michael E. Jones*
David Perlson
davidperlson@quinnemanuel.com
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Jonathan Tse
 jonathantse@quinnemanuel.com
David Doak
daviddoak@quinnemanuel.com
Antonio Sistos
antoniosistos@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6344
Fax: 415-875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900 20005
Washington, D.C. 20005-4107
Tel: 202-538-8107
Fax:  202-538-8100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Earl Glenn Thames, Jr.
State Bar No.00785097

14

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel:  212-479-6275
Fax:  212-479-6275
Email:  jdrayton@cooley.com

**Attorneys for Defendants Google LLC
2:18-cv-553**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on March 17, 2020. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on March 17, 2020.

*/s/ Michael E. Jones*
Michael E. Jones

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting declaration and exhibits thereto are being filed under seal pursuant to the terms of the Protective Order in the above-captioned cases.

*/s/ Michael E. Jones*
Michael E. Jones